## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN T. PICKERING-GEORGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Civil Action No. 07-0899 (RJL)** |
| | ) |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS** | ) |
| **AND EXPLOSIVES,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## <u>DEFENDANTS' MOTION TO DISMISS COMPLAINT</u>

Plaintiff, John T. Pickering-George, proceeding *pro se*, has filed suit against the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or "Bureau"), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging that ATF has violated his constitutional rights, including his rights under the First, Fifth and Fourteenth Amendments, by failing to act within 90 days on his petition for "gun restoration privileges," otherwise known as relief from disabilities under the federal firearms laws. Plaintiff seeks a trial by jury and $50,000 damages.

Defendant hereby moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to dismiss this action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff has failed to submit a proper request under the FOIA, and has failed to exhaust his administrative remedies. Further, ATF has no duty to act and is in fact precluded from acting, under the current appropriations restriction, on Plaintiff's purported petition for federal firearms relief. *See United States v. Bean*, 537 U.S. 71 (2002)(finding that ATF's inaction in these matters does not constitute a "denial" and as such the matter is not subject to judicial review). Therefore, Plaintiff's Complaint must be dismissed.

*Pro se* Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits may be accepted by the Court as true unless the Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein.  *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992).  Furthermore, should this Court treat Defendant's Motion to Dismiss as a motion for summary judgment, because of the attached exhibits, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) ( *pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

In support of this Motion, the Court is referred to the (1) accompanying Memorandum of

Points and Authorities; (2) Statement of Material Facts As to Which There is No Genuine Issue;

(3) supporting Exhibits, and (4) proposed Order attached hereto.

Respectfully submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, NW
Washington, D.C. 20530

Of Counsel:
Shelley Vanneman, Esq.
Office of the Chief Counsel
Bureau of Alcohol, Tobacco, Firearms and Explosives
U.S. Department of Justice
Washington, DC 20226

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**JOHN T. PICKERING-GEORGE,**                )
                                             )
                              Plaintiff,     )
                    v.                       )     Civil Action No. 07-0899 (RJL)
                                             )
**BUREAU OF ALCOHOL, TOBACCO, FIREARMS**     )
**AND EXPLOSIVES,**                          )
                                             )
                              Defendant.     )
_____  )

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Defendant, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or "Bureau"), respectfully submits this statement of material facts as to which there are no genuine disputes in accordance with this Court's Local Rule 7(h). The declarations of the following officials support this statement:

1.    Averill P. Graham, Acting Chief, Firearms Enforcement Branch, of the Firearms Programs Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, oversees the Firearms Enforcement Branch, which is responsible for maintaining the original files of petitions for relief from Federal firearms disabilities. *See* Graham Decl., ¶ 1.

2.    All such petitions filed with ATF, either at Headquarters or at regional offices, are required to be directed to the Firearms Enforcement Branch, whereby they are stamped with the date of receipt. *Id.* ¶ 3.

3.    Mr. Graham caused the records under his control to be searched and found that ATF has a record indicating that it received a petition for relief from Federal firearms disabilities

from, or on behalf of, Mr. John T. Pickering-George or John R. Daley, Jr., ("Plaintiff") on
October 26, 2006. *Id.* ¶ 6.

4.      However, ATF does not have the original record of Plaintiff's petition for relief
that apparently was filed with ATF. *Id.*   In addition, ATF does not have a record of sending any
response to the Plaintiff in this matter. *Id.*

5.      On June 18, 2007, Plaintiff filed "Exhibit A" with the Court, the alleged petition
for relief that was submitted to ATF. *See* Defendant's Exhibit 1.

6.      ATF subsequently wrote a letter to Plaintiff, on June 28, 2007. *See* Declaration of
Phillip A. Awe and attached Exhibit 2, Letter to John Pickering.

7.      The letter indicated that, while ATF is responsible for enforcing the Gun Control
Act (GCA) of 1968, ATF is currently prohibited from expending any funds to investigate or act
upon applications for relief from Federal firearms disabilities for individuals. *Id.*   ¶¶ 3, 5.

8.      The letter referred Plaintiff to Pub. L. No. 109-108, as extended by Pub. L. No.
110-5, and stated that as long as the provision is in effect, the Bureau cannot act upon
applications submitted by individuals. *Id.*  ¶ 5.

9.      The letter also informed Plaintiff that, without specific knowledge of the details
concerning Plaintiff's prohibition, ATF is unable to provide more specific information at this
time. *Id.* ¶ 6.

2

10.     Finally, the letter referred Plaintiff to the State Attorney General's Office located

in the State where Plaintiff's conviction occurred, to determine whether State relief is available if

Plaintiff's prohibition is due to a State conviction for an offense punishable by imprisonment for

more than a year.  *Id.*

Respectfully  submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, NW
Washington, D.C. 20530

Of Counsel:
Shelley Vanneman, Esq.
Office of the Chief Counsel
Bureau of Alcohol, Tobacco, Firearms and Explosives
U.S. Department of Justice
Washington, DC

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN T. PICKERING-GEORGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Civil Action No. 07-0899 (RJL)** |
| | ) |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS** | ) |
| **AND EXPLOSIVES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT**

Plaintiff, John T. Pickering-George, proceeding *pro se*, has filed suit against the Bureau

of Alcohol, Tobacco, Firearms and Explosives ("ATF" or "Bureau"), pursuant to 5 U.S.C. § 552,

alleging that ATF has violated his Constitutional rights, including his rights under the First, Fifth

and Fourteenth Amendments, by failing to act within 90 days on his petition for "gun restoration

privileges," otherwise known as relief from disabilities under the federal firearms laws.  Plaintiff

seeks a trial by jury and $50,000 damages.

Defendant hereby moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to dismiss this

action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be

granted.  Plaintiff has failed to submit a proper request under the FOIA, and has failed to exhaust

his administrative remedies.  Further, ATF  has no "duty" to act, and in fact is precluded from

acting, on Plaintiff's purported petition for Federal firearms relief under the current

appropriations restriction. *See United States v. Bean*, 537 U.S. 71 (2002)(finding that ATF's

inaction in these matters does not constitute a "denial" and as such the matter is not subject to

judicial review).

## BACKGROUND

On May 14, 2007, Plaintiff filed this Complaint under the FOIA, alleging ATF has failed to act on his petition for relief from firearms disabilities. *See* Complaint generally, Dkt. Entry 1. Though ATF's records indicate that Plaintiff filed a petition for relief from Federal firearms disabilities with the ATF on October 26, 2006, ATF has searched its records and is unable to locate either a copy of Plaintiff's petition or a response to the petition by ATF. *See* Decl. of Averill P. Graham, ¶ 6. On June 18, 2007, Plaintiff filed as "Exhibit A" the alleged petition for relief that was submitted to ATF. *See* Defendant's Exhibit 1. In response, ATF wrote a letter to Plaintiff, mailed on June 28, 2007. *See* Declaration of Phillip A. Awe and attached Exhibit 2, Letter to John Pickering. The letter indicated that, while ATF is responsible for enforcing the Gun Control Act of 1968 ("GCA"), ATF is currently prohibited from expending any funds to investigate or act upon applications for relief from Federal firearms disabilities for individuals. *Id.* The letter referred Plaintiff to Pub. L. No. 109-108, as extended by Pub. L. No. 110-5, and informed Plaintiff that as long as the provision is in effect, the ATF cannot act upon applications submitted by individuals. *Id.* The letter further informed Plaintiff that, without specific knowledge of the details concerning Plaintiff's prohibition, ATF is unable to provide more specific information at this time. *Id.* Finally, the letter referred Plaintiff to the individual State Attorney General's Office in the State where Plaintiff's conviction occurred, to determine if State relief is available to Plaintiff. *Id.* In the event Plaintiff's prohibition is due to a State conviction for an offense punishable by imprisonment for more than a year, the State Attorney Generals's Office would provide an appropriate avenue for relief *Id.*

2

## STANDARD OF REVIEW

### A.    Lack of Subject Matter Jurisdiction

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *District of Columbia Ret. Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987).  In considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material factual allegations in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987).  A court may also consider materials outside the pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case. *Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *Borg-Warner Protective Servs. Corp. v. EEOC*, 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

### B.    Failure to State a Claim

Under Rule 12(b)(6), the Court is to treat a complaint's factual allegations as true, *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), and must grant a plaintiff  "the benefit of all inferences that can be derived from the facts alleged," *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.1979).  However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." *Akintomide v. United States*, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing *National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and

*Kowal v. MCI Communication Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  As the Supreme

Court recently clarified in *Bell Atlantic Corp. v. Twombly*,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"
> requires more than labels and conclusions . . . . [f]actual allegations must be
> enough to raise a right to relief above the speculative level on the assumption that
> all of the complaint's allegations are true . . . .

127 S. Ct. 1955, 1959 (U.S. May 21, 2007) (NO. 05-1126).  In deciding the motion, the court

may consider additional evidence.  *See Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D.

Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the

complaint to matters of public record including court files, records and letters of official actions

or decisions of government agencies and administrative bodies, documents referenced and

incorporated in the complaint and documents referenced in the complaint or essential to a

plaintiff's claim which are attached to a defendant's motion.").

A motion to dismiss is also a proper procedural vehicle for adjudicating a plaintiff's

failure to exhaust its administrative remedies.  *See e.g. Hamilton Securities Group, Inc. v. U.S.

Dep't Housing Urban Dev.,*106 F. Supp. 2d. 23 (D.D.C. 2000) (matter dismissed for lack of

subject matter jurisdiction under Rule 12(b)(1) because Plaintiff failed to exhaust administrative

remedies under FOIA); *Hildalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258 (D.C. Cir.

2003)(where plaintiff failed to exhaust administrative remedies, matter remanded to district court

to dismiss complaint under Rule 12(b)(6)).  When a FOIA plaintiff attempts to obtain judicial

review without first properly undertaking full and timely administrative exhaustion, the lawsuit is

subject to ready dismissal because "exhaustion of administrative remedies is a mandatory

prerequisite to a lawsuit under FOIA." *Wilbur v. CIA* 355 F.3d 675, 676 (D.C. Cir. 2004) (per

curiam)(citing *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61-64, 65 n.9 (D.C. Cir. 1990).

### C.     The Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if there is

"no genuine issue as to any material fact and if the moving party is entitled to judgment as a

matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 330 (1986).  In deciding on a summary judgment motion, the fact-finder

must draw inferences from the record in the light most favorable to the non-moving party.

*Anderson,* 477 U.S. at 255; *Celotex Corp.*, 477 U.S. at 330.

There is no genuine issue of material fact if the relevant evidence, taken as a whole,

indicates that a reasonable fact-finder could not return a verdict for the non-moving party.

*Anderson,* 477 U.S. at 248; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587

(1986).  Mere allegations or denials in the non-moving parties' pleadings are insufficient to

defeat an otherwise proper motion for summary judgment.  *Matsushita*, 475 U.S. at 586.  Where

the evidence is merely colorable or is not significantly probative, summary judgment may be

granted.  *Anderson*, 477 U.S. at 249-50; *see also Aka v. Washington Hospital Center*, 156 F.3d

1284, 1294 (D.C. Cir. 1998).  Where the factual context renders his position implausible, the

party opposing summary judgment must come forward with strong persuasive evidence to defeat

it.  *Matsushita*, 475 U.S. at 587.

The summary judgment standards set forth above also apply to FOIA cases, which are

typically decided on motions for summary judgment.  *See Cappabianca v. Comm'r, U.S.*

*Customs Serv.*, 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly

identified, FOIA cases should be handled on motions for summary judgment") (*citing Miscavige v. U.S. Internal Revenue Serv.*, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. U.S. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).  When the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. *Perry v. Block*, 684 F.2d 121 (D.C. Cir. 1982).

## APPLICABLE LAW

Pursuant to 18 U.S.C. § 922(g), (n), it is unlawful for certain categories of persons to receive or possess any firearm which has been shipped or transported in or affecting interstate or foreign commerce.  Specifically, the statute provides:

(g) It shall be unlawful for any person—
    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
    (2) who is a fugitive from justice;
    (3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));
    (4) who has been adjudicated as a mental defective or who has been committed to a mental institution;
    (5) who, being an alien—
        (A) is illegally or unlawfully in the United States; or
        (B) except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101 (a)(26)));

6

(6) who has been discharged from the Armed Forces under dishonorable conditions;

(7) who, having been a citizen of the United States, has renounced his citizenship;

(8) who is subject to a court order that—

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
> ©     (I) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or

(9) who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

     *      *      *

(n) It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g), (n).  Under the statute, relief "may" be granted if it is established to the satisfaction of the Attorney General or his delegate

> that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of such relief is not contrary to the public interest.

*Id.*  Ordinarily, as ATF is the Attorney General's exclusive delegate of the authority to conduct

such investigations and grant such relief, petitioners such as Plaintiff would have  standing to

petition the ATF to be relieved of these disabilities.  *See* 18 U.S.C. § 925(c).  Further, any person

whose petition for relief had been denied by the ATF would be entitled to seek judicial review in

district court under the Administrative Procedures Act's "arbitrary and capricious" standard set

forth in 5 U.S.C. § 701(a), 706(2)(A).  *Id.  See also* 27 C.F.R. § 478.144.

Since 1992, however, Congress has, through an appropriations restriction, barred ATF

from investigating or otherwise acting on individual applications or petitions submitted by

individuals for relief from federal firearms disabilities.  *See* Pub. L. No. 109-108, *extended by*

Pub. L. No. 110-5.[1]  This appropriation restriction has, for over fifteen years, been part of the

appropriation of funds to ATF and the clear language and intent of the restriction is to  preclude

any investigation of or action on individual firearms relief applications and essentially suspend

individual firearms relief entirely.  Notably, the Supreme Court has held that ATF's "inaction" on

a petition for relief, as mandated by the appropriations restriction, does not constitute a "denial"

subject to judicial review.  *See United States v. Bean, supra; see also Black v.* Snow, 272 F.Supp.

2d 21, 35 (D.D.C. 2003)(finding no violation of constitutional due process rights in Congress'

decision "which keeps firearms out of the hands of all convicted felons"); *Mullis v. U.S.*, 230

F.3d 215 (6th Cir. 2000)(district court lacked subject matter jurisdiction to consider the petition);

*U.S. v. Oakes*, 238 F.3d 425 (6th Cir. 2000)("this Court followed other Circuits holding that

Congress has prohibited the [ATF] from expending funds to process applications for the removal

of firearms disabilities and hence that neither the ATF nor a district court has jurisdiction now to

---

[1]         ATF Fiscal Year 2007 Appropriations.

8

consider a petition for restoration of firearm rights under 18 U.S.C. § 1925(c) "); *Saccacio v. Bureau of Alcohol, Tobacco & Firearms*, 211 F.3d 102 (4th Cir. 2000) (no subject matter jurisdiction to review ATF inaction on application for relief from firearms disabilities);*Palma v. U.S. Dept. Of Alcohol, Tobacco and Firearms*, 228 F. 3d 323 (3rd Cir. 2000)(remanding with instructions to dismiss the petition).

## ARGUMENT

## I.    THE DOCTRINE OF SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE ATF.

It is fundamental, under the doctrine of sovereign immunity, that the United States cannot be sued without its consent. *United States v. Testan*, 424 U.S. 392 (1976)("except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction...to entertain suits against the United States'")(quoting *Sherwood*); *United States v. Sherwood*, 312 U.S. 584 (1941)(the United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit."); *Settles v. United States Parole Commission*, 429 F.3d 1098, 1106 (D.C. Cir. 2005)(sovereign immunity blocks a §1983 claim against the U.S. Parole Commission); *Skwira v. United States*, 344 F.3d 64, 72 (1st Cir. 2003); *Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999); *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). Thus, sovereign immunity protects the United States from liability and also deprives a court of subject-matter jurisdiction over claims against the United States. *Richards*, 176 F.3d at 654. Any governmental waiver of sovereign immunity must be unequivocal, e.g., *Franconia Assocs. v. United States*, 536 U.S. 129, 141 (2002); *United States v. Mitchell*, 445 U.S. 535, 538 (1980), and such waivers are strictly

construed, *e.g., Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Williams*, 514 U.S. 527,

531 (1995). Where the federal government waives its immunity from suit, "limitations and

conditions upon which the Government consents to be sued must be strictly observed, and

exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981).

Such waivers are construed strictly in favor of the sovereign. *Library of Congress v. Shaw*, 478

U.S. 310, 318 (1986).

## II.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE ATF UNDER 18 U.S.C. § 922.

As discussed above, Congress has unambiguously foreclosed the processing of individual

firearms relief applications.  Because judicial review of the ATF's inaction on Plaintiff's petition

under 18 U.S.C. § 925(c) is precluded until such time that the appropriations restriction may be

lifted,  ATF has no discretion at this time to grant Plaintiff's petition.  Further, this Court lacks

jurisdiction over ATF's "inaction" as it does not constitute a "denial" subject to judicial review.

Even if ATF had discretion to review the petition that Plaintiff provided as "Exhibit A,"

however, Plaintiff's petition would fail as it does not even meet the basic documentation

requirements of 27 C.F.R. §144(b) and (c).  *See* Defendant's Exhibit 1.  Specifically, section

144(b) provides that an application be filed in triplicate, and that it include, *inter alia*, written

statements from three separate references, and written consent to examine and obtain copies of

relevant records regarding the applicant's background, including employment, medical and

criminal records and indictments.  *See* 27 C.F.R. § 1 144(c)(1)-(2).  Further, if Plaintiff's alleged

Federal firearms disability was due to a conviction for a crime punishable by imprisonment

exceeding one year, Plaintiff is required to provide a copy of the indictment or information on

10

which he was convicted, and the judgment of conviction or record of any plea of *nolo contendere* or plea of guilty or finding of guilt by the court. *See* 18 U.S.C.§ 144 (c)(4). Thus, Plaintiff's petition would fail for lack of the required supporting documentation, in any event.

## III.    PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FOIA.

The FOIA generally provides that any person has a right, enforceable in court, of access to federal agency records, except to the extent that such records (or portions thereof) are protected from mandatory disclosure by one of nine exemptions. *See* 5 U.S.C. § 552(b). Further, federal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." *Carbe v. BATF*, No. 03-1658, 2004 WL 2051359, at * 8 (D.D.C. Aug. 12, 2004). "Without any showing that the agency received the request, the agency has no obligation to respond to it." *Hutchins v. Dep't of Justice*, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005). *Thomas v. FAA*, Civil Action No. 05-2391, 2007 WL 219988, *3 -4 (D.D.C. Jan. 25, 2007); *cf. Pollack v. Dep't of Justice*, 49 F.3d at 117 n.1 ("Pollack's Privacy Act claim was not properly before the district court because Pollack did not first exhaust administrative remedies provided under the Privacy Act").

### A.    Plaintiff's Request Was Not Styled As a Request For Records Under the FOIA.

Further, the FOIA expressly provides that its disclosure requirements only apply "upon any request for records which . . . is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed . . . ." 5 U.S.C. § 552(a)(3)(A) (emphasis

11

added). Therefore, Plaintiff's failure to make a proper request under FOIA is sufficient basis to

dismiss any claims based on such claims. *See Church of Scientology*, 792 F.2d at 150 ("In view

of the statutory command that requests be made in accordance with published rules," court finds

"no merit in [requester's] contention that the [agency's] failure to inform it earlier that [its]

request . . . was misdirected should have led the District Court to require a search" of additional

offices); *Flowers v. I.R.S.*, 307 F. Supp. 2d 60, 67-68 (D.D.C. 2004) ("plaintiff's failure to file a

request that comports with agency FOIA regulations constitutes failure to exhaust administrative

remedies") (citing cases); *Dale v. I.R.S.*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) ("An agency's

obligations commence upon receipt of a valid request; failure to file a perfected request therefore

constitutes failure to exhaust administrative remedies.") (citing cases); *Leytman v. New York*

*Stock Exchange*, No. 95-902, 1995 WL 761843, at *2 (E.D.N.Y. Dec. 6, 1995) (failure to allege

requests sent to address specified in agency's FOIA regulations basis for dismissal). *Cf. Brumley*

*v. United States Dep't of Labor*, 767 F.2d 444, 445 (8 Cir. 1 th 985) (determining that agency

complied with "FOIA's response time provisions" after advising plaintiff that routing of his

request to appropriate office within agency would result in short delay "before the ten working

day response period would begin running"); *Blackwell v. EEOC*, No. 2:98-38, 1999 U.S. Dist.

LEXIS 3708, at *6 (E.D.N.C. Feb. 12, 1999) ("The time period for responding to a FOIA request

. . . does not begin to run until the request is received by the appropriate office and officer in the

agency, as set forth in the agency's published regulations.")

 While Plaintiff did not attach a copy of his alleged request to the Complaint, Plaintiff's

Complaint characterizes his alleged FOIA request as a request

. . . 'UNDER COLOR OF LAW', 5 U.S.C.A § 552(A)(4)(E) (FOIA) FREEDOM OF INFORMATION ACT, PLAINTIFF-PETITIONER '<u>DID NOT</u>' RECEIVE ANY RESPONSE, (<u>90 DAYS</u>) AFTER 'FILING' [A] PETITION TO (ATF) FOR GUN RESTORATION PRIVILEGES, 5 U.S. A. § 552(A)(4)(E) (FOIA) FREEDOM OF INFORMATION ACT. ., NEVER RECEIVED ANY '<u>RESPONSE</u>, <u>STATUS</u>' . . . PRO SE PLAINTIFF-PETITIONER <u>MOTIONS</u> FOR <u>ATTORNEY</u> <u>FEES</u> FOR FAILURE TO RESPOND. FOR THE SUM OF $<u>50,000</u>. FIFTY THOUSAND DOLLARS,

Compl. at 3, ¶ 2.

In this case, Plaintiff appears to misunderstand the purpose of the FOIA, and the remedies available to him under the FOIA. Namely, the primary purpose of a FOIA lawsuit is to gain access to, and obtain copies of, agency records. Plaintiff does not even appear to have made a proper FOIA request because he does not allege that he requested agency records. *See* Complaint, generally. Instead, Plaintiff alleges that the ATF has failed to act on Plaintiff's petition for relief from firearms disabilities. *Id.* This is not a proper request for relief under the FOIA.

Additionally, Defendant's records indicate that the ATF has not received a FOIA request from Plaintiff. Graham Decl.¶ 6. According to Averill Graham, Chief, Disclosure Division, ATF, any correspondence in which a petitioner requests records pertaining to himself or herself would have been received by Mr. Graham, as Chief of the Disclosure Division. Decl. of Graham ¶ 5. Every request received by the Disclosure Division over the last five years is identified in the database. *Id.* ¶ 6. A complete search of the Disclosure Division FOIA databases revealed no requests by Plaintiff. *Id.*

B.       **Plaintiff Failed To File An Administrative Appeal.**

The Department of Justice regulations require that requesters who receive adverse determinations under the FOIA file an administrative appeal with the Department's Office of Information and Privacy ("OIP") prior to obtaining judicial review.   28 C.F.R. § 16.9(c); *see Wilber v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (finding that the "'district court correctly observed that exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA,' which 'means that a requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response'").   ATF's Disclosure Division conducted a search of the Disclosure Division FOIA databases and found no record of an administrative appeal from Plaintiff.  *See* Declaration of Averill Graham ¶ 6.  Thus, Plaintiff failed to exhaust his administrative remedies by not filing a proper request and not appealing his purported constructive "denial" as required under 28 C.F.R. § 16.9(c).

FOIA requests are intended to be handled administratively, in the first instance, not in District Court.  This goal would be thwarted if a FOIA requester could bypass the administrative process and litigate a FOIA request without first giving the agency an opportunity to address and resolve that request.  To further this goal, the law provides that a FOIA plaintiff's failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction over the unexhausted claims.  *See Oglesby*, 920 F.2d at 61-62.  Indeed, "[a] plaintiff's FOIA lawsuit is subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust all administrative remedies."  *Trueblood v. U.S. Dep't of the Treasury*, 943 F. Supp. 64, 67 (D.D.C. 1996); *accord Dettmann v. U.S. Dep't of Justice,* 802 F.2d 1472, 1477 (D.C. Cir. 1986); *Center to Prevent*

*Handgun Violence v. U.S. Dep't of the Treasury*, 981 F. Supp. 20, 23 (D.D.C. 1997); *Crooker v. U.S. Secret Serv.*, 577 F. Supp. 1218, 1219 (D.D.C. 1983). Other courts have held that when a FOIA plaintiff fails to exhaust administrative remedies, his lawsuit is subject to dismissal for failure to state a claim. *See Sweetland v. Walters*, 60 F.2d 852, 855 (D.C. Cir. 1995)*(per curiam)*(because defendant is not an agency for FOIA purposes, dismissal for failure to state a claim upon which relief could be granted was proper). Regardless of the stated basis for dismissal, when a FOIA plaintiff attempts to seek judicial review before an agency has had an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision, the complaint should be dismissed for failure to exhaust administrative remedies. *See e.g. Judicial Watch, Inc.  v. Fed. Bureau of Investigation*, 190 F. Supp. 2d 29, 32 (D.D.C. 2002)(citing *Oglesby*, 920 F.2d at 61-62).

### C.    Plaintiff's Constitutional Claim Must Be Dismissed.

Because Defendant has not provided Plaintiff with the relief he seeks, Plaintiff claims that the Defendant's actions are unconstitutional and deprive him of due process under the FOIA. *See* Complaint at 3, ¶ 1. FOIA is the comprehensive scheme provided to address all issues associated with release of documents. *Johnson v. Executive Office for United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002). Thus, Plaintiff's pursuit of a FOIA claim under the constitution is inappropriate.[2] *See Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C. Cir. 1988) (*en banc*) (no *Bivens*

---

[2]    *See also Thomas v. Federal Aviation Admin.*, No. 05-2391, 2007 WL 219988, *3 (D.D.C. Jan. 25, 2007) (dismissing agency heads as defendants because "[t]he only proper defendant in a FOIA case is a federal agency") (*citing Jefferson v. Reno*, 123 F. Supp. 2d 1, 3 (D.D.C. 2000); *Whittle v. Moschella*, 756 F. Supp. 589, 596 (D.D.C. 1991); *Leinenbach v. U.S. Dep't of Justice*, No. 05-744, 2006 WL 1663506, at *4 (D.D.C. June 14, 2006); *Stone v. Defense Investigative Serv.*, 816 F. Supp. 782, 785 (D.D.C. 1993)).

15

remedy available if a statute provides a "comprehensive system to administer public rights");

*Armstrong v. Bureau of Prisons*, 976 F. Supp 17, 23 (D.D.C. 1987), *aff'd* 1998 WL 65543 (D.C.

Cir. Jan. 30 1988) (Privacy Act does not allow civil action for damages against individuals);

*Griffin v. Ashcroft*, No. 02-5399, 2003 WL 22097940, *1-*2 (D.C. Cir. Sept. 3, 2003) (affirming

dismissal of constitutional claims because "they are encompassed within the remedial scheme of

the Privacy Act").  *Cf. Bush v. Lucas*, 462 U.S. 367, 368 (1983) (courts should not fashion

independent *Bivens* remedy for alleged constitutional violations where Civil Service Reform Act

provides a comprehensive statutory scheme for such claims).

## IV.    PLAINTIFF IS NOT ENTITLED TO MONETARY DAMAGES.

To the extent that Plaintiff's claims could be construed to request monetary damages from

Defendant, those claims must be dismissed absent a waiver of sovereign immunity.  *Meyer v.

Reno*,  911 F.Supp. 11 (D. D.C. 1996); *Marshall v. Reno*,  915 F.Supp. 426 (D. D.C. 1996);

*Deutsch v. U.S. Dep't of Justice*, 881 F.Supp. 49, 55 (D. D.C. 1995).  The inherent sovereign

immunity of the United States protects it and its agencies from suit absent express waiver.  *See

United States v. Nordic Village*, 503 U.S. 30 (1992).  The FOIA does not provide a damages

remedy and Plaintiff's Complaint does not contain any other colorable basis for such a waiver.

Therefore, Plaintiff's claims for damages must be dismissed  for lack of subject matter

jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).

## V.    PLAINTIFF'S REQUESTS FOR FEES AND COSTS FAIL.

Section 552(a)(4)(E) of the FOIA provides that a court "may assess against the United States

reasonable attorney fees and other litigation costs reasonably incurred in any case under this section

in which the complainant has substantially prevailed."  Plaintiff is entitled to neither attorney fees

or litigation costs because he has not "substantially prevailed" within the meaning of the statute. In *Oil, Chemical And Atomic Workers Int'l Union v. Department of Energy*, 288 F.3d 452 (D.C. Cir. 2002), the Court of Appeals held that the Supreme Court's recent opinion in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 121 S.Ct. 1835 (2001) – rejecting the "catalyst" theory for determining whether a party has "prevailed" for purposes of fee-shifting statutes -- applies in the FOIA context. Specifically, the Court of Appeals held that "in order for plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have 'been awarded some relief by [a] court,' **either in a judgment on the merits or in a court-ordered consent decree**." *See Oil, Chemical And Atomic Workers,* at 456-57 (emphasis added).[3]

Plaintiff's request for cost and fees fails because as a *pro se* litigant, Plaintiff is not entitled to a claim for fees. *See Benavides v. Bureau of Prisons*, 993 F.2d 257, 259 (D.C. Cir. 1993); *see also Kay v. Ehrler*, 499 U.S. 432 (1991). In *Benavides*, the Court of Appeals reversed its earlier position set forth in *Cox v. United States Dept. of Justice*, 601 F.2d 1 (D.C. Cir. 1979), and held that *pro se* litigants are *not* entitled to attorney fees under section 552(a)(4)(E). *See also Trueblood v. Internal Revenue Service*, 943 F.Supp. 64, 69 (D.D.C. 1996). In *Kay*, the Supreme Court held that "[t]he Circuits are in agreement . . . on the proposition that a *pro se* litigant who is not a lawyer is not entitled to attorney's fees." 499 U.S. at 1435 (1991). Although *Kay* involved a civil rights action, "the opinion gives a clear indication that, absent congressional intent to the contrary, the Supreme

---

[3]    Although this sentence does not mention costs, the Court of Appeals makes it clear elsewhere in its opinion that its holding applies to both fees and costs. *See, e.g., id.* at 454, 457; *see also* 5 U.S.C. § 552(a)(4)(E) (the same standard – "substantially prevailed" – applies to both fees and costs).

Court believes that the word 'attorney,' when used in the context of a fee-shifting statute, does not encompass a layperson proceeding on his own behalf." *Benavides*, 993 F.2d at 259.

Plaintiff's request for costs and fees also fails under *Buckhannon* 532 U.S. 598, 604-05 (2001). In *Buckhannon*, the Court held that in order to permit an award of attorney's fees there must exist a "material alteration of the legal relationship of the parties." *Id*. at 604. Reviewing its previous decisions the Court concluded it had "only awarded attorney's fees where the plaintiff has received a judgment on the merits, or obtained a court-ordered consent decree." *Id*. at 605.

Here, since Plaintiff is not an "attorney" in the proper sense, by arguing his claim *pro se* he is not eligible for a claim for fees. Further, Plaintiff has not been awarded any court-ordered relief. On the contrary, Plaintiff has not even demonstrated he has filed a proper request under the FOIA. Accordingly, there is no legal basis to award Plaintiff -- who is *pro se* -- attorney fees nor litigation costs in this case.

## CONCLUSION

For the foregoing reasons, Defendant moves to dismiss the Complaint or, alternatively, moves for summary judgment, on the ground that no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law.

Respectfully  submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, NW
Washington, D.C. 20530

Of Counsel:
Shelley Vanneman, Esq.
Bureau of Alcohol, Tobacco, Firearms and Explosives
U.S. Department of Justice
Washington, DC 20226

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing Motion to Dismiss to be

served upon *pro se* Plaintiff by first class mail addressed to:

JOHN T. PICKERING-GEORGE
2726 Decatur Avenue
Apartment 3
Bronx, NY 10458
*pro se*

on this 16th day of July, 2007.

_____/s Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 307-0895

EXHIBIT: A

TO: THE, BUREAU OF ALCOHAL, TOBACCO AND    DATE: 10/17/06
FIREARMS DIVISION,
WASHINGTON DC., 650 MASSACHUSETTS AVE.,
N.W., WASHINGTON DC. 20226

DIRECTOR: BRADLY A. BUCKELES

TRANSMITT TO: DEPARTMENT OF TREASURY,
        1500 PENNSYLVANIA AVE.,
        N.W., WASHINGTON, D.C. 20220

SECRETARY OF TREASURY: JOHN W. SNOW
    GENERAL COUNSEL: DAVIS AUFHAUSER, ROOM 3000

RE: GUN RESTORATION APPLICATION ISSUE

FROM: JOHN T. PICKERING-GEORGE
(FEDERALLY ADOPTED) JOHN R. DALEY, JR.
PRO SE
(D.O.B. 12/23/63), U.S. VIRGIN ISLANDS, (ST. THOMAS)
18 HINES DALE LANE
WILLINGBORO, N.J. 08046

DATE: 10/17/2006

[NUMBER OF PAGES: 14]

[1]

[N]OW HERE COMES PETITIONER-APPLICANT, AND MOTIONS FOR AN PROSPECTIVE MANDATORY INJUNCTION WITH THE APPLICATION FOR GUN RESTORATION PRIVILAGES TO BE RE-ACTIVATED, PURSUANT TO, 5 U.S.C.A. § 706(2)(A)., 18 U.S.C.A. §§ 921(a)(20) AND 921(a)(33)(ii), 922(g)(1),(o), -924(c)(3), 4042(b),(b)(3)(b)., AND U.S.S.G. §§ 4B1.1, 4B1.2(a).

IN ACCORD WITH THE UNITED STATES SUPREME COURT DECISSION OF STINSON, 508 U.S. at 47, 113 S.Ct. 1913. ALSO IN ACCORD WITH, 27 CFR § 178.142 (1982) PARDON OR A CONSENT FROM THE SECRETARY OF THE TREASURY "OPERATE TO RELIEF THE DISSABILITY, ALSO IN ACCORDANCE WITH, THE OMNIBUS ACT, 18 U.S.C.A. §§ 1203(1), 1203(1), 1203(2) AND 925(c),(d)(3),(e)(2) ALSO, WEAPONS LAW: #4, U.S.C.A., PROVISION OF TITLE IV. OF GUN CONTROL ACT AND TITLE VII. OF THE ACT, 18 U.S.C.A. § 925(c),(d)(3),(e)(2), RELIEF FROM FIREARMS DISABILITY IMPOSED,

****** ALSO, PURSUANT TO, U.S. FEDERAL Const. Amendts. 1,5,14TH, U.S.C.A. Const. Art. 2 § 2, cl.2, 5 U.S.C.A. § 706(1)., 18 U.S.C.A. §§ 241, 242., 28 U.S.C.A. §§ 1361, 1651(a)

[2]

-50 U.S.C.A. APP. §§ 520, 925 .,
ARTICLE I. U.S.C.A. CONST. ART. 1, § 1.


APPLICATION PETITION FOR GUN RESTORATION, IS
STILL NOT a CRIME OF VIOLENCE, BECAUSE OF
PRIOR GUN CONVICTIONS, IN ACCORD WITH
28 CFR § 55.58 AND 62 FED. REG. 53690 (Oct. 15, 1997).
AS STATED DEFENDANT (PETITIONER) EVENTHOUGH
WAS INCARCERATED IN STATE PRISON AND STATE
CONVICTIONS OF GUN CHARGES WOULD NOT BE a
CRIME OF VIOLENCE. PETITIONERS HABEAS CORPUS

MOTION IN THE UNITED STATES SUPREME COURT
DECISSION OF BAILEY-V-UNITED STATES, 116 S.Ct 501
(1995). PETITIONER MOTIONS FOR RELIEF FROM THE
FIREARMS DISABILITYES PURSUANT TO,
18 U.S.C.A. §§ 922 (g)(1), 924 (c)(1) ., CRIMINAL LAW:-
-1181(2), U.S.C.A. See: TREASURY DEPARTMENT ORDER
No. 120-01 (JUNE 1972) SEE-(UPDATED VERSION),
ALSO 37 FED. REG. 11696 AND 27 CFR PART 178.
AND PURSUANT TO, U.S.S.G §§ 1B1.7, COMMENT, 4B1.1,
4B1.2, 18 USCA. APP., AND CRIMINAL LAW ~~~~~~~
-# 1202.3(1). THROUGH, A QUT PETITIONERS
JOHN T. PICKERING-GEORGE (ADOPED) JOHN RALY JR.

[3]

ARREST, AT <u>No</u> TIME DID HE DURING THE EXECUTION OF THE POLICE OFFICIALS ARREST WAS HE, EVER BEEN MENTIONED OF ANY "BEHAVIOR PROBLEMS" OR "RESISTING ARREST", EVEN THOUGH THE MASSACHUSETTS, COMMWEALTH, CONVICTED HIM OF ASSUSLT AND BATTERY, WITH A TIME WHICH WAS SERVED 3 To 4 YEARS. Police REPORT DATED:- 3/3/95 SHOWS DEFNDANT PUT HIS HANDS OUT OF THE VIHICLE AS TO SHOW <u>No RESISTANCE</u> OR BEHAVIOR PROBLEM, WHICH IN LIGHT TO DEFENDANT, THERE SHOULD <u>NOT</u> BE ANY <u>GRAVE Doubts</u> CONCERNING VIOLENT, BEHAVIOR OR RESISTANCE IN THE PRESENCE OF

POLICE OFFICIALS, WHILE BEING ARMED WITH A LICSENS FIREARMS. PLEASE NOTE THAT IF PETITIONER WAS CHARGED BY FEDERAL BUREAU OF INVESTIGATION WITH POSSESSION OF A FIRE ARMS WHILE OR DURING DRUG TRAFFICKING, BY A FELONIE, "STILL IS NOT" [A] "CRIME OF VIOLENCE" WITHIN THE SCOPE OF STATUTE., "ELEMENTS NOR THE NATURE OF OFFENSE UNDER §§ 841(b)(1) OR 846" REQUIRING FEDERAL PRISON OFFICIALS TO NOTIFY LOCAL AUTHORITIES PRIOR TO RELEASE OF PRISONER CONVICTED OF CRIME OF VIOLENCE PURSUANT TO,

[4]

18 U.S.C.A. §§ 922(g,o), 924(c)(3), 4042(b),(b)(3)(B).
ALSO IN ACCORD WITH PRISON LAW: #15(3), U.S.C.A.,
18 U.S.C.A § 3621(e)(2)(B)., 28 CFR § 550.58.
PLEASE NOTE: THAT BECAUSE THE (BoP) REGULATION
(28 CFR § 550.58) AND 18 U.S.C. § 3621(e)(2)(B)
CONCERN THE OFFENSE OF CONVICTION, IT WOULD BE
WISE TO FOLLOW THE THIRD AND NITH CIRCUITS.,

   TO CONCLUDE THAT THE (BoP) PROGRAM STATEMENT'S
ALLOWENCE OF CONSIDERATION OF FACTORS THAT ARE
NOT PART OF THE OFFENSE OF CONVICTION "IS IN
CONFLICT" WITH THE "PLAIN" LANGUAGE OF THE
STATUTE AND THAT THE (BoP) (BUREAU OF PRISONS)
MAY NOT RELY ON THE SENTENCING ENHANCEMENT
TO DENY ELIGIBILITY FOR THE SENTENCE REDUCTION,
CRIMINAL LAW: #1202.3, U.S.C.A., 18 U.S.C.A § 924(e),

EVEN IF A CONCELABLE FIREARM, NOT A CRIME OF
VIOLENCE, CRIMINAL LAW: #1030(3), U.S.C.A.,
WEAPONS LAW: #4., 18 U.S.C.A, § 924(c) ALSO
PURSUANT, TO PETITIONERS, "SIXTH AMENDMENT RIGHTS"
AND (MY/HIS) GUILTY PLEA BARGINS, IT COULD NOT
REALLY BE CONCREAT THAT WAS NOT ANY DEFECT
IN HIS PRIOR CONVICTIONS.

[5]

PURSUANT TO, CRIMINAL LAW: #1202(1), U.S.C.A.,
U.S.C.A. Const Amend.6, CRIMINAL LAW: #1144(10),
U.S.C.A Const. Amend.6, CRIMINAL LAW: #641-12(4),
U.S.C.A., U.S.C.A. Const. Amend.6,
CRIMINAL LAW: #1186(1), 991, U.S.C.A., WEAPONS LAW: #
4, U.S.C.A., 18 U.S.C.A. APP. § 1202(a).,
U.S.C.A. Const. Amend.6.

"CONVICTION, WHICH GOVERNMENT ASSERTED AS PROOF
OF PETITIONERS STATUTES AS A CONVICTED FELON,
CONSTITUTIONALLY VOID, etc. IN LIGHT A PERSON
CAN SUCCESSFULLY ATTACK COLLATERALLY A STATE
CONVICTION PURSUANT TO, 28 U.S.C.A. §§ 2253, 2254, 2255.
WHICH PETITIONER DID HIS CONVICTIONS IN THE
COMMONWEALTH OF MASSACHUSETTS.

[T]HERE ARE (NO/ANY) DRUG DEPENDANT OF SAID
PETITIONER, NOR HAS PETITIONER EVER BEEN IN
[A] DRUG RHABILATION PROGRAM OF ANY KIND, SO
THERE IS NO FARE OF RELAPSE. SEE: - - -
LOVELL -V- UNITED STATES DEPT. OF TREASURY:
286 F. SUPP. 571 (W.D. MICH. 1994), SEE:
RONALD C. GRIFFIN OBTAINING RELIEF FROM
FEDERAL FIREARMS DISABILITIES DID CONGRESS
REALLY SUSPEND THE RELIEF AVAILABLE TO

[6]

FELONS THROUGH THE APPROPRIATIONS Atcs?
23 OKLA. CITY U.L. REV. 977 (1998). PLEASE NOTE:
18 U.S.C. § 925(c) REMAINS ON THE BOOKS, OF
CONGRESS, AND HAS NOT BEEN, "REPEALED", BY
CONGRESS. ALSo To BE NOTED, THAT AS THERE IS
A DATABASE To IDENTIFY SUSPECTED DRUG
TRAFFICKERS, THE (NADDIS) NARCOTICS AND
DANGEROUS INFORMATION SYSTEM, WHICH IS A
WELL KNOW "DATA BASE" BY THE FEDERAL
GOVERNMENT, WHICH REDUCES THE MANPOWER THAT
THE SUSPENDED DISSABILITY Act, THAT CONGRESS
APPLIED. IN THE FEDERAL FIREARMS DISSABILITY Act.
PURSUANT To, 18 U.S.C. § 925(c). SEE: - - -
SEATTLE AUBUBON, 503 U.S. AT 440, 112 S.Ct. 1407,
- PROVISION, HAD NOTHING To Do WITH FUNDING.


AS STATED SUCH A DATA BASE SHALL REDUCE
THE MANPOWER NEEDED TO DO A BACKGROUND CHECK
ON THE INDIVISUAL WHo IS APPLIING FoR SUCH
RELIEF. BY DENNING THE PETITIONER, IN ACCORDANCE
WITH THE, "SUSPENDED RELIEF", BY CONGRESS, IT
ALSO ON THE OTHER HAND COMPLICATES OTHER
ISSUES, EXAMPLE: "FEDERAL CIVIL RIGHTS"
"RESTORATION", SEE: U.S. CONST. ART. I, § 2. cl. 1.
(RIGHTS To VOTE FoR REPRESENTATIVES).,

[7]

U.S. Const., Amdt. XVII (Right To Vote For Senators), 28 U.S.C. § 1865 (Rights To Serve On A Jury), Consideration of the Possible Relevance of 18 U.S.C. § 925(c) (1988 ed. Supp. IV.), Which Allows The Secretary of The Treasury To Grant Relief From The Dissability Impose By 18 U.S.C. § 922(g). Federal Civil Rights Actions By (Applicant/Petitioner) IS Another "Mandatory,"

Appropriation For, Gun Restoration Privillages Pursuant To, 42 U.S.C.A. §§ 1983 To 1984, Defamation of Caractor, Which Involves, Hatred, Ridicule, or Contempt and Slander. In which Brings [A] "Defamation Action", "Monetary Awards". Ones Restoration Privolalages "Must" Be Restored, In Accordance With, 18 U.S.C. § 925(c),

27 CFR § 178.144(b),(d) Which IS Addressed To The Director of The (ATF) Administration. [A] Discovery Motion, By Said Administration Will Provide Numerous Civil Rights Actions, Against The, Massachusetts Department of Corrections, (Doc) In The, U.S. District Court, District of Massachusetts, One Court House Way, Suites, 2300 and 2566 -, Boston, MA. 02210,

[8]

COURTS CLERKS, SARAH A. THORNTON, U.S. DIST. COURT, AND RICHARD CUSHING DONOVAN, U.S. COURT OF APPEALS, FOR THE FIRST CIRCUIT. "BIVEN CLAIMS ACTION" AGAINST THE (BOP) FEDERAL BUREAU OF PRISONS, GEORGE -V- WARDEN, et al. No. 06-2850, U.S. COURT OF APPEALS, FOR THE THIRD CIRCUIT, 21400 U.S. COURTHOUSE, 601 MARKET STREET, PHILADELPHIA. 19106-1790, IN (90) DAYS [A] UNITED STATES OF AMERICA, SUPREME COURT CERTIORARORI PETITION, WILL BE FILED IN REGARDS

TO THE BIVENS CLAIMS. ANOTHER BIVENS CLAIMS AGAINST THE, UNITED STATES MARSHALS SERVICE OF MASSACHUSETTS, BOSTON, "FILED" IN THEE, U.S. DISTRICT COURT, FOR THE DISTRICT OF COLUMBIA, 333 U.S. COURT HOUSE, ALSO IN THE, U.S. COURT OF APPEALS, FOR THE DISTRICT OF COLUMBIA CIRCUIT, No. 05-5464, 05cv01297 AND No. 05-5465. 05cv01626. AND FINALLY [A] "BIVEN CLAIM ACTION" AGAINST THE (DEA) UNITED STATES DRUG ENFORCEMENT AGENCY, et al., CIVIL ACTION No.- H-04-1914; THE, U.S. DISTRICT COURT, FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION P.O. BOX 61010 HOUSTON, TEXAS 77208. COURTS CLERK, MICHAEL MILBY.

[9]

[T]HE , [J]URISDICTION'S IN THE CIVIL ACTIONS "IS BINDING", PURSUANT TO CONGRESS, [P]ETITIONER [I]s [E]NTITLED TO GUN RESTORATION PRIVELLAGES, PURSUANT TO, 18 U.S.C. § 925(c), 18 U.S.C.A. § 925(c), U.S.C.A. CONST. AMEND. 14. (14 §§ 1,5) "GARUNTEED DUE PROCESS", ▬▬▬▬ ARTICLE I. AND ARTICLE V.

[P]URSUANT TO, WHICH IS LEGISLATIVE ENACTMENT, IT IS OVERRIDEN, PURSUANT TO, CONSTITUTIONAL LAW: #38, AND #38, U.S.C.A., "THE FUNDAMENTAL AXIOM OF AMERICA LAW, ROOTED IN THE UNITED STATES HISTORY" THE, REQUIREMENTS OF CONSTITUTIONAL PREVAIL OVER A STATUTE IN EVENT OF CONFLICT, U.S. CONST. AMENDTS. FEDERAL STATUTORY LAW WITH, "AUTHORISATION" IS DERRIVED FROM THE CONSTITUTION OF THE UNITED STATES OF AMERICA, 28 U.S.C.A. § 2412(b)(c)(2)(d)(i)(A) - - - MANDATORY CONSTITUTIONAL TORTS / EQUAL ACCESS TO JUSTICE Act.)

[10]

****** EVEN WITH NUMEROUS CIVIL RIGHTS ACTIONS, BIVENS CLAIMS, IN THE, U.S. DISTRICT COURTS, PETITIONER-APPLICANT WILL BE ENTITLED TO ."MONETARY AWARDS", CONSTITUTION AUTHORITY, AND STATUTORY AUTHORITY, OF CONGRESS OF THE UNITED STATES OF AMERICA.

THE "COST" OF [A] "BODY GUARD", "FULL TIME", CAN AND WILL BE VERY EXPENSIVE FOR ANY ONE EVEN WITH, "MONETARY AWARDS" FROM NUMEROUS CIVIL RIGHTS ACTIONS AND BIVENS CLAIMS ACTIONS.

REMOVAL OF PROHIBITION: ******* [C]ONGRESS FAILURE TO PROVIDE FUNDING TO BUREAU OF ALCOHOL, TOBACCO AND FIREARMS (ATF) FOR REVIEWING APPLICATION BY CONVICTED FELONES SEEKING RELIEF FROM, DISABILITIES PURSUANT TO THE FIRE ARMS ACT DID NOT SUSPEND, ACT PROVIDING RELIEF FROM FIRE ARMS DISABILITIES, 18 U.S.C.A. § 925(c),(d)(3),(e)(2), SEE: -- BEAN-V-BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, C.A.5(TEX) 2001, 253 F.3d 234, REHEARING AND REHEARING EN BANC DENIED 273 F.3d 1105, CERT GRANTED 122 S.CT. 917, 534 U.S. 11112, 151 L.ED.2d 883, REVERSED 123 S.CT. 584, 537 U.S. 71, 154 L.ED.2d 483 ON REMAND. 322 F.3d 829

[11]

IN CLOSING, PETITIONER PREY FOR THE, RESTORATION OF GUN PRIVELLAGES ENTITLED TO, "PETITIONER - APPLICANT".

I, JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) - JOHN R. DALEY, JR., PRO SE, DECLARE UNDER THE PAIRS AND PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, THAT THE ENCLOSED, APPLICATION - PETITION TO THE BUREAU OF ALCOHOL, TOBACCO AND FIREARMS DIVISION, WASHINGTON DC., 650 MASSACHUSETTS AVE. N.W., WASHINGTON DC. 20226 DIRECTOR: BRADLY A. BUCKELES ALSO TO THE, DEPARTMENT OF TREASURY: JOHN W. SNOW, GENERAL COUNSEL: DAVIS AUFHAUSER, ROOM 3000, IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. ON THIS, 10TH MONTH, 17TH DAY, 2006TH YEAR.

RESPECTFULLY SUBMITTED,

CC/FILE

DATED: 10/17/06

J.T.P·G (FED ADPT·) J.R.D.JR

John T. Pickering-George (FED. ADPT.) John R. Daley, Jr.
JOHN T. PICKERING-GEORGE (FED. ADPT.) JOHN R. DALEY, JR.
PRO SE
18 HINESDALE LANE
WILLINGBORO, N.J. 08046

[12]

<u>CERTIFICATE OF SERVICE</u>

I, JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) — —
JOHN R. DALEY, JR. <u>PRO SE</u>., HERE BY CERTIFY THAT
ON THE, (MONTH/DATE/YEAR), OF 10/17/2006 "<u>DID</u>"
(MAIL/SERVE) THE ENCLOSED MATTER IN REGARDS TO,
"<u>GUN RESTORATION APPLICATION</u>" AND "<u>MEMORANDUM OF
LAW</u>", TO THEE, BUREAU OF ALCOHOL, TOBACCO AND
FIRE ARMS DIVISION; WASHINGTON DC.,
650 MASSACHUSETTS AVE, N.W., WASHINGTON DC
20226., DIRECTOR, BRADLY A. BUCKELES, [T]HE,
<u>PRO SE</u> PETITIONER-APPLICANT, RECORD OF THE ENCLOSED
MATTER FOR EACH PARTY WAS MAILED/BY HAND/BY
REGULAR MAIL.

RESPECTFULLY SUBMITTED,

*John T. Pickering-George (FED. ADOPT.) John R. Daley Jr.*
JOHN T. PICKERING-GEORGE (FED. ADOPT.) JOHN R. DALEY, JR.
CC/FILE                           PRO SE
DATE: 10/17/06                    18 HINESDALE LANE
J. T. P. G. (ADOPT) JR D. JR.     WILLINGBORO, NJ. 08046

[13]

FROM: JOHN T. PICKERING-GEORGE
(FSD-NPWT) JOHN R. DALEY, JR
18 HINESDALE LANE
WILLINGBORO, N.J. 08046

[NUMBER OF PAGES: 14]

[MAILED OUT ON 10/17/2006]

TO: BRADLY A. BUCKELES
To: BUREAU of ALCOHOL, TOBACCO AND
FIRE ARMS DIVISION,
WASHINGTON DC., 650 MASSACHUSETTS AVE.,
N.W., WASHINGTON DC. 20226

# LEGAL MAIL

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

John T. Pickering-George )
(federally adopted) John R. Daley, Jr. )
Plaintiff, )
)
v. )        No. 07-0899 (RJL)
)
Bureau of Alcohol, Tobacco, Firearms and )
Explosives (<u>Director:</u> Carl J. Truscott) )
Defendant. )
)

DECLARATION OF PHILIP A. AWE,
ACTING CHIEF, FIREARMS ENFORCEMENT BRANCH
<u>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES</u>

I, PHILIP A. AWE, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as

follows:

1.      I am the Acting Chief, Firearms Enforcement Branch, of the Firearms

Programs Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United

States Department of Justice.

2.      As Acting Chief, Firearms Enforcement Branch, I am responsible for

maintaining the original files of petitions for relief from Federal firearms disabilities.

3.      All such petitions filed with ATF, either at Headquarters or at regional

offices, are required to be directed to the Firearms Enforcement Branch, whereby they are

stamped with the date of receipt.

4.      ATF is responsible for enforcing the Gun Control Act (GCA) of 1968.

The GCA contains a provision allowing persons who are prohibited from possessing

firearms or ammunition to apply to the Attorney General for relief from these disabilities.

The Attorney General has delegated this authority to ATF.

5.    Since 1992, ATF's annual congressional appropriation has prohibited the expending of any funds to investigate or act upon applications for relief from Federal firearms disabilities for individuals.  The current restriction is located in Pub. L. No. 109-108, as extended by Pub. L. No. 110-5, which contains ATF's appropriations for fiscal year 2007.  As long as this provision is in effect, the Bureau cannot act upon applications submitted by individuals.

6.    I certify that I have caused the records under my control to be searched and have found that ATF has a record indicating that it received correspondence from, or on behalf of, Mr. John T. Pickering-George or John R. Daley, Jr., ("plaintiff") on or about October 26, 2006.   However, ATF does not have an original record of plaintiff's petition for relief.  In addition, ATF does not have a record of sending any response to the plaintiff in this matter.

7.    ATF recently has obtained a copy of plaintiff's petition for relief that was filed with the Court in this case.  See Attached, Exhibit 1.

8.    On June 28, 2007, ATF responded to plaintiff's petition via the attached letter.  See Attached, Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this  28ᵗʰ  day of June, 2007.

_____
Philip A. Awe
Acting Chief, Firearms Enforcement Branch



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

Washington, DC 20226
www.atf.gov

Mr. John T. Pickering
2726 Decatur Avenue, Apt. 3
Bronx, New York  10458

Dear Mr. Pickering:

This letter is in response to the enclosed petition for Federal firearms relief, dated October 17, 2006.  We have a record indicating that you may have submitted such a petition to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on or about October 26, 2006.  We understand that you recently sued ATF for failure to respond to your petition. <u>John T. Pickering-George (federally adopted) John R. Daley, Jr. v. ATF</u>, Case No. 07-0899 (RJL) (D.D.C. filed May 14, 2007).  In those proceedings, you filed the enclosed copy of your petition, claim that you submitted to the petition to ATF, and allege that ATF failed to respond.

While ATF has a record indicating that you may have submitted this petition to the agency, unfortunately, ATF cannot locate an original petition and has no record of forwarding a response to you.  This letter serves as your response to the enclosed petition.  We apologize for the delay.

As you are aware, ATF is responsible for enforcing the Gun Control Act (GCA) of 1968.  The GCA contains a provision allowing persons who are prohibited from possessing firearms or ammunition to apply to the Attorney General for relief from these disabilities.  The Attorney General has delegated this authority to ATF.

However, since 1992, ATF's annual congressional appropriation has prohibited the expending of any funds to investigate or act upon applications for relief from Federal firearms disabilities for individuals.  The current restriction is located in Pub. L. No. 109-108, as extended by Pub. L. No. 110-5, which contains ATF's appropriations for fiscal year 2007.  As long as this provision is in effect, the Bureau cannot act upon applications submitted by individuals.

Please note that the United States Supreme Court has held that ATF's current inability to act on applications for relief does not amount to a "denial" of such applications within the meaning of the GCA.  See <u>United States v. Bean</u>, 537 U.S. 71 (2002).  Therefore, the judicial review provided in the GCA is not available in the absence of such a denial.

Without specific knowledge of the details concerning your prohibition, we are unable to provide more specific information to you at this time.  For example, if your prohibition is due to a State conviction for an offense punishable by imprisonment for more than year, you may contact the

State attorney general's office in the State where the conviction occurred to determine if there may be State relief available to you.

We hope this information proves helpful to you.  Please do not hesitate to contact us if you have any questions.

Sincerely yours,

Philip A. Awe
Acting Chief, Firearm Enforcement Branch

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____ )
                                  )
John T. Pickering-George,         )
                                  )
          Plaintiff,              )
                                  )        Case No. 07-899 (RJL)
          v.                      )
                                  )
Bureau of Alcohol, Tobacco, Firearms  )
And Explosives, et. al.,          )
                                  )
          Defendants.             )
                                  )
_____ )

DECLARATION OF AVERILL P. GRAHAM,
CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Averill P. Graham, do hereby depose and say:

1.      I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco,

Firearms and Explosives (ATF), Department of Justice.  In this capacity, I receive all

requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552,

and the Privacy Act (PA), 5 U.S.C. § 552a.  I am responsible for processing all FOIA and

PA requests, initiating searches relevant to such requests, supervising the determination

of what records should be disclosed, processing all ATF documents referred to ATF and

other agencies, and recording all administrative appeals filed with ATF.

2.      I declare that the statements made in this declaration are on the basis of

knowledge acquired by me in the performance of my official duties.

3.      Due to the nature of my official duties, I am familiar with the procedures

followed by this office in responding to a FOIA request.

4.    I am familiar with the current lawsuit filed by Mr. Pickering-George.

5.    ATF has no record of any correspondence from Mr. Pickering-George or his alias, Mr. John Daley, Jr., regarding any FOIA or PA request.  Pursuant to Department of Justice regulation 20 CFR §16.41, any correspondence in which a petitioner requests records pertaining to himself or herself would be received by me as the Chief, Disclosure Division.

6.    I have been informed that upon receipt of the complaint in this matter, an attorney in ATF's Office of Chief Counsel contacted my office and ordered a search of all FOIA requests over the last five years.  A complete and thorough search of the Disclosure Division FOIA databases revealed no requests by the plaintiff.  Every FOIA request received by the Disclosure Division over the last five years is identified in the database.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this _25_ day of June, 2007.

Averill P. Graham
Chief, Disclosure Division

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN T. PICKERING-GEORGE,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0899 (RJL) |
| | ) |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS** | ) |
| **AND EXPLOSIVES,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss, and the entire record

herein, it is by the Court this _____ day of _____, 2007, hereby

ORDERED that Defendant's motion to dismiss is granted; and it is

FURTHER ORDERED that all claims against the Defendant are hereby dismissed with

prejudice.


_____
UNITED STATES DISTRICT JUDGE

Copies of this order to:
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530

JOHN T. PICKERING-GEORGE
2726 Decatur Avenue
Apartment 3
Bronx, NY 10458
*pro se*