# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN T. PICKERING-GEORGE,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0899 (RJL) |
| | ) |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,** | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF ERRATA

Defendant, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or "Bureau"), respectfully files this Errata to correct certain typographical errors and mistakes in Defendant's Statement of Material Facts Not In Genuine Dispute and Memorandum in Support of Motion to Dismiss.  A corrected copy of the Statement of Material Facts and Supporting Memorandum are attached for the Court's convenience.

Dated: July 18, 2007

Respectfully  submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0895

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN T. PICKERING-GEORGE,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0899 (RJL) |
| | ) |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS** | ) |
| **AND EXPLOSIVES,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Defendant, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or "Bureau"),  respectfully submits this statement of material facts as to which there are no genuine disputes in accordance with this Court's Local Rule 7(h).  The declarations of the following officials support this statement:

1.     Philip A. Awe, Acting Chief, Firearms Enforcement Branch, of the Firearms Programs Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, oversees the Firearms Enforcement Branch, which is responsible for maintaining the original files of petitions for relief from Federal firearms disabilities. *See* Awe Decl.,  ¶ 1.

2.     All such petitions filed with ATF, either at Headquarters or at regional offices, are required to be directed to the Firearms Enforcement Branch, whereby they are stamped with the date of receipt. *Id.*  ¶ 3.

3.     Mr. Awe caused the records under his control to be searched and found that ATF has a record indicating that it received correspondence from, or on behalf of, Mr. John T. Pickering-George or John R. Daley, Jr., ("Plaintiff") on October 26, 2006. *Id.*  ¶ 6.

4.     However, ATF does not have the original record of Plaintiff's correspondence, or any petition for relief that allegedly was filed with ATF.  *Id.*  In addition, ATF does not have a record of sending any response to the Plaintiff prior to June 28, 2007. *Id.*

5.     On June 18, 2007, Plaintiff filed  "Exhibit A" with the Court, the alleged petition for relief that was submitted to ATF.  *See* Defendant's Exhibit 1.

6.     ATF subsequently wrote a letter to Plaintiff, on June 28, 2007.  *See* Defendant's Exhibit 2, Declaration of Phillip A. Awe and attached letter to John Pickering.

7.     The letter indicated that, while ATF is responsible for enforcing the Gun Control Act (GCA) of 1968, ATF is currently prohibited from expending any funds to investigate or act upon applications for relief from Federal firearms disabilities for individuals.  *Id.*  ¶¶ 3, 5.

8.     The letter referred Plaintiff to Pub. L. No. 109-108, as extended by Pub. L. No. 110-5, and stated that as long as the provision is in effect, the Bureau cannot act upon applications submitted by individuals.  *Id.*  ¶ 5.

9.     The letter also informed Plaintiff that, without specific knowledge of the details concerning Plaintiff's prohibition, ATF is unable to provide more specific information at this time.  *Id.* ¶ 6.

10.     Finally, the letter advised Plaintiff that, in the event Plaintiff's firearms disability was due to a State conviction, Plaintiff could contact the State Attorney General's Office located in the State where Plaintiff's conviction occurred to determine whether State relief is available. *Id.*

Respectfully  submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, NW
Washington, D.C. 20530

Of Counsel:
Shelley Vanneman, Esq.
Office of the Chief Counsel
Bureau of Alcohol, Tobacco, Firearms and Explosives
U.S. Department of Justice
Washington, DC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN T. PICKERING-GEORGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   **Civil Action No. 07-0899 (RJL)** |
| | ) |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS** | ) |
| **AND EXPLOSIVES,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS COMPLAINT

Plaintiff, John T. Pickering-George, proceeding *pro se*, has filed suit against the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or "Bureau"), pursuant to 5 U.S.C. § 552, alleging that ATF has violated his Constitutional rights, including his rights under the First, Fifth and Fourteenth Amendments, by failing to act within 90 days on his petition for "gun restoration privileges," otherwise known as relief from disabilities under the federal firearms laws.  Plaintiff seeks a trial by jury and $50,000 damages.

Defendant hereby moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to dismiss this action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Plaintiff has failed to submit a proper request under the FOIA, and has failed to exhaust his administrative remedies.  Further, ATF  has no "duty" to act, and in fact is precluded from acting, on Plaintiff's purported petition for Federal firearms relief under the current appropriations restriction.  *See United States v. Bean*, 537 U.S. 71 (2002)(finding that ATF's inaction in these matters does not constitute a "denial" and as such the matter is not subject to judicial review).

**BACKGROUND**

On May 14, 2007, Plaintiff filed this Complaint under the FOIA, alleging ATF has failed to act on his petition for relief from firearms disabilities. *See* Complaint generally, Dkt. Entry 1. Though ATF's records indicate that Plaintiff submitted correspondence to ATF on October 26, 2006, ATF has searched its records and is unable to locate an original record of Plaintiff's correspondence, including any petition relief, or of ATF's response prior to June 28, 2007. *See* Decl. of Philip A. Awe, ¶ 6.   On June 18, 2007, Plaintiff filed as "Exhibit A" the alleged petition for relief that was submitted to ATF. *See* Defendant's Exhibit 1.  In response, ATF wrote a letter to Plaintiff, mailed on June 28, 2007. *See* Defendant's Exhibit 2, Declaration of Phillip A. Awe and attached Letter to John Pickering.  The letter indicated that, while ATF is responsible for enforcing the Gun Control Act of 1968 ("GCA"), ATF is currently prohibited from expending any funds to investigate or act upon applications for relief from Federal firearms disabilities for individuals. *Id.*  The letter referred Plaintiff to Pub. L. No. 109-108, as extended by Pub. L. No. 110-5, and informed Plaintiff that as long as the provision is in effect, the ATF cannot act upon applications submitted by individuals. *Id.*  The letter further informed Plaintiff that, without specific knowledge of the details concerning Plaintiff's prohibition, ATF is unable to provide more specific information at this time. *Id.*   Finally, the letter recommended that, in the event Plaintiff's firearms disability was due to a State conviction, Plaintiff could contact the State Attorney General's Office located in the State where Plaintiff's conviction occurred to determine whether State relief is available.

## STANDARD OF REVIEW

### A.    Lack of Subject Matter Jurisdiction

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff

bears the burden of establishing that the court has subject matter jurisdiction. *District of*

*Columbia Ret. Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987).  In considering a

motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material

factual allegations in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986),

vacated on other grounds, 482 U.S. 64 (1987).  A court may also consider materials outside the

pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case.

*Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Haase v. Sessions*,

835 F.2d 902, 906 (D.C. Cir. 1987); *Borg-Warner Protective Servs. Corp. v. EEOC*, 81 F. Supp.

2d 20, 23 (D.D.C. 2000).

### B.    Failure to State a Claim

Under Rule 12(b)(6), the Court is to treat a complaint's factual allegations as true, *see*

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164

(1993), and must grant a plaintiff  "the benefit of all inferences that can be derived from the facts

alleged," *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.1979).  However, "the Court

need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts

alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." *Akintomide*

*v. United States*, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing

*National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and

3

*Kowal v. MCI Communication Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). As the Supreme

Court recently clarified in *Bell Atlantic Corp. v. Twombly*,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"
> requires more than labels and conclusions . . . . [f]actual allegations must be
> enough to raise a right to relief above the speculative level on the assumption that
> all of the complaint's allegations are true . . . .

127 S. Ct. 1955, 1959 (U.S. May 21, 2007) (NO. 05-1126). In deciding the motion, the court

may consider additional evidence. *See Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D.

Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the

complaint to matters of public record including court files, records and letters of official actions

or decisions of government agencies and administrative bodies, documents referenced and

incorporated in the complaint and documents referenced in the complaint or essential to a

plaintiff's claim which are attached to a defendant's motion.").

A motion to dismiss is also a proper procedural vehicle for adjudicating a plaintiff's

failure to exhaust its administrative remedies. *See e.g. Hamilton Securities Group, Inc. v. U.S.

Dep't Housing Urban Dev.,*106 F. Supp. 2d. 23 (D.D.C. 2000) (matter dismissed for lack of

subject matter jurisdiction under Rule 12(b)(1) because Plaintiff failed to exhaust administrative

remedies under FOIA); *Hildalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258 (D.C. Cir.

2003)(where plaintiff failed to exhaust administrative remedies, matter remanded to district court

to dismiss complaint under Rule 12(b)(6)). When a FOIA plaintiff attempts to obtain judicial

review without first properly undertaking full and timely administrative exhaustion, the lawsuit is

subject to ready dismissal because "exhaustion of administrative remedies is a mandatory

4

prerequisite to a lawsuit under FOIA." *Wilbur v. CIA* 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam)(citing *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61-64, 65 n.9 (D.C. Cir. 1990).

### C.    The Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if there is "no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). In deciding on a summary judgment motion, the fact-finder must draw inferences from the record in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255; *Celotex Corp.*, 477 U.S. at 330.

There is no genuine issue of material fact if the relevant evidence, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the non-moving party. *Anderson,* 477 U.S. at 248; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Mere allegations or denials in the non-moving parties' pleadings are insufficient to defeat an otherwise proper motion for summary judgment. *Matsushita*, 475 U.S. at 586. Where the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50; *see also Aka v. Washington Hospital Center*, 156 F.3d 1284, 1294 (D.C. Cir. 1998). Where the factual context renders his position implausible, the party opposing summary judgment must come forward with strong persuasive evidence to defeat it. *Matsushita*, 475 U.S. at 587.

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. *See Cappabianca v. Comm'r, U.S. Customs Serv.*, 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly

5

identified, FOIA cases should be handled on motions for summary judgment") (*citing Miscavige v. U.S. Internal Revenue Serv.*, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. U.S. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).  When the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. *Perry v. Block*, 684 F.2d 121 (D.C. Cir. 1982).

## APPLICABLE LAW

Pursuant to 18 U.S.C. § 922(g), (n), it is unlawful for certain categories of persons to receive or possess any firearm which has been shipped or transported in or affecting interstate or foreign commerce.  Specifically, the statute provides:

(g) It shall be unlawful for any person—
    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
    (2) who is a fugitive from justice;
    (3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));
    (4) who has been adjudicated as a mental defective or who has been committed to a mental institution;
    (5) who, being an alien—
        (A) is illegally or unlawfully in the United States; or
        (B) except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101 (a)(26)));

6

(6) who has been discharged from the Armed Forces under dishonorable conditions;

(7) who, having been a citizen of the United States, has renounced his citizenship;

(8) who is subject to a court order that—

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
> ©     (I) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or

(9) who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

     *      *      *

(n) It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g), (n).  Under the statute, relief "may" be granted if it is established to the

satisfaction of the Attorney General or his delegate

> that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of such relief is not contrary to the public interest.

*Id.*  Ordinarily, as ATF is the Attorney General's exclusive delegate of the authority to conduct

such investigations and grant such relief, petitioners such as Plaintiff would have  standing to

petition the ATF to be relieved of these disabilities.  *See* 18 U.S.C. § 925(c).  Further, any person

whose petition for relief had been denied by the ATF would be entitled to seek judicial review in

district court under the Administrative Procedures Act's "arbitrary and capricious" standard set

forth in 5 U.S.C. § 701(a), 706(2)(A).  *Id.  See also* 27 C.F.R. § 478.144.

Since 1992, however, Congress has, through an appropriations restriction, barred ATF

from investigating or otherwise acting on individual applications or petitions submitted by

individuals for relief from federal firearms disabilities.  *See* Pub. L. No. 109-108, *extended by*

Pub. L. No. 110-5.[1]  This appropriation restriction has, for over fifteen years, been part of the

appropriation of funds to ATF and the clear language and intent of the restriction is to  preclude

any investigation of or action on individual firearms relief applications and essentially suspend

individual firearms relief entirely.  Notably, the Supreme Court has held that ATF's "inaction" on

a petition for relief, as mandated by the appropriations restriction, does not constitute a "denial"

subject to judicial review.  *See United States v. Bean, supra; see also Black v.* Snow, 272 F.Supp.

2d 21, 35 (D.D.C. 2003)(finding no violation of constitutional due process rights in Congress'

decision "which keeps firearms out of the hands of all convicted felons"); *Mullis v. U.S.*, 230

F.3d 215 (6th Cir. 2000)(district court lacked subject matter jurisdiction to consider the petition);

*U.S. v. Oakes*, 238 F.3d 425 (6th Cir. 2000)("this Court followed other Circuits holding that

Congress has prohibited the [ATF] from expending funds to process applications for the removal

of firearms disabilities and hence that neither the ATF nor a district court has jurisdiction now to

---

[1]        ATF Fiscal Year 2007 Appropriations.

consider a petition for restoration of firearm rights under 18 U.S.C. § 925(c) "); *Saccacio v.*

*Bureau of Alcohol, Tobacco & Firearms*, 211 F.3d 102 (4th Cir.  2000) (no subject matter

jurisdiction to review ATF inaction on application for relief from firearms disabilities);*Palma v.*

*U.S. Dept. Of Alcohol, Tobacco and Firearms*, 228 F. 3d 323 (3rd Cir. 2000)(remanding with

instructions to dismiss the petition).

## ARGUMENT

### I.    THE DOCTRINE OF SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE ATF.

It is fundamental, under the doctrine of sovereign immunity, that the United States cannot

be sued without its consent.  *United States v. Testan*, 424 U.S. 392 (1976)("except as Congress

has consented to a cause of action against the United States, 'there is no jurisdiction...to entertain

suits against the United States'")(quoting *Sherwood*); *United States v. Sherwood*, 312 U.S. 584

(1941)(the United States, as sovereign, "is immune from suit save as it consents to be sued, and

the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit.");

*Settles v. United States Parole Commission*, 429 F.3d 1098, 1106 (D.C. Cir. 2005)(sovereign

immunity blocks a §1983 claim against the U.S. Parole Commission); *Skwira v. United States*,

344 F.3d 64, 72 (1st Cir. 2003); *Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999);

*Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997).  Thus, sovereign immunity protects the

United States from liability and also deprives a court of subject-matter jurisdiction over claims

against the United States.  *Richards*, 176 F.3d at 654.  Any governmental waiver of sovereign

immunity must be unequivocal, e.g., *Franconia Assocs. v. United States*, 536 U.S. 129, 141

(2002); *United States v. Mitchell*, 445 U.S. 535, 538 (1980), and such waivers are strictly

construed, *e.g., Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Williams*, 514 U.S. 527, 531 (1995). Where the federal government waives its immunity from suit, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981). Such waivers are construed strictly in favor of the sovereign. *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986).

## II.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE ATF UNDER 18 U.S.C. § 922.

As discussed above, Congress has unambiguously foreclosed the processing of individual firearms relief applications.  Because judicial review of the ATF's inaction on Plaintiff's petition under 18 U.S.C. § 925(c) is precluded until such time that the appropriations restriction may be lifted,  ATF has no discretion at this time to review Plaintiff's petition.  Further, this Court lacks jurisdiction over ATF's "inaction" as it does not constitute a "denial" subject to judicial review.

Even if ATF had discretion to review the petition that Plaintiff provided as "Exhibit A," however, Plaintiff's petition would fail as it does not even meet the basic documentation requirements of 27 C.F.R. § 478.144(b) and (c).  *See* Defendant's Exhibit 1.  Specifically, section 478.144(b) provides that an application be filed in triplicate, and that it include, *inter alia*, written statements from three separate references, and written consent to examine and obtain copies of relevant records regarding the applicant's background, including employment, medical and criminal records and indictments.  *See* 27 C.F.R. § 478.144(c)(1)-(2).  Further, if Plaintiff's alleged federal firearms disability was due to a conviction for a crime punishable by imprisonment exceeding one year, Plaintiff is required to provide a copy of the indictment or information on

10

which he was convicted, and the judgment of conviction or record of any plea of *nolo contendere* or plea of guilty or finding of guilt by the court. *See* 27 C.F.R. § 478.144 (c)(4). Thus, Plaintiff's petition would fail for lack of the required supporting documentation, in any event.

## III.    PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FOIA.

The FOIA generally provides that any person has a right, enforceable in court, of access to federal agency records, except to the extent that such records (or portions thereof) are protected from mandatory disclosure by one of nine exemptions. *See* 5 U.S.C. § 552(b). Further, federal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." *Carbe v. BATF*, No. 03-1658, 2004 WL 2051359, at * 8 (D.D.C. Aug. 12, 2004). "Without any showing that the agency received the request, the agency has no obligation to respond to it." *Hutchins v. Dep't of Justice*, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005). *Thomas v. FAA*, Civil Action No. 05-2391, 2007 WL 219988, *3 -4 (D.D.C. Jan. 25, 2007); *cf. Pollack v. Dep't of Justice*, 49 F.3d at 117 n.1 ("Pollack's Privacy Act claim was not properly before the district court because Pollack did not first exhaust administrative remedies provided under the Privacy Act").

### A.    Plaintiff's Request Was Not Styled As a Request For Records Under the FOIA.

Further, the FOIA expressly provides that its disclosure requirements only apply "upon any request for records which . . . is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed . . . ." 5 U.S.C. § 552(a)(3)(A) (emphasis added).

11

Therefore, Plaintiff's failure to make a proper request under FOIA is sufficient basis to dismiss any claims based on such claims. *See Church of Scientology*, 792 F.2d at 150 ("In view of the statutory command that requests be made in accordance with published rules," court finds "no merit in [requester's] contention that the [agency's] failure to inform it earlier that [its] request . . . was misdirected should have led the District Court to require a search" of additional offices); *Flowers v. I.R.S.*, 307 F. Supp. 2d 60, 67-68 (D.D.C. 2004) ("plaintiff's failure to file a request that comports with agency FOIA regulations constitutes failure to exhaust administrative remedies") (citing cases); *Dale v. I.R.S.*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) ("An agency's obligations commence upon receipt of a valid request; failure to file a perfected request therefore constitutes failure to exhaust administrative remedies.") (citing cases); *Leytman v. New York Stock Exchange*, No. 95-902, 1995 WL 761843, at *2 (E.D.N.Y. Dec. 6, 1995) (failure to allege requests sent to address specified in agency's FOIA regulations basis for dismissal). *Cf. Brumley v. United States Dep't of Labor*, 767 F.2d 444, 445 (8 Cir. 1 th 985) (determining that agency complied with "FOIA's response time provisions" after advising plaintiff that routing of his request to appropriate office within agency would result in short delay "before the ten working day response period would begin running"); *Blackwell v. EEOC*, No. 2:98-38, 1999 U.S. Dist. LEXIS 3708, at *6 (E.D.N.C. Feb. 12, 1999) ("The time period for responding to a FOIA request . . . does not begin to run until the request is received by the appropriate office and officer in the agency, as set forth in the agency's published regulations.")

While Plaintiff did not attach a copy of his alleged request to the Complaint, Plaintiff's Complaint characterizes his alleged FOIA request as a request

12

. . . 'UNDER COLOR OF LAW', 5 U.S.C.A § 552(A)(4)(E) (FOIA) FREEDOM OF INFORMATION ACT, PLAINTIFF-PETITIONER '<u>DID</u> <u>NOT</u>' RECEIVE ANY RESPONSE, (<u>90</u> <u>DAYS</u>) AFTER 'FILING' [A] PETITION TO (ATF) FOR GUN RESTORATION PRIVILEGES, 5 U.S.C. A. § 552(A)(4)(E) (FOIA) FREEDOM OF INFORMATION ACT. ., NEVER RECEIVED ANY '<u>RESPONSE</u>, <u>STATUS</u>' . . . PRO SE PLAINTIFF-PETITIONER <u>MOTIONS</u> FOR <u>ATTORNEY</u> <u>FEES</u> FOR FAILURE TO RESPOND. FOR THE SUM OF $<u>50,000</u>. FIFTY THOUSAND DOLLARS,

Compl. at 3, ¶ 2.

In this case, Plaintiff appears to misunderstand the purpose of the FOIA, and the remedies available to him under the FOIA.  Namely, the primary purpose of a FOIA lawsuit is to gain access to, and obtain copies of, agency records.  Plaintiff does not even appear to have made a proper FOIA request because he does not allege that he requested agency records.  *See* Complaint, generally.  Instead, Plaintiff alleges that the ATF has failed to act on Plaintiff's petition for relief from firearms disabilities.  *Id.*  This is not a proper request for relief under the FOIA.

Additionally, Defendant's records indicate that the ATF has not received a FOIA request from Plaintiff. Graham Decl.¶ 6.  According to Averill Graham, Chief, Disclosure Division, ATF, any correspondence in which a petitioner requests records pertaining to himself or herself would have been received by Ms. Graham, as Chief of the Disclosure Division.  Decl. of Graham ¶ 5.  Every request received by the Disclosure Division over the last five years is identified in the database.  *Id.* ¶ 6.  A complete search of the Disclosure Division FOIA databases revealed no requests by Plaintiff.  *Id.*

13

**B.**      **Plaintiff Failed To File An Administrative Appeal.**

The Department of Justice regulations require that requesters who receive adverse

determinations under the FOIA file an administrative appeal with the Department's Office of

Information and Privacy ("OIP") prior to obtaining judicial review.    28 C.F.R. § 16.9(c); *see*

*Wilber v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (finding that the "'district court correctly

observed that exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under

FOIA,' which 'means that a requester under FOIA must file an administrative appeal within the

time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining

about the agency's response'").    ATF's Disclosure Division conducted a search of the Disclosure

Division FOIA databases and found no record of an administrative appeal from Plaintiff.  *See*

Declaration of Averill Graham ¶ 6.   Thus, Plaintiff failed to exhaust his administrative remedies

by not filing a proper request and not appealing his purported constructive "denial" as required

under 28 C.F.R. § 16.9(c).

FOIA requests are intended to be handled administratively, in the first instance, not in

District Court.  This goal would be thwarted if a FOIA requester could bypass the administrative

process and litigate a FOIA request without first giving the agency an opportunity to address and

resolve that request.  To further this goal, the law provides that a FOIA plaintiff's failure to

exhaust administrative remedies deprives the Court of subject matter jurisdiction over the

unexhausted claims.  *See Oglesby*, 920 F.2d at 61-62.  Indeed, "[a] plaintiff's FOIA lawsuit is

subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust all administrative

remedies." *Trueblood v. U.S. Dep't of the Treasury*, 943 F. Supp. 64, 67 (D.D.C. 1996); *accord*

*Dettmann v. U.S. Dep't of Justice,* 802 F.2d 1472, 1477 (D.C. Cir. 1986); *Center to Prevent*

14

*Handgun Violence v. U.S. Dep't of the Treasury*, 981 F. Supp. 20, 23 (D.D.C. 1997); *Crooker v. U.S. Secret Serv.*, 577 F. Supp. 1218, 1219 (D.D.C. 1983).  Other courts have held that when a FOIA plaintiff fails to exhaust administrative remedies, his lawsuit is subject to dismissal for failure to state a claim.  *See Sweetland v. Walters*, 60 F.2d 852, 855 (D.C. Cir. 1995)*(per curiam)*(because defendant is not an agency for FOIA purposes, dismissal for failure to state a claim upon which relief could be granted was proper).  Regardless of the stated basis for dismissal, when a FOIA plaintiff attempts to seek judicial review before an agency has had an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision, the complaint should be dismissed for failure to exhaust administrative remedies.  *See e.g. Judicial Watch, Inc.  v. Fed. Bureau of Investigation*, 190 F. Supp. 2d 29, 32 (D.D.C. 2002)(citing *Oglesby*, 920 F.2d at 61-62).

### C.     Plaintiff's Constitutional Claim Must Be Dismissed.

Because Defendant has not provided Plaintiff with the relief he seeks, Plaintiff claims that the Defendant's actions are unconstitutional and deprive him of due process under the FOIA.  *See* Complaint at 3, ¶ 1.  FOIA is the comprehensive scheme provided to address all issues associated with release of documents.  *Johnson v. Executive Office for United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002).  Thus, Plaintiff's pursuit of a FOIA claim under the constitution is inappropriate.[2]  *See Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C. Cir. 1988) (*en banc*) (no *Bivens*

---

[2]      *See also Thomas v. Federal Aviation Admin*., No. 05-2391, 2007 WL 219988, *3 (D.D.C. Jan. 25, 2007) (dismissing agency heads as defendants because "[t]he only proper defendant in a FOIA case is a federal agency") (*citing Jefferson v. Reno*, 123 F. Supp. 2d 1, 3 (D.D.C. 2000); *Whittle v. Moschella*, 756 F. Supp. 589, 596 (D.D.C. 1991); *Leinenbach v. U.S. Dep't of Justice*, No. 05-744, 2006 WL 1663506, at *4 (D.D.C. June 14, 2006); *Stone v. Defense Investigative Serv.*, 816 F. Supp. 782, 785 (D.D.C. 1993)).

remedy available if a statute provides a "comprehensive system to administer public rights");

*Armstrong v. Bureau of Prisons*, 976 F. Supp 17, 23 (D.D.C. 1987), *aff'd* 1998 WL 65543 (D.C.

Cir. Jan. 30 1988) (Privacy Act does not allow civil action for damages against individuals);

*Griffin v. Ashcroft*, No. 02-5399, 2003 WL 22097940, *1-*2 (D.C. Cir. Sept. 3, 2003) (affirming

dismissal of constitutional claims because "they are encompassed within the remedial scheme of

the Privacy Act").  *Cf. Bush v. Lucas*, 462 U.S. 367, 368 (1983) (courts should not fashion

independent *Bivens* remedy for alleged constitutional violations where Civil Service Reform Act

provides a comprehensive statutory scheme for such claims).

## IV.    PLAINTIFF IS NOT ENTITLED TO MONETARY DAMAGES.

        To the extent that Plaintiff's claims could be construed to request monetary damages from

Defendant, those claims must be dismissed absent a waiver of sovereign immunity.  *Meyer v.

Reno*,  911 F.Supp. 11 (D. D.C. 1996); *Marshall v. Reno*,  915 F.Supp. 426 (D. D.C. 1996);

*Deutsch v. U.S. Dep't of Justice*, 881 F.Supp. 49, 55 (D. D.C. 1995).  The inherent sovereign

immunity of the United States protects it and its agencies from suit absent express waiver.  *See

United States v. Nordic Village*, 503 U.S. 30 (1992).  The FOIA does not provide a damages

remedy and Plaintiff's Complaint does not contain any other colorable basis for such a waiver.

Therefore, Plaintiff's claims for damages must be dismissed  for lack of subject matter

jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).

## V.    PLAINTIFF'S REQUESTS FOR FEES AND COSTS FAIL.

        Section 552(a)(4)(E) of the FOIA provides that a court "may assess against the United States

reasonable attorney fees and other litigation costs reasonably incurred in any case under this section

in which the complainant has substantially prevailed."  Plaintiff is entitled to neither attorney fees or

litigation costs because he has not "substantially prevailed" within the meaning of the statute.  In *Oil, Chemical And Atomic Workers Int'l Union v. Department of Energy*, 288 F.3d 452 (D.C. Cir. 2002), the Court of Appeals held that the Supreme Court's recent opinion in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 121 S.Ct. 1835 (2001) – rejecting the "catalyst" theory for determining whether a party has "prevailed" for purposes of fee-shifting statutes -- applies in the FOIA context.  Specifically, the Court of Appeals held that "in order for plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have 'been awarded some relief by [a] court,' **either in a judgment on the merits or in a court-ordered consent decree**."  *See Oil, Chemical And Atomic Workers,* at 456-57 (emphasis added).[3]

Plaintiff's request for cost and fees fails because as a *pro se* litigant, Plaintiff is not entitled to a claim for fees.  *See Benavides v. Bureau of Prisons*, 993 F.2d 257, 259 (D.C. Cir. 1993); *see also Kay v. Ehrler*, 499 U.S. 432 (1991).  In *Benavides*, the Court of Appeals reversed its earlier position set forth in *Cox v. United States Dept. of Justice*, 601 F.2d 1 (D.C. Cir. 1979), and held that *pro se* litigants are *not* entitled to attorney fees under section 552(a)(4)(E).  *See also Trueblood v. Internal Revenue Service*, 943 F.Supp. 64, 69 (D.D.C. 1996).  In *Kay*, the Supreme Court held that "[t]he Circuits are in agreement  . . . on the proposition that a *pro se* litigant who is not a lawyer is not entitled to attorney's fees." 499 U.S. at 1435 (1991).  Although *Kay* involved a civil rights action, "the opinion gives a clear indication that, absent congressional intent to the contrary, the Supreme Court

---

[3]      Although this sentence does not mention costs, the Court of Appeals makes it clear elsewhere in its opinion that its holding applies to both fees and costs.  *See, e.g., id.* at 454, 457; *see also* 5 U.S.C. § 552(a)(4)(E) (the same standard – "substantially prevailed" –  applies to both fees and costs).

believes that the word 'attorney,' when used in the context of a fee-shifting statute, does not encompass a layperson proceeding on his own behalf." *Benavides*, 993 F.2d at 259.

Plaintiff's request for costs and fees also fails under *Buckhannon* 532 U.S. 598, 604-05 (2001). In *Buckhannon*, the Court held that in order to permit an award of attorney's fees there must exist a "material alteration of the legal relationship of the parties." *Id*. at 604. Reviewing its previous decisions the Court concluded it had "only awarded attorney's fees where the plaintiff has received a judgment on the merits, or obtained a court-ordered consent decree." *Id*. at 605.

Here, since Plaintiff is not an "attorney" in the proper sense, by arguing his claim *pro se* he is not eligible for a claim for fees. Further, Plaintiff has not been awarded any court-ordered relief. On the contrary, Plaintiff has not even demonstrated he has filed a proper request under the FOIA. Accordingly, there is no legal basis to award Plaintiff -- who is *pro se* -- attorney fees nor litigation costs in this case.

**CONCLUSION**

For the foregoing reasons, Defendant moves to dismiss the Complaint or, alternatively,

moves for summary judgment, on the ground that no genuine issue of material fact exists and

Defendant is entitled to judgment as a matter of law.

Respectfully  submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, NW
Washington, D.C. 20530

Of Counsel:
Shelley Vanneman, Esq.
Bureau of Alcohol, Tobacco, Firearms and Explosives
U.S. Department of Justice
Washington, DC 20226

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing Corrected Statement of Material Facts

and Memorandum in Support of Motion to Dismiss to be served upon *pro se* Plaintiff by first

class mail addressed to:

JOHN T. PICKERING-GEORGE
2726 Decatur Avenue
Apartment 3
Bronx, NY 10458
*pro se*

on this 18th day of July, 2007.

        /s Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 307-0895