FROM: JOHN T. PICKERING-GEORGE
(FEDERALLY ADOPTED) JOHN R. DALEY, JR.
2726 DECATUR AVE, APT. #3
BRONX NY. 10458

[MAILED OUT ON: 8/4/2007]

[NUMBER OF PAGES: 125]

LEGAL

MAIL

490

TO: COURTS CLERK, NANCY MAYER WHITTINGTON

TO: THE, U.S. DISTRICT COURT,
FOR THE DISTRICT OF COLUMBIA,
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, NW.
WASHINGTON, DC. 20001







RECEIVED

AUG 6 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit A

TO: THE, BUREAU OF ALCOHOL, TOBACCO AND
FIREARMS DIVISION,                                    DATE: 10/17,
WASHINGTON DC., 650 MASSACHUSETTS AVE.,
N.W., WASHINGTON DC. 20226

DIRECTOR: BRADLY A. BUCKELES

TRANSMITT TO: DEPARTMENT OF TREASURY,
1500 PENNSYLVANIA AVE.,
N.W., WASHINGTON, DC. 20220

SECRETARY OF TREASURY: JOHN W. SNOW
GENERAL COUNSEL: DAVIS AUFHAUSER, ROOM 3000

RE: GUN RESTORATION APPLICATION ISSUE

FROM: JOHN T. PICKERING-GEORGE
(FEDERALLY ADOPTED) JOHN R. DALEY, JR.
PRO SE
(D.O.B. 12/23/63), U.S. VIRGIN ISLANDS, (ST. THOMAS)
18 HINES DALE LANE
WILLINGBORO, NJ. 08046

DATE: 10/17/2006

[NUMBER OF PAGES: 14]

[1]

[N]ow HERE COMES PETITIONER-APPLICANT, AND MOTIONS FOR AN PROSPECTIVE MANDATORY INJUNCTION WITH THE APPLICATION FOR GUN RESTORATION PRIVILAGES TO BE RE-ACTIVATED, PURSUANT TO, 5 U.S.C.A. § 706 (2)(A), 18 U.S.C.A. §§ 921(a)(20) AND 921(a)(33)(ii), 922(g)(1), (o), -924(c)(3), 4042(b), (b)(3)(b), AND U.S.S.G. §§ 4B1.1, 4B1.2 (a).

IN ACCORD WITH THE UNITED STATES SUPREME COURT DECISSION OF STINSON, 508 U.S. at 47, 113 S.Ct. 1913. ALSO IN ACCORD WITH, 27 CFR § 178.142 (1982) PARDON OR A CONSENT FROM THE SECRETARY OF THE TREASURY "OPERATE TO RELIEF THE DISSABILITY, ALSO IN ACCORDANCE WITH, THE OMNIBUS ACT, 18 U.S.C.A. §§ 1203(1), 1203(1), 1203(2) AND 925(c),(d)(3),(e)(2) ALSO, WEAPONS LAW: #4, U.S.C.A., PROVISION OF TITLE IV, OF GUN CONTROL ACT AND TITLE VII, OF THE ACT, 18 U.S.C.A. § 925(c),(d)(3),(e)(2), RELIEF FROM FIREARMS DISABILITY IMPOSED,

****** ALSO, PURSUANT TO, U.S. FEDERAL Const. Amendts. 1,5,14TH, U.S.C.A. Const. Art. 2 § 2, cl.2, 5 U.S.C.A. § 706(1), 18 U.S.C.A. §§ 241, 242, 28 U.S.C.A. §§ 1361, 1651(a)

[2]

-50 U.S.C.A. APP. §§ 520, 925 .,
ARTICLE I. U.S.C.A. Const. ART. 1, § 1.

APPLICATION PETITION FOR GUN RESTORATION, IS STILL NOT a CRIME OF VIOLENCE, BECAUSE OF PRIOR GUN CONVICTIONS, IN ACCORD WITH 28 CFR § 55.58 AND 62 FED. REG. 53690 (Oct. 15, 1997, AS STATED DEFENDANT (PETITIONER) EVENTHOUGH WAS INCARCERATED IN STATE PRISON AND STATE CONVICTIONS OF GUN CHARGES WOULD NOT BE a CRIME OF VIOLENCE. PETITIONERS HABEAS CARPUS

MOTION IN THE UNITED STATES SUPREME COURT DECISION OF BAILEY-V-UNITED STATES, 116 S.Ct 501 (1995). PETITIONER MOTIONS FOR RELIEF FROM THE FIREARMS DISABILITYES PURSUANT TO, 18 U.S.C.A. §§ 922 (g)(1), 924 (c)(1) ., CRIMINAL LAW: -1181(2), U.S.C.A. See; TREASURY DEPARTMENT ORDER No. 120-01 (JUNE 1972) SEE-(UPDATED VERSION), ALSO 37 FED. REG. 11696 AND 27 CFR PART 178. AND PURSUANT TO, U.S.S.G §§ 1B1.7, COMMENT, 4B1-1, 4B1.2, 18 USCA, APP=, AND CRIMINAL LAW #1202.3(1). THROUGH, & OUT PETITIONERS JOHN T. PICKERING-GEORGE (ADOPED) JOHN RUAY JR.

[3]

ARREST, AT NO TIME DID HE DURING THE
EXECUTION OF THE POLICE OFFICIALS ARREST
WAS HE, EVERBEEN MENTIONED OF ANY "BEHAVIOR
PROBLEMS" OR "RESISTING ARREST", EVENTHOUGH THE
MASSACHUSETTS, COMMWEALTH, CONVICTED HIM OF
ASSUSLT AND BATTERY, WITH A TIME WHICH
WAS SERVED 3 TO 4 YEARS. POLICE REPORT DATED:-
3/3/95 SHOWS DEFNDANT PUT HIS HANDS OUT
OF THE VIHICLE AS TO SHOW NO RESISTANCE OR
BEHAVIOR PROBLEM, WHICH INLIGHT TO DEFENDANT,
THERE SHOULD NOT BE ANY GRAVE DOUBTS
CONCERNING VIOLENT, BEHAVIOR OR RESISTANCE IN
THE PRESENCE OF

POLICE OFFICIALS, WHILE BEING ARMED WITH A
LICSENS FIREARMS. PLEASE NOTE THAT IF
PETITIONER WAS CHARGED BY FEDERAL BUREAU OF
INVESTIGATION WITH POSSESSION OF A FIREARMS
WHILE OR DURING DRUG TRAFFICKING, BY A FELONIE,
"STILL IS NOT" [A] "CRIME OF VIOLENCE" WITHIN
THE SCOPE OF STATUTE., "ELEMENTS NOR THE
NATURE OF OFFENSE UNDER §§ 841(b)(1) OR 846"
REQUIRING FEDERAL PRISON OFFICIALS TO NOTIFY
LOCAL AUTHORITIES PRIOR TO RELEASE OF PRISONER
CONVICTED OF CRIME OF VIOLENCE . PURSUANT TO,

[4]

18 U.S.C.A. §§ 922(g,o), 924(c)(3), 4042(b), (b)(3)(B),
ALSO IN ACCORD WITH PRISON LAW: # 15(3), U.S.C.A.,
18 U.S.C.A. § 3621(e)(2)(B), 28 CFR § 550.58
PLEASE NOTE: THAT BECAUSE THE (BoP) REGULATION
(28 CFR § 550.58) AND 18 U.S.C. § 3621(e)(2)(B)
CONCERN THE OFFENSE OF CONVICTION, IT WOULD BE
WISE TO FOLLOW THE THIRD AND NITH CIRCUITS.,

TO CONCLUDE THAT THE (BoP) PROGRAM STATEMENT'S
ALLOWENCE OF CONSIDERATION OF FACTORS THAT ARE
NOT PART OF THE OFFENSE OF CONVICTION "IS IN
CONFLICT" WITH THE "PLAIN" LANGUAGE OF THE
STATUTE AND THAT THE (BoP) (BUREAU OF PRISONS)
MAY NOT RELY ON THE SENTENCING ENHANCEMENT
TO DENY ELIGIBILITY FOR THE SENTENCE REDUCTION,
CRIMINAL LAW: # 1202.3, U.S.C.A., 18 U.S.C.A. § 924(e),

EVEN IF A CONCEALABLE FIREARM, NOT A CRIME OF
VIOLENCE, CRIMINAL LAW: # 1030(3), U.S.C.A.,
WEAPONS LAW: #4., 18 U.S.C.A. § 924(c) ALSO
PURSUANT TO PETITIONERS, "SIXTH AMENDMENT RIGHTS"
AND (MY/HIS) GUILTY PLEA BARGINS, IT COULD NOT
REALLY BE CONCREAT THAT WAS NOT ANY DEFECT
IN HIS PRIOR CONVICTIONS.

[5]

PURSUANT TO, CRIMINAL LAW: #1202(1), U.S.C.A.,
U.S.C.A. CONST. AMEND. 6., CRIMINAL LAW: #1144(10),
U.S.C.A CONST. AMEND. 6., CRIMINAL LAW: #641.12 (4),
U.S.C.A., U.S.C.A. CONST. AMEND. 6.,
CRIMINAL LAW: #1186(1), 991, U.S.C.A., WEAPONS LAW: #
4, U.S.C.A., 18 U.S.C.A. APP. { 1202(a)-,
U.S.C.A. CONST. AMEND. 6.

"CONVICTION, WHICH GOVERNMENT ASSERTED AS PROOF
OF PETITIONERS STATUTES AS A CONVICTED FELON,
CONSTITUTIONALLY VOID, etc. IN LIGHT A PERSON
CAN SUCCESSFULLY ATTACK COLLATERALLY A STATE
CONVICTION PURSUANT TO, 28 U.S.C.A. §§ 2253, 2254, 2255.
WHICH PETITIONER DID HIS CONVICTIONS IN THE
COMMONWEALTH OF MASSACHUSETTS.

[T]HERE ARE (NO/ANY) DRUG DEPENDANT OF SAID
PETITIONER, NOR HAS PETITIONER EVER BEEN IN
[A] DRUG RHABILATION PROGRAM OF ANY KIND, SO
THERE IS NO FARE OF RELAPSE. SEE: - - -
LOVELL -V- UNITED STATES DEPT. OF TREASURY:
286 F. SUPP. 571 (W. D. MICH. 1994), SEE:
RONALD C. GRIFFIN OBTAINING RELIEF FROM
FEDERAL FIREARMS DISABILITIES DID CONGRESS
REALLY SUSPEND THE RELIEF AVAILABLE TO

[6]

FELONS THROUGH THE APPROPRIATIONS ATCS?
23 OKLA. CITY U.L. REV. 977 (1998), PLEASE NOTE:
18 U.S.C. § 925(c) REMAINS ON THE BOOKS, OF
CONGRESS AND HAS NOT BEEN, "REPEALED", BY
CONGRESS. ALSO TO BE NOTED, THAT AS THERE IS
A DATABASE To IDENTIFY SUSPECTED DRUG
TRAFFICKERS, THE (NADDIS) NARCOTICS AND
DANGEROUS INFORMATION SYSTEM, WHICH IS A
WELL KNOW "DATA BASE" BY THE FEDERAL
GOVERNMENT, WHICH REDUCES THE MANPOWER THAT
THE SUSPENDED DISSABILITY ACT, THAT CONGRESS
APPLIED. IN THE FEDERAL FIREARMS DISSABILITY ACT.
PURSUANT TO, 18 U.S.C. § 925(c). SEE: - - -
SEATTLE AUBUBON, 503 U.S. AT 440, 112 S.CT. 1407,
- PROVISION, HAD NOTHING To Do WITH FUNDING.

AS STATED SUCH A DATA BASE SHALL REDUCE
THE MANPOWER NEEDED To Do A BACKGROUND CHECK
ON THE INDIVISUAL WHO IS APPLING FOR SUCH
RELIEF. BY DENNING THE PETITIONER, IN ACCORDANCE
WITH THE "SUSPENDED RELIEF" BY CONGRESS, IT
ALSO ON THE OTHER HAND COMPLICATES OTHER
ISSUES, EXAMPLE: "FEDERAL CIVIL RIGHTS"
"RESTORATION", SEE: U.S. CONST. ART. I, § 2, cl. 1.
(RIGHTS To VOTE FOR REPRESENTATIVES).

[7]

U.S. Const., Amdt. XVII (Right to vote for Senators), 28 U.S.C. § 1865 (Rights to serve on a jury), Consideration of the possible relevance of 18 U.S.C. § 925(c) (1988 ed. Supp. IV.), which allows the Secretary of the Treasury to grant relief from the dissability impose by 18 U.S.C. § 922 (g). Federal civil rights actions by (applicant/petitioner) is another "MANDATORY"

appropriation for, gun restoration privillages pursuant to, 42 U.S.C.A. §§ 1983 to 1984, defamation of caractor, which involves, hatred, ridicule, or contempt and slander. Inwhich brings [A] "defamation action", "monetary awards ones restoration privolalages "MUST" be restored, in accordance with, 18 U.S.C. § 925(c).

27 CFR § 178.144(b), (d) which is addressed to the Director of the (ATF) Administration. [A] discovery motion, by said administration will provide numerous civil rights actions, against the, Massachusetts Department of Corrections, (Doc) in the, U.S. District Court, District of Massachusetts, one Courthouse way, Suites, 2300 and 2566, Boston, MA. 02210,

[8]

COURTS CLERKS, SARAH A. THORNTON, U.S. DIST. COURT, AND RICHARD CUSHING DONOVAN, U.S. COURT OF APPEALS, FOR THE FIRST CIRCUIT. "BIVEN CLAIMS ACTION" AGAINST THE (BOP) FEDERAL BUREAU OF PRISONS, GEORGE V. WARDEN, et al. No. 06-2850, U.S. COURT OF APPEALS, FOR THE THIRD CIRCUIT, 21400 U.S. COURTHOUSE, 601 MARKET STREET, PHILADELPHIA 19106-1790, IN (90) DAYS [A] UNITED STATES OF AMERICA, SUPREME COURT CERTIORARI PETITION, WILL BE FILED IN REGARD

TO THE BIVENS CLAIMS, ANOTHER BIVENS CLAIMS AGAINST THE, UNITED STATES MARSHALS SERVICE OF MASSACHUSETTS, BOSTON, "FILED" IN THEE, U.S. DISTRICT COURT, FOR THE DISTRICT OF COLUMBIA, 333 U.S. COURT HOUSE, ALSO IN THE, U.S. COURT OF APPEALS, FOR THE DISTRICT OF COLUMBIA CIRCUIT, No. 05-5464, 05CV01297 AND No. 05-5465, 05CV01626, AND FINALLY [A] "BIVEN CLAIM ACTION" AGAINST THE, (DEA) UNITED STATES DRUG ENFORCEMENT AGENCY, et al., CIVIL ACTION No. H-04-1914, THE, U.S. DISTRICT COURT, FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION P.O. BOX 61010 HOUSTON, TEXAS 77208. COURTS CLERK, MICHAEL MCCBY.

[9]

[T]HE, [J]URISDICTION'S IN THE CIVIL ACTIONS "IS BINDING", PURSUANT TO CONGRESS, [P]ETITIONER [I]s [E]NTITLED TO GUN RESTORATION PRIVELLAGES, PURSUANT TO, 18 U.S.C. § 925(c), 18 U.S.C.A. § 925(c), U.S.C.A. CONST. AMEND. 14. (14 §§ 1,5) "GARUNTEED DUE PROCESS", ▬▬▬ ARTICLE I. AND ARTICLE V.

[P]URSUANT TO, WHICH IS LEGISLATIVE ENACTMENT, IT IS OVERRIDEN, PURSUANT TO, CONSTITUTIONAL LAW: #38, AND #38, U.S.C.A., "THE FUNDAMENTAL AXIOM OF AMERICA LAW, ROOTED IN THE UNITED STATES HISTORY" THE, REQUIREMENTS OF CONSTITUTIONAL PREVAIL OVER A STATUTE IN EVENT OF CONFLICT, U.S. CONST. AMENDTS. FEDERAL STATUTORY LAW WITH, "AUTHORISATION" IS DERRIVED FROM THE CONSTITUTION OF THE UNITED STATES OF AMERICA, 28 U.S.C.A. § 2412(b)(c)(2)(d)(i)(A) — — — MANDATORY CONSTITUTIONAL TORTS/EQUAL ACCESS TO JUSTICE ACT.)

[10]

*\*\*\*\*\*\*\* EVEN WITH NUMEROUS CIVIL RIGHTS ACTIONS, BIVENS CLAIMS, IN THE , U.S. DISTRICT COURTS, PETITIONER-APPLICANT WILL BE ENTITLED TO ,"MONETARY AWARDS", CONSTITUTION AUTHORITY, AND STATUTORY AUTHORITY, OF CONGRESS OF THE UNITED STATES OF AMERICA.

THE "COST" OF [A] "BODY GUARD", "FULL TIME", CAN AND WILL BE VERY EXPENSIVE FOR ANY ONE EVEN WITH, "MONETARY AWARDS" FROM NUMEROUS CIVIL RIGHTS ACTIONS AND BIVENS CLAIMS ACTIONS.

REMOVAL OF PROHIBITION; \*\*\*\*\*\*\* [C]ONGRESS FAILURE TO PROVIDE FUNDING TO BUREAU OF ALCOHOL, TOBACCO AND FIREARMS (ATF) FOR REVIEWING APPLICATION BY CONVICTED FELONES SEEKING RELIEF FROM , DISABILITIES PURSUANT TO THE FIRE ARMS ACT DID NOT SUSPEND, ACT PROVIDING RELIEF FROM FIRE ARMS DISABILITIES, 18 U.S.C.A § 925(c),(d)(3),(e)(2) , SEE: -- BEAN -V- BUREAU OF ALCOHOL, TOBACCO AND FIRE ARMS C.A. 5(TEX) 2001, 253 F.3d 234, REHEARING AND REHEARING EN BANC DENIED 273 F.3d 1105, CERT GRANTED 122 S.Ct. 917, 534 U.S. 11112, 151 L.Ed.2d 883, REVERSED 123 S.Ct. 584, 537 U.S. 71, 154 L.Ed.2d 483 ON REMAND . 322 F.3d 829

[[ 1 ]]

IN CLOSING, PETITIONER PREY FOR THE, RESTORATION OF GUN PRIVELLAGES ENTITLED TO, "PETITIONER-APPLICANT".

I, JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) - JOHN R. DALEY, JR., PRO SE, DECLARE UNDER THE PAINS AND PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, THAT THE ENCLOSED, APPLICATION-PETITION TO THE BUREAU OF ALCOHOL, TOBACCO AND FIREARMS DIVISION, WASHINGTON DC., 650 MASSACHUSETTS AVE. N.W., WASHINGTON DC. 20226 DIRECTOR: BRADLY A. BUCKELES ALSO TO THE, DEPARTMENT OF TREASURY: JOHN W. SNOW, GENERAL COUNSEL: DAVIS AUFHAUSER, ROOM 3000, IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. ON THIS, 10TH MONTH, 17TH DAY, 2006TH YEAR.

CC/FILE

DATED: 10/17/06

J.T.PG (FED. ADPT.) J.R.D.JR.

RESPECTFULLY SUBMITTED,

John T. Pickering-George (FED. ADPT.) John R. Daley, Jr.
JOHN T. PICKERING-GEORGE (FED. ADPT.) JOHN R. DALEY, JR.
PRO SE

18 HINESDALE LANE
WILLINGBORO, N.J. 08046

[12]

## CERTIFICATE OF SERVICE

I, JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) --
JOHN R. DALEY, JR. PRO SE., HERE BY CERTIFY THAT
ON THE (MONTH/DATE/YEAR), OF 10/17/2006 "DID"
(MAIL/SERVE) THE ENCLOSED MATTER IN REGARDS TO,
"GUN RESTORATION APPLICATION" AND "MEMORANDUM OF
LAW", TO THEE, BUREAU OF ALCOHOL, TOBACCO AND
FIRE ARMS DIVISION; WASHINGTON DC.,
650 MASSACHUSETTS AVE., N.W., WASHINGTON DC.
20226., DIRECTOR, BRADLY A. BUCKELES, [T]HE,
PRO SE PETITIONER - APPLICANT, RECORD OF THE ENCLOSED
MATTER FOR EACH PARTY WAS MAILED/BY HAND/BY
REGULAR MAIL.

RESPECTFULLY SUBMITTED,
John T. Pickering-George (FED. ADOPT.) John R. Daley Jr
JOHN T. PICKERING-GEORGE (FED. ADOPT.) John R. DALEY JR
PRO SE

CC/FILE

DATED: 10/17/06

J.T.P.G. (ADOPT) JR D. JR.

18 HINESDALE LANE
WILLINGBIRO, NJ. 08046


13

FROM: JOHN T. PICKERING-GEORGE
(FED. ABOVE) JOHN R. DALEY, JR
15 HINESDALE LANE
WILLINGFIELD, NJ 08046

[NUMBER OF PAGES: 14]
[MAILED OUT ON 10/17/2005]

TO: BRADLY A. BUCKELES

TO: BUREAU OF ALCOHOL, TOBACCO AND
FIRE ARMS DIVISION,
WASHINGTON DC., 650 MASSACHUSETTS AVE.,
N.W., WASHINGTON DC. 20226

LEGAL MAIL

# EXHIBIT: B

To: THE, U.S. DISTRICT COURT,                                    DATE: 3/17/2007
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC. 20001

To: COURTS CLERK, NANCY MAYER WHITTINGTON

RE: FAILURE TO RESPOND, TO PETITIONERS, PETITION FOR,
"GUN RESTORATION PREVILAGES", U.S. FEDERAL CONST. AMENDTS. 1, 5, 14.1,
U.S. FEDERAL CONST. ART. I, §8, cl.1., U.S. FED. CONST. ART. I, §9, cl.7.
18 U.S.C.A. §§ 2412, 2414 ., 18 U.S.C.A. §§ 925(c)(d)(3)(4)(e)(2) , 925A(2).
5 U.S.C.A. § 552(a)(4)(E)

TRANSMITT  To: BUREAU OF ALCOHOL, TOBACO FIREARMS AND EXPLOSIVES
650 MASSACHUSETTS AVE., N.W., ROOM 6100.,
WASHINGTON, DC. 20226

To: DIRECTOR: CARL J. TRUSCOTT.

TRANSMITT To: U.S. DEPARTMENT OF JUSTICE
ATTORNEY GENERAL
950 PENNSYLVANIA AVE., N.W.
WASHINGTON, DC. 20530.

[1]          [NUMBER OF PAGES: 8 ]

TRANSMITT TO: DEPARTMENT OF TREASURY

AND THE TORT BRANCH, CIVIL DIVISION

1500 PENNSYLVANIA AVE. N.W.

WASHINGTON, D.C. 20220.

FROM: JOHN T. PICKERING-GEORGE

(FEDERALLY ADOPTED) JOHN R. DALEY, JR.

PRO SE

2726 DECATUR AVE. APT. #3

BRONX, NY 10458

[N]OW HERE COMES, (PLAINTIFF-PETITIONER),

JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) JOHN R. DALEY, JR.,

(D.O.B. -12/23/63), UNITED STATES VIRGIN ISLANDS,

CHARLOTTE AMALIE, ST. THOMAS. PRO SE AND "MOTIONS"

TO THE COURT, IN REGARDS TO, GOVERNMENT NOT

RESPONDING TO, (PLAINTIFF-PETITIONER) PETITION

FOR GUN RESTORATION PRIVELAGES, PURSUANT TO, *******

U.S. FEDERAL CONST. AMENDTS, 1, 5, 14, 15.,  . . . . . . .

U.S. FEDERAL CONST. ART. I, §8, cl.1., . . . . . . .

U.S. FEDERAL CONST. ART. I, §9, cl. 7., 28 U.S.C.A. §§ 2412, 2414.,

18 U.S.C.A. §§925(c)(d)(3)(4)(e)(2), 5 U.S.C.A. I 552(a)(4)(e)

[2]

\* \* \* \* \* \* \* [P]URSUANT TO, U.S. FEDERAL CONST. AMENDTS. 1, 5, <u>14.1, 5</u>·, GOVERNMENT SHALL NOT ABRIDGE OR SUPPRESS SPEECH, LIBERTY INTREST, "<u>DUE PROCESS</u>, <u>GARUNTEED DUE PROCESS</u>" "<u>CONSTITUTIONAL RIGHTS</u>", SUPPRESSION OF SPEECH, REGULATION MUST BE NARROWLY TAILORED TO SERVE SIGNIFICANT GOVERNMENTAL INTEREST AND LEAVE <u>OPEN</u> AMPLE ALTERNATIVE FOR COMMUNICATION OF INFORMATION,

U.S. FEDERAL CONST. AMENDT. 1·, 28 U.S.C.A. §§ 1331, 1367(a)·, 18 U.S.C.A. §§ 241, 242, 925, 925A "UNDER COLOR OF LAW", 5 US.C.A. § 552(a)(4)(E) (FOIA) FREEDOM OF INFORMATION ACT, PLAINTIFF-PETITIONER "<u>DID NOT</u>", RECEIVE ANY RESPONSE, (<u>90 DAYS</u>) AFTER "<u>FILING</u>" [A] PETITION TO (ATF) FOR GUN RESTORATION PREVILAGES, 5 U.S.C.A. § 552(a)(4)(E) (FOIA) FREEDOM OF INFORMATION ACT·, NEVER RECEIVED ANY "<u>RESPONSE, STATUS</u>" \* \* \* \* \* \* \* CROOKER-V-UNITED STATES DEPT. OF TREASURY: 663 F.2d 140 (1980) 141--142, <u>PRO SE</u> PLAINTIFF-PETITIONER "<u>MOTIONS</u>" FOR "<u>ATTORNEY FEES</u>" FOR FAILURE TO RESPOND, FOR THE SUM OF, $50,000. FIFTY THOUSAND DOLLARS,

\* \* \* \* \* \* \* "<u>MANDATED</u>", BECAUSE "THE FEDERAL GOVERNMENT AND ITS AGENCIES" ARE NOT IMMUNE FROM SUIT PURSUANT TO, U.S. FEDERAL CONST. AMENDT<u>S. 1, 5, 14.1, 5</u>·, U.S.C.A. CONST. AMENDS·, LYNCH-V-UNITED STATES: 292 U.S. 571-589, 571-572 "INDEX", CONCLUSION: 589 --

[3]

AND  SABRI-V-UNITED  STATES: 541 U.S. 600-610, 600-602, 602-610,
CONCLUSION: 608-610 , U.S. FEDERAL CONST. ART. I, § 8, cl.1.,
U.S. FEDERAL CONST. ART. I, § 8, cl.18., U.S.C.A. CONST. AMEND. ART.,

****** "PUBLIC MONEYS", U.S. FEDERAL CONST. ART. I, § 8, cl.1.,
"APPROPRIATIONS CLAUSE", U.S. FEDERAL CONST. ART. I, § 9, cl. 7.,
U.S.C.A. CONST. AMEND. ART. AND 28 U.S.C.A. §§ 2412, 2414.
[B]Y NOT RESPONDING, IN REGARDS TO [A] PETITIONERS,
PETITION TO THEE, BUREAU OF ALCOHOL, TOBACO FIREARMS
AND EXPLOSIVES , (BATFE), ILLINIOS -V- ABBITT + ASSOCIATES
-INC: 75 L ed 2d 281-923, 281-282 "SUMMARY" APPLIES
TO SUIT AGAINST OTHER OFFICIALS, .....

NATHAN -V- ATTORNEY GENERAL OF UNITED STATES: ---
557 F. SUPP. 1186 (1983) AT #1187-1190, CONCLUSION: 1190 -
-1191, ATTORNEY GENERAL REFUSAL TO INVESTIGATE,
TO FORCE, ATTORNEY GENERAL TO CARRY OUT HIS
STATUTORY DUTIES IN GOVERNMENT ACT. "ETHICS
IN GOVERNMENTAL ACTS", ......
IN RE CERTAIN COMPLAINS UNDER INVESTIGATION: ---
783 F.2d 1488, 1505-1515, 1515-1516 (C.A.11, A86),
CONCLUSION: 1525-1526.

[4]

****** THE GOVERNMENT HAS THE RESPONSIBILITY, SPECIAL RESPONSIBILITY TO ENSURE THE INTEGRATY OF CIVIL + CRIMINAL "PROCESS" BY LIVING UP TO THE "CODE OF PROFESSIONAL ETHICS" AND "FAIR PLAY" AT "ALL TIMES". "MANDATORY INJUNCTION AFFIRMATIVE INJUNCTION, "GOVERNMENT PROPRITY CAPACITY", PURSUANT TO, U.S. FEDERAL CONST. ART. 3, § 1 CONGRESS SUIT AGAINST THE STATE, U.S. FEDERAL CONST. ART. I, §8 cl.18 "SWEEPING CLAUSE".

****** DENIAL OF ACCESS TO THE COURT VIOLATION BY NOT RESPONDING PURSUANT TO, U.S. FEDERAL CONST. ART. 4, §2, cl. 1, . . . . . . . U.S. FEDERAL CONST. AMENDTS. 1, 5, 14, 1, 5., GOVERNMENT IS NOT IMMUNE FROM SUIT. "CONSTITUTIONAL CLAIMS", ANY ACT OF CONGRESS OR ANY REGULATION OF EXECUTIVE DEPARTMENT CONGRESS WAIVED SOVERIGN IMMUNITY THE FEDERAL GOVERNMENT DEFENSE, . . . . . . . UNITED STATES -V- MITCHEL : 463 U.S. 206, 212-218 (1983) AND BOWEN -V- MASSACHUSETTS : 487 U.S. 879, 891-892.

[5]

ENCLOSING PLAINTIFF-APPELLANT PRAYS FOR THE, ENCLOSED MEMORANDUM OF LAW TO BE GANTED AND THE DISBURSMENT OF MONETARY DEMAND, PURSUANT TO THE MANDATED AUTHORITY IN ACCORDANCE WITH THE MEMORANDUM OF LAW.

I, JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) JOHN R. DALEY, JR., DECLARE UNDER THE PAIRS AND PENALTIES OF PERJURY THAT THE FOREGOING ENCLOSED IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION.

RESPECTFULLY SUBMITTED,

John T. Pickering-George (FEDERALLY ADOPTED) John R. Daley, Jr.

JOHN T. PICKERING-GEORGE (FED. ADOPT.) JOHN R. DALEY, JR.

PRO SE

2726 DECATUR AVE. APT. #3

BRONX NY. 10458

CC/FILE

DATED: 3/17/2007

J.T.P.G (FED. ADOPT.) J.R.D, JR.

[6]

CERTIFICATE OF SERVICE

I, JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) JOHN R. DALEY, JR.., PRO SE, HEREBY CERTIFY THAT ON THE, (MONTH/DATE/YEAR), OF, 3RD MONTH, 17TH DAY, 2007TH YEAR. "DID" (MAIL/SERVE) THE ENCLOSED MATTER IN REGARDS TO, FAILURE TO RESPOND, TO PETITIONERS, PETITION FOR "GUN RESTORATION PREVILAGES".

[T]o THE, U.S. DISTRICT COURT, FOR THE DISTRICT OF COLUMBIA. 333 CONSTITUTION AVENUE, N.W. WASHINGTON, DC. 20001, COURTS CLERK, NANCY MAYER WHITTINGTON AND TO BE "TRANSMITTED" TO THEE, BUREAU OF ALCOHOL, TOBACO FIREARMS AND EXPLOSIVES, 650 MASSACHUSETTS AVE., N.W., ROOM 6100., WASHINGTON, DC. 20226. AND ANY OTHER ADMINISTRATIONS, ****** BECAUSE OF PLAINTIFF-PETITIONERS "INDIGENCY", U.S. FEDERAL CONST. AMENDTS. 1, 5, 14. 1, 5, DUE PROCESS + GARUNTEED DUE PROCESS {14 § 1, 5}, {14 § 5}, ORTWEIN-V-SCHWAB: 35 LED 2d 834-837 BODDIE-V-CONNECTICUT: 401 U.S. 371 CONFORMED TO, 329 F. SUPP 844. THE PRO SE PARTY RECORD FOR EACH PARTY. (BY HAND/BY REGULAR MAIL).

RESPECTFULLY SUBMITTED,

John T. Pickering-George (FED. ADOPT.) John R. Daley.

cc/FILE

DATED: 3/17/07

J. T. P-G (FED. ADOPT.) J.R.D, JR.

John T. PICKERING-GEORGE (FED. ADOPT.) JOHN R. DALEY

PRO SE

2726 DECATUR AVE- APT. #3

BRONX NY. 10458

[7]

FROM: JOHN T. PICKERING-GEORGE
(FEDERALLY ADOPTED) JOHN R. DALEY, JR.
2726 DECATUR AVE. APT. #3
BRONX NY. 10458

[NUMBER OF PAGES: 8]

[MAILED OUT ON: 3/17/2007]



LEGAL MAIL

TO: THE U.S. DISTRICT COURT,
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC. 20001

TO: COURTS CLERK, NANCY MAYER WHITTINGTON



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

JUN 28 2007

Washington, DC 20226
www.atf.gov

Mr. John T. Pickering
2726 Decatur Avenue, Apt. 3
Bronx, New York 10458

Dear Mr. Pickering:

This letter is in response to the enclosed petition for Federal firearms relief, dated October 17, 2006. We have a record indicating that you may have submitted such a petition to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on or about October 26, 2006. We understand that you recently sued ATF for failure to respond to your petition. John T. Pickering-George (federally adopted) John R. Daley, Jr. v. ATF, Case No. 07-0899 (RJL) (D.D.C. filed May 14, 2007). In those proceedings, you filed the enclosed copy of your petition, claim that you submitted to the petition to ATF, and allege that ATF failed to respond.

While ATF has a record indicating that you may have submitted this petition to the agency, unfortunately, ATF cannot locate an original petition and has no record of forwarding a response to you. This letter serves as your response to the enclosed petition. We apologize for the delay.

As you are aware, ATF is responsible for enforcing the Gun Control Act (GCA) of 1968. The GCA contains a provision allowing persons who are prohibited from possessing firearms or ammunition to apply to the Attorney General for relief from these disabilities. The Attorney General has delegated this authority to ATF.

However, since 1992, ATF's annual congressional appropriation has prohibited the expending of any funds to investigate or act upon applications for relief from Federal firearms disabilities for individuals. The current restriction is located in Pub. L. No. 109-108, as extended by Pub. L. No. 110-5, which contains ATF's appropriations for fiscal year 2007. As long as this provision is in effect, the Bureau cannot act upon applications submitted by individuals.

Please note that the United States Supreme Court has held that ATF's current inability to act on applications for relief does not amount to a "denial" of such applications within the meaning of the GCA. See United States v. Bean, 537 U.S. 71 (2002). Therefore, the judicial review provided in the GCA is not available in the absence of such a denial,

Without specific knowledge of the details concerning your prohibition, we are unable to provide more specific information to you at this time. For example, if your prohibition is due to a State conviction for an offense punishable by imprisonment for more than year, you may contact the

State attorney general's office in the State where the conviction occurred to determine if there may be State relief available to you.

We hope this information proves helpful to you. Please do not hesitate to contact us if you have any questions.

Sincerely yours,

Philip A. Awe
Acting Chief, Firearm Enforcement Branch

Inmate Sentence Listing
W59561 DALEY, JOHN JR
Sentence Unit: A

eport Date: 16-JAN-96 17:06:52                    Reason: Additional Sentence
--------------------------------------------------------------------------------

ent #: 1            Statute: 94C    32A      a
                              Poss w/int to dist Class B
                              Poss Class B w/int to dist.
  Off. Date: 03-MAR-95        Poss Class B w/int to dist.           PE: 05-NOV-97
  Sent. Type: State Prison            8 yrs 0 mos 0 dys            Min: 05MAR2003
    Imposed: 03-NOV-95                     to                     Max: 05MAR2005
    Invoked: 03-NOV-95            10 yrs 0 mos 0 dys              GCD: 05MAR2005
  ail Credit: 242
  Effective: 06-MAR-95            Sentence has restrictions
       Court: SUFFOLK SUPERIOR COURT
      Docket: 95-10462-001


ent #: 2            Statute: 269    10       a
                              Possession of a Dangerous Weapon
                              Firearm
  Off. Date: 24-APR-90         Firearm                             PE: 05-MAR-96
  Sent. Type: State Prison            3 yrs 0 mos 0 dys           Min: 05-MAR-98
    Imposed: 03-NOV-95                     to                    Max: 05-MAR-99
    Invoked: 03-NOV-95             4 yrs 0 mos 0 dys             GCD: 13-JUL-97
  ail Credit: 242
  Effective: 06-MAR-95            Sentence has restrictions
       Court: SUFFOLK SUPERIOR COURT
      Docket: 90-87129


ent #: 3            Statute: 269    10       a
                              Possession of a Dangerous Weapon
                              Firearm
  Off. Date: 03-MAR-95         Firearm                             PE: 05-JUL-96
  Sent. Type: State Prison            4 yrs 0 mos 0 dys           Min: 05-MAR-99
    Imposed: 03-NOV-95                     to                    Max: 05MAR2000
    Invoked: 03-NOV-95             5 yrs 0 mos 0 dys             GCD: 05MAR2000
  ail Credit: 242
  Effective: 06-MAR-95            Sentence has restrictions
       Court: SUFFOLK SUPERIOR COURT
      Docket: 95-10462-006


ent #: 4            Statute: 265    15A
                              A & B by means of D. W.
  Off. Date: 03-MAR-95         A & B by means of D. W.             PE: 05-MAR-96
  Sent. Type: State Prison            3 yrs 0 mos 0 dys           Min: 05-MAR-98
    Imposed: 03-NOV-95                     to                    Max: 05-MAR-99
    Invoked: 03-NOV-95             4 yrs 0 mos 0 dys             GCD: 05-MAR-99
  ail Credit: 242
  Effective: 06-MAR-95            Sentence has restrictions
       Court: SUFFOLK SUPERIOR COURT
      Docket: 95-10462-002

```
                        Inmate Sentence Listing
                        W59561 DALEY, JOHN JR
                          Sentence Unit: A
eport Date: 16-JAN-96 17:06:52              Reason: Additional Sentence
-----------------------------------------------------------------------
ent #: 5           Statute: 94C     32              D2ND
                          Class A substances
 Off. Date: 24-APR-90     CLASS D 2ND OFFENSE                PE: 05-MAR-96
 Sent. Type: State Prison              3 yrs 0 mos 0 dys    Min: 05-MAR-98
    Imposed: 03-NOV-95                        to            Max: 05-MAR-99
    Invoked: 03-NOV-95                 4 yrs 0 mos 0 dys    GCD: 13-JUL-97
ail Credit: 242
  Effective: 06-MAR-95
      Court: SUFFOLK SUPERIOR COURT
     Docket: 90-87128


   Paroled    Revoked    Returned                Escaped    Returned
   --------   --------   --------                --------   --------

                                     Combined dates as of 16-JAN-96
     Time on parole:      0      ---------------------------------------
ead time (parole):       0              __Original__   __Adjusted__
ead time (escape):       0      PE Date:   05-NOV-97     05-NOV-97
       Earned time:     .00     Minimum:   05MAR2003
       Forfeitures:     .0      Maximum:   05MAR2005
      Restorations:     .0      GCD Date:  05MAR2005
```

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

To the Sheriff of said County of Suffolk, his Deputies, the Officers hereinafter named and the Superintendent of the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk;

GREETING:

Whereas, by the consideration of the Superior Court Department of the Trial Court for Criminal Business, holden at Boston within and for the County of Suffolk, on the    third    day of    November in the year of our Lord one thousand nine hundred and    ninety-five

JOHN DALEY, the younger of that name, otherwise known as
JUSTICE HILL

now in the custody of the Sheriff of said County of Suffolk, convicted of the crime of

POSSESSION OF CLASS B CONTROLLED SUBSTANCE WITH
INTENT TO DISTRIBUTE (94C-32A (a)

for which crime the said    Daley, Jr., Alias    was sentenced to be confined in the Massachusetts Correctional Institution, Cedar Junction, for a term of not more than    ten (10)    years and not less than    eight (8)    years and to stand committed in pursuance of said sentence.

The Court in imposing sentence orders deft. be deemed to have served two hundred forty-two (242) days of said sentence in confinement  awaiting disposition of this matter.

Victim/witness and drug assessment fees WAIVED by the Court.

We therefore, command you, the said Sheriff, Deputies, and Officers of the Court, to remove the said    Daley, Jr., Alias    from the Jail in Boston in the said County of Suffolk, to the Massachusetts Correctional Institution, Cedar Junction, in the said County of Norfolk; and we command you, the said Superintendent to receive the said    Daley, Jr., Alias    and immediately thereon to cause the said    Daley, Jr., Alias    to be confined therein for a term of not more than    ten (10).    years, and not less than    eight(8)    years.

And so doing this shall be your warrant; and you the said Sheriffs and Officers are to make return of this warrant with your doings thereon to the Office of the Clerk/Magistrate of said Superior Court in Boston soon as may be.

WITNESS, ROBERT A. MULLIGAN, Chief Justice of said Court and the seal thereof at Boston aforesaid, this    third    day of.    November in the year of our Lord nineteen hundred and ninety- five.

A TRUE COPY
ATTEST

Robin E. Vaughan
ASSISTANT CLERK.

M.C.I. CEDAR JUNCTION

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

To the Sheriff of said County of Suffolk, his Deputies, the Officers hereinafter named and the Superintendent of the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk;

### GREETING:

Whereas, by the consideration of the Superior Court Department of the Trial Court for Criminal Business, holden at Boston within and for the County of Suffolk, on the   third          day of    November in the year of our Lord one thousand nine hundred and  ninety-five

JOHN R. DALEY

now in the custody of the Sheriff of said County of Suffolk, convicted of the crime of

UNLAWFULLY CARRYING A FIREARM ON HIS PERSON (269-10a)

for which crime the said    Daley                   was sentenced to be confined in the Massachusetts Correctional Institution, Cedar Junction, for a term of not more than four (4)      years and not less than        three (3)        years and to stand committed in pursuance of said sentence.    This sentence to be served CONCURRENTLY with sentence imposed this day on said defendant to said M.C.I. on # 95-10462-001. The Court in imposing sentence orders defendant be deemed to have served two hundred forty two (242) days of said sentence in confinement awaiting disposition of this matter.

We therefore, command you, the said Sheriff, Deputies, and Officers of the Court, to remove the said    Daley                from the Jail in Boston in the said County of Suffolk, to the Massachusetts Correctional Institution, Cedar Junction, in the said County of Norfolk; and we command you, the said Superintendent to receive the said Daley                     and immediately thereon to cause the said Daley,              to be confined therein for a term of not more than     four (4)        years, and not less than     three (3) years, to be served as aforesaid.

And so doing this shall be your warrant; and you the said Sheriffs and Officers are to make return of this warrant with your doings thereon to the Office of the Clerk/Magistrate of said Superior Court in Boston soon as may be.

WITNESS,     ROBERT A. MULLIGAN        , Chief      Justice of said Court and the seal thereof at Boston aforesaid, this      third         day of November      in the year of our Lord nineteen hundred and ninety-five.

A TRUE COPY
ATTEST

M.C.I. CEDAR JUNCTION

Robin E. Vaughan
ASSISTANT CLERK.

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

To the Sheriff of said County of Suffolk, his Deputies, the Officers hereinafter named and the Superintendent of the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk;

**GREETING:**

Whereas, by the consideration of the Superior Court Department of the Trial Court for Criminal Business, holden at Boston within and for the County of Suffolk, on the     third      day of   November in the year of our Lord one thousand nine hundred and ninety-five

JOHN DALEY, the younger of that name, otherwise known as JUSTICE HILL

now in the custody of the Sheriff of said County of Suffolk, convicted of the crime of

POSSESSION OF FIREARM, HOME/WORK, NOT HAVING A LICENSE
( 269 10a)

for which crime the said    Daley, Jr., Alias           was sentenced to be confined in the Massachusetts Correctional Institution, Cedar Junction, for a term of not more than    five (5)        years and not less than       four (4)       years and to stand committed in pursuance of said sentence. This sentence to be served CONCURRENTLY with sentence imposed this day on said deft. to said M.C.I. on # 95-10462-001. The Court in imposing sentence orders dedt. be deemed to have served two hundred forty-two (242) days of said sentence in confinement awaiting disposition of this matter.

We therefore, command you, the said Sheriff, Deputies, and Officers of the Court, to remove the said  Daley,Jr., Alias      from the Jail in Boston in the said County of Suffolk, to the Massachusetts Correctional Institution, Cedar Junction, in the said County of Norfolk; and we command you, the said Superintendent to receive the said Daley, Jr., Alias          and immediately thereon to cause the said Daley, Jr., Alias          to be confined therein for a term of not more than    five (5)         years, and not less than      four (4) years.; to be served as aforesaid..

And so doing this shall be your warrant; and you the said Sheriffs and Officers are to make return of this warrant with your doings thereon to the Office of the Clerk/Magistrate of said Superior Court in Boston soon as may be.

WITNESS,   ROBERT A. MULLIGAN         , Chief    Justice of said Court and the seal thereof at Boston aforesaid, this     third        day of November      in the year of our Lord nineteen hundred and ninety-five.

**A TRUE COPY**
**ATTEST**

M.C.I. CEDAR JUNCTION

Robin E. Vaughan
ASSISTANT CLERK.

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**

To the Sheriff of said County of Suffolk, his Deputies, the Officers hereinafter named and the Superintendent of the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk;

**GREETING:**

Whereas, by the consideration of the Superior Court Department of the Trial Court for Criminal Business, holden at Boston within and for the County of Suffolk, on the    third    day of    November in the year of our Lord one thousand nine hundred and  ninety-five

JOHN    DALEY
, the younger of that name,
otherwise known as JUSTICE HILL
now in the custody of the Sheriff of said County of Suffolk, convicted of the crime of

ASSAULT AND BATTERY By MEANS OF A DANGEROUS WEAPON (265-15A)

for which crime the said    Daley    was sentenced to be confined in the Massachusetts Correctional Institution, Cedar Junction, for a term of not more than four (4)    years and not less than    three (3)    years and to stand committed in pursuance of said sentence. This sentence to be served CONCURRENTLY with sentence imposed this day on said defendant to said M.C.I. on # 95-10462-001.
The Court in imposing sentence orders defendant be deemed to have served two hundred forty two (242) days of said sentence in confinement awaiting disposition of this matter.

We therefore, command you, the said Sheriff, Deputies, and Officers of the Court, to remove the said    Daley    from the Jail in Boston in the said County of Suffolk, to the Massachusetts Correctional Institution, Cedar Junction, in the said County of Norfolk; and we command you, the said Superintendent to receive the said Daley
Daley,    and immediately thereon to cause the said
to be confined therein for a term of not more than    four (4)    years, and not less than    three (3) . years, to be served as aforesaid.

And so doing this shall be your warrant; and you the said Sheriffs and Officers are to make return of this warrant with your doings thereon to the Office of the Clerk/Magistrate of said Superior Court in Boston soon as may be.

WITNESS,    ROBERT A. MULLIGAN    ., Chief    Justice of said Court and the seal thereof at Boston aforesaid, this    third    day of November    in the year of our Lord nineteen hundred and ninety- five.

A TRUE COPY
ATTEST

Robin  E.  Vaughan
M.C.I. CEDAR JUNCTION                 ASSISTANT CLERK.

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**

To the Sheriff of said County of Suffolk, his Deputies, the Officers hereinafter named and the Superintendent of the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk;

**GREETING:**

Whereas, by the consideration of the Superior Court Department of the Trial Court for Criminal Business, holden at Boston within and for the County of Suffolk, on the      third          day of    November in the year of our Lord one thousand nine hundred and   ninety-five

JOHN R. DALEY

now in the custody of the Sheriff of said County of Suffolk, convicted of the crime of

POSSESSION OF CLASS D CONTROLLED SUBSTANCE WITH INTENT
TO DISTRIBUTE (94C-32C (a)

for which crime the said    Daley                      was sentenced to be confined in the Massachusetts Correctional Institution, Cedar Junction, for a term of not more than four (4)       years and not less than        three (3)        years and to stand committed in pursuance of said sentence. This sentence to be served CONCURRENTLY with sentence imposed this day on said defendant to said M.C.I. on # 95-10462-001.
The Court in imposing sentence orders defendant be deemed to have served two hundred forty two (242) days of said sentence in confinement awaiting disposition of this matter.

We therefore, command you, the said Sheriff, Deputies, and Officers of the Court, to remove the said    Daley              from the Jail in Boston in the said County of Suffolk, to the Massachusetts Correctional Institution, Cedar Junction, in the said County of Norfolk; and we command you, the said Superintendent to receive the said
Daley                        and immediately thereon to cause the said
Daley,         to be confined therein for a term of not more than     four (4)        years, and not less than      three (3) years, to be served as aforesaid.

And so doing this shall be your warrant; and you the said Sheriffs and Officers are to make return of this warrant with your doings thereon to the Office of the Clerk/Magistrate of said Superior Court in Boston soon as may be.

WITNESS,    ROBERT A. MULLIGAN    ,  Chief    Justice of said Court and the seal thereof at Boston aforesaid, this    third         day of
November        in the year of our Lord nineteen hundred and ninety- five

Robin E. Vaughan
Robin E. Vaughan
ASSISTANT CLERK.

**M.C.I. CEDAR JUNCTION**

MCI-WALPOLE
PURCHASE SLIP

Date: 10/25/04

Amount: $ 5.00

Payable To: THE, UNITED STATES DISTRICT COURT, COURTS CLERK: TONEY ANASTAS, FOR THE DISTRICT OF MASSACHUSETTS ONE COURTHOUSE WAY, SUITE 2300, BOSTON MA-02210

For: HABEAS CORPUS REVIEW (CRIMINAL CONVICTION)

JOHN T. GEORGE; JOHN R. DALEY, JR. - W59561

Name                              Comm #

"TEN BLOCK" - WWSU

Block

Approval: Unit Mgr.

---

MCI—WALPOLE

Date: 10/25/04

Amount: $ 5.00

To: THE, U.S. DISTRICT COURT COURTS CLERK: -- TONEY ANASTAS, FOR THE DISTRICT OF MASSACHUSE

For: HABEAS CORPUS REVIEW

JOHN T. GEORGE; DALEY W59561

Name                              Comm #

"TEN BLOCK" - WWSU

Block

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### MCI CEDAR JUNCTION

Date:   2004 1202 14:37:10          Inmate Disbursement Receipt          Receipt #   3758444

| | |
|---|---|
| Institution : | MCI CEDAR JUNCTION |
| Unit : | TEN BLOCK |
| Block : | 22 |
| Commit # : | W59561 |
| Name : | DALEY, JOHN, , JR |
| Type Of Transaction : | EX - External Disbursement |
| Date of Transaction : | 20041202 |
| Source : | |
| External Contact : | UNITED STATES DISTRICT COURT |
| Amount : | $   5.00 |
| Comments : | HABEAS CORPUS REVIEW / STATE COURT CRIMINAL CONVICTIONS |

Current Balances :

| Personal | Savings | Frozen | Sentence Fees | Restitution Fees | Loan Amount |
|---|---|---|---|---|---|
| 44.03 | 73.99 | .00 | .00 | .00 | .00 |

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTION
MCI CEDAR JUNCTION

Date: 2004 1108 10:49:42          Inmate Disbursement Receipt          Receipt # 3627625

| | |
|---|---|
| Institution : | MCI CEDAR JUNCTION |
| Unit : | TEN BLOCK |
| Block: | 22 |
| Commit # : | W59561 |
| Name : | DALEY, JOHN, , JR |
| Type Of Transaction : | EX - External Disbursement |
| Date of Transaction : | 20041108 |
| Source : | |
| External Contact : | U.S. DISTRICT COURT |
| Amount : | $     5.00 |
| Comments : | |

Current Balances :

| Personal | Savings | Frozen | Sentence Fees | Restitution Fees | Loan Amount |
|---|---|---|---|---|---|
| 64.45 | 73.84 | .00 | .00 | .00 | .00 |

TO: THE, UNITED STATES DISTRICT COURT,

    FOR, THE DISTRICT OF MASSACHUSETTS

    ONE COURTHOUSE WAY, SUITE 2300

    BOSTON MA. 02210

COURTS CLERK: TONEY ANASTAS  AND "JUDGES CHAMBERS"

TO: THE SOLICITOR GENERAL OF THE UNITED STATES,

    ROOM 5614, DEPARTMENT OF JUSTICE,

    950 PENNSYLVANIA AVE,

    N.W. WASHINGTON D.C. 20530-0001

TO: STATE ATTORNEY GENERAL

    THOMAS F. REILLY

    ONE ASHBURTON, BOSTON MA.02109

            AND

THE COUNSEL FOR THE STATE ATTORNEY GENERAL OF MASSACHUSETTS

FROM: JOHN T. GEORGE; JOHN R. DALEY,Jr. -W59561

    PRO SE

    MCI CEDAR JUNCTION WALPOLE

    P.O.BOX 100

    SOUTH, WALPOLE MA.020271

RE: WRIT OF HABEAS CORPUS REVIEW, FILED, PROCESSED AND DOCKETED

DATE: 10/25/04

                       [Number of Pages: 43 ]

                       [ Number of Pages Total:73 ]

Currently befor the Court is [A] "motion" for the,"Writ of Habeas Corpus" (Criminal) for [A] mandamus, All Writ Act in accordance with the, motion to, vacate, set aside, correct sentenc and the dismissal of, (my/his) State Criminal Massachusetts Commonwealth's Convictions, pursuant to, 28 U.S.C. §§ - 1651(a)(b), 2241,2243, 2254(d)(1), 2255 , U.S.C.A. , U.S.C.A. Const. Amend.- 14th (14 §§ 1,5) "Gauranteed Due Process"****** Please Note" -- 28 U.S.C. § 2254(d)(1) "Evidentary Hearing" , Must Be Granted In Federal Court -s , On State Courts Proceedings; Also pursuant to, 18 U.S.C. §§ 3001,3431; - U.S.C.A. , U.S.C.A. Const. Amend.14th (14 §§ 1,5) Article.V. - Fed.Rules.Crim.Proc.Rules.39(d) "Argument Rule and 48(b) "Dimisal Rule", In accordance with,Federal rules of Criminal Procedure for the,United States District Courts. And Federal Statutory Laws of Congress of the United States of America.[W]ithin the referance in Text of said issues., In Aid of Jurisdiction, Birfurcation Relief,Provisions, Sections,Statute

-s To Effectuate The,"Habeas Corpus Revieew" of petitioner.

[E]nclosed also are the State and Federal Table of Cite and

Motion To Dismiss my criminal convictions pursuant to, -

mass.R.App.Proc.Rule.3. and  Fed.rules.App.Proc.22(b)(1). Also

pursuant to, Fed.R.App.Proc.Rule.34(a)(b), First Circuit Rule.-

10(a)(b), 18 U.S.C.A. "The Cause Is Therefore Submitted Without

Oral Argument". As stated petitioner "seeks" [A] "Quantum Change"

(Out Right Freedom) pursuant to, 5 U.S.C. §§ 551, 552, 702-706 -

(APA) "Generally", Title:5 , Administration and Executive Departm

-ent.[P]etitioners Affidavit Not  To File Suit For Wrongful

Imprisonment Is Enclosed Also. Petitioner is also  requesting by

said clerk to "Forward" these Legal Documents "Habeas Corpus

Review", Carbon  Copy To the Defense Attorney of The State of

Massachusetts Commonwealth and the Proper Administration petain-

ing to said issues.

Respectfully Submitted,

*John T. George; John R. Daley,JR.*

John T. George;John R. Daley,Jr.
[ 2 ]

CERTIFICATE OF SERVICE

I, John T. George; John R. Daley,Jr.-W59561(State I.D.#) [A]

(Convict/Inmate) of The Massachusetts Commonwealth,Department of

Corrections,Hereby Certify Under The Penalties of Perjury That

On This, 10th  Month, 25th Day, 2004th Year. I served the

Foregoing,"Habeas Corpus Review Petition" of (my/his) criminal

convictions, to the United States District Court of Massachusetts

Commonwealth,to be "Filed", "Processed" pursuant to, "Due Process

and "Intrest of Justice" , mailed by Hand By Regular mail.A rec!!

ord for each party.

Respectfully Submitted,

*John T.George; John R.Daley, Jr.*

John T.George;John R.Daley,Jr.

-W59561

PRO SE

P.O.BOX 100
SOUTH,WALPOLE MA.02071

[ 3 ]

## NOTICE OF APPEAL

Notice is hereby given that,(John T.George;John R.Daley,Jr.-

W59561) The, (Petitioner/Defendant) In This (These) case appeals

(my/his) Conviction(s), pursuant to, Mass.R.App.Proc.Rule.3.

Also Findings of not guilty Mass.R.Crim.Proc.Rule.25(a),

Rule 64 because the Police Underlying Information is Untrusworthy

Under Federal Rule.803(c) The Officers Observation those Reports

have No Factual Bearing On the issue before the Honorable Court

Judge,of The United States District Court ans should not be

admisible pursuant to, Federal Rules of Evidence.Rule.401 & 402,

as such the c!mplaint chargeing the defendant with (crime)

Should Be Dismissed, 28 CFR § 16.32(Deletion of Inaccurate Or

Inc!mplete Information).

Respectfully Submitted,

*John T.George; John R.Daley, Jr.*

cc/File
Dated: 10/25/04
J.T.G.; J.R.D,Jr.

John T.George;John R.Daley,Jr.-

W59561

PRO SE

MCI Cedar Junction Walpole
P.O.Box 100
South,Walpole MA.02071

[ 4 ]

MOTION TO DISMISS(INSUFFICIENT EVIDENCE FOR COMPLAINT TO ISSUE)

COMMONWEALTH OF MASSACHUSETTS

UNITED STATES FEDERAL DISTRICT COURT

COMMONWEALTH

v

JOHN R. DALEY

The defendant moves,pursuant to Mass.R.Crim.P.13(3)and Dist./ Mun.Cts. Crim.P.Rule 2,that this Honorable Court dismiss the char -ges against defendant John R. Daley W59561

As reasons therefore,

1.The defendant is charged with docket #'s 95-10462-001,2,3,4,5,6 Complaint NO:50-096 622,Dated:3/3/95 94C,G.L.c

OFFENSE CODE, INDICTMENT LOCATION

A)94C:032E:b4, SUDA 95-10462 (Traffic in Controlled Substance,200 -t g)
B)265:015A:b, SUDA 95-10462 (Assault & Battery,dangerous weapon)
C)090:025, SUDA 95-10462 (Fail to stop MV for police officer)
D)269:011C, SUDA 95-10462 (Remove/Mutilate Firearm Serial#,- Receive such Firearm)
E)269:010:h.1 SUDA 95-10462 (Dang Weapon,possess/transfer gun,- Ammo,No ID Card)
F)269:010:a SUDA 95-10462 (Dang Weapon,Possess gun,no license, on person/in MV)

2.Complaint NO:01346502, DATED: 4/24/90 and Grand Jury Minuets

3.The evidence produced the(Magistrate),in the form of the police report,a copy of which is attached hereto,(either-is "superfica -l "and "conclusary"not describing the facts constituting the basis for the arrest.)(or, is insufficient as a matter of law to establish that the defendant committed any criminal offense) the perjury of the police report.

4.Failure to dismiss would violate the defendants State and Feder -al rights as guaranteed him by the 5th and 14th Amendments to the United States Constitution and Article 12 of the Massachuse -tts Declaration of Rights M.G.L.A. Const.Pt.1,Art.14 also G.L.c 276, § 2.As well as Rule 2 Supra.Defendants Table of Cite both State and Feral are for all my(his) previous Massachusetts Convictions:Of 4/24/90 and 3/3/95.

Respectfully Submitted,

John R. Daley

[ 5 ]

<u>MOTION TO DISMISS(INSUFFICIENT EVIDANCE FOR COMPLAINT TO ISSUE)</u>

<u>COMMONWEALTH OF MASSACHUSETTS</u>

Respectfully Submitted,

cc/file

Dated: 10/25/04

J.R.D,Jr.

John R. Daley W59561
MCI Cedar Junction Walpole
P.O.Box 100
South, Walpole MA.02071

[ 6 ]

FEDERAL TABLE OF CITE

NO TRANSCRIPT ISSUE
A

Pursuant to:28 U.S.C.A §§ 2241,2243,2255. U.S.C ,U.S.C.A ,U.S.C.A
           -Const.Amend. Rule 39(d) Argument Rule


1)U.S. v Spell:44F3d 936(11th Cir.1995) 939 at #6 and 7
                    (Conclusion:940)
A)Criminal Law:# 1203.10(2,7), 1203.10(1,3)


_____

2)Park v Raley:945 F2d 137 (1991) at 140 # 1,5,6(Conclusion:142)
    506 U.S. 20,113 S.Ct. 517(1992) at 518 and 523 #4(Conclusion:-
    528)

A)Criminal Law:# 273.1(4),1202.10(4), 1203.10(2),1200

B)Habeas Corpus Law:# 707,717(2), 475,712,795(1)


_____

3)Dunn v Simmons: 877 F2d 1277 (6th Cir.1989) 1277 at #2,3,4
                    (Conclusion:1281)
A)Criminal Law:# 1203.17,273.1(5)

B)Federal Courts Law:#404

_____

4)Roddy v Black:516 F2d 1380 (1975) 1384 at # 11,1385 # 15,16
                    (Conclusion:pg:1387)

A)Criminal Law:# 264,273.1(1), 1086.9, 273.1(4), 1166(3)

B)Habeas Corpus Law:# 45.2(1), 85.5(11), 85.2(1), 85.3(1),85.5(4)

_____

5)Todd v Lockart: 490 F2d. 626(1974) 628 at #6,(Conclusion:629)

A)Criminal Law:# 1086.9, 997.4, 998(7)

B)Habeas Corpus Law:#90, 85.2(1)

_____

6)Bousley v U.S: 97 F3d. 289(8th Cir.1996)(Part One)
           523 U.S. 614,118 S.Ct. 1604(1998) 1609 at #1-4, 5-7
                    1611 at# 23,24,25 (Conclusion: 1616-17)

A)Criminal Law:#273.1(1)#1,2] 1429(2)#12] 1439#20] 1437#24,25]

B)Constitutional Law:#265.5 #2,4] 70.1(10)
C)Courts Law:#100(1) #5,6,7
D)Habeas Corpus Law:#401,404

_____

7)U.S v Medina-Silveria:30 F3d.1(1st Cir.1994)#1 at 1,2
                    (Conclusion:#2)
A)Criminal Law:#273.1(4), 1031(4)

B)Additional See Habeas Corpus Law:#77    [7]   

_____

TRANSCRIPT ISSUE

PURSUANT TO:Mass.R.CRIM.P. 12(c)(5)


1)Commonwealth v Lewis:399 Mass 761,506 NE2d. 891(1987)
                        Mass:892 at #1,3,4)
                        (Conclusion:Mass:893 at #5)

A)Criminal Law:#254.2,273.1(4)#3] 254.2,273.1(4)#3,4


2)Commonwealth v Foster:Mass:330 NE2d.155(1975)
                        (Mass:159 at #1,2)
                        (Conclusion:Mass:160 at #3)

A)Criminal Law:#273.1(4)#1,2

3)Commonwealt v McWhinney:20 Mass App.444,480 NE2d. 656(1985)
                        (Mass:567-568)
                        (Conclusion:Mass:658 at #7)

A)Criminal Law:#913(1)


.4)Commonwealth v Jones:417 Mass 661(1994),at Mass:662-663,-
                        "G.L.c 278 § 29 D.(Habitual,or Depo-
                        rtation Issue)
                        (Conclusion:Mass:664-665)


5)Commonwealth v Towers:35 Mass App.Ct.557(1993),at Mass:558-
                        559
                        (Conclusion:Mass:561-562)


6)Commonwealth v Duquette:386 Mass.834,438 NE2d.334(1982)
                        (Mass:339 at #3,5)
                        (Conclusion:Mass:343 at #12)
A)Criminal Law:#254.2 #3,5,8,10


7)Commonwealth v Fernandes:390 Mass.714,459 NE2d.787(1984)
                        (Mass:788 at #1,2)
                        (Conclusion:Mass:791,792 Last Paragraph)
A)Criminal Law:#273.1(1),273.1(4),913(1)


[8]

FEDERAL TABLE OF CITES

## LACK OF PROBABLE CAUSE
B

1)U.S v Henry:361 U.S. 98,80 S.Ct 168(1959)at.171#4-10
                        (Conclusion:173)

A)Criminal Law:#211(3)

B)Arrest Law:# 63(1),63(4)
C)SEarch and Seizures Law:#7(10)
D)Courts Law:# 383(1)
E)False Imprisonment Law:#13


2)Dunaway v New York:442 U.S 198,99 S.Ct 2253(1979) at#1,2,3,4
                        (Conclusion:2264)
A)Search and Seizures Law:#7(1)
B)Criminal Law:#519(8)
C)Arrest Law:#63.1
D)Federal Courts Law:#404
E)ConStitutional Law:#319.5(1)


3)Spinelli v U.S:393 U.S 410,89 S.Ct 584,21 LED 2d,637(1969)
                    at#589-13-14
                    (Conclusion:#599,#436-7,#438)

A)Search and Seizures Law:7(26),3.6(1,3),3.6(1),3.6(2)
B)Criminal Law:#1134(2),1158(2)
C)Gaming Law:#60
D)Courts Law:#383(1)


4)U.S v Smith:799 F2d.704(11th Cir.1986) 707 at#1,4
                    (Conclusion:#712)

A)Arrest Law:#63.5(6),63.5(6)
B)Search and Seizures Law:#23
C)Automobiles Law:#349,#4 and #5


5)U.S v Campbell:920 F2d. 793(11th Cir.1991) 795 at# 1,2,3
                    (Conclusion:#798)
A)Criminal Law:#394.4(9),394.4(9,12)
B)Search and Seizures Law:#24,62,64#(4)&#(2)


6)U.S v Recalde:761 F2d. 1448(1985) at 1455#8,9
                    (Conclusion:#1456-57,#10,#1459)

A)Criminal Law:394.1(1),394.1(3),1158(4)
B)Search and Seizures Law:#7(28)
C)Arrest Law:#63.5(4),63.4(6),63.5(9)
D)Automobile Law:#349


7)Wong Sun v U.S 371 U.S 481(1963) at 413 #2-6(Conclusion:415)
A)Criminal Law;#216 #7]218(3) #8]394.1(3)#11]394.4(1)#11,12]-
                                    409#16, 534(1)#16
B)Arrest Law:#63(4) #3,65] 63(4) #4,5,6
C)Search and Seizures Law:#7(8),7(6)


CONTINUED ON BACK



STATE TABLE OF CITE

LACK OF PROBABLE CAUSE

1)Commonwealth v Reyes:423 Mass 568,670 NE2d. 147 (1996)

                        (Mass:149 at 2,3)(Conclusion:Mass:150,151)
A)Search and Seizures Law:#82
B)Drug and Norcotics Law:#188(7)

2)Commonwealth v Wedderburn:36 Mass App. Ct.558,633 NE2d.1058(19-
                        94)
                        (Mass:1060 at #1,2,3) (Conclusion:Mass 1062
                                                              -at #4)
A)Arrest Law:#63.4(13)#2] 63.4(4)#3
B)Search and Seizures Law:#28

3)Commonwealth v Sampson:20 Mass App.970,481 NE2d. 521 (1985)
                        (Mass 522 at#1,2,3) (Conclusion:Mass 523)

A)Search and Seizures Law:#3.3(2)#2] 3.6(2)#3

4)Commonwealth v Davis:41 Mass App.Ct.793,796,673 NE2d.879(1996)
                        (Mass 880 and 881 at#1,2,3-8)
                        (Conclusion:Mass 882)
A)Criminal Law:#1158(4) #1] 1139#2
B)Arrest Law:#63.5(8)#4]71.1(6)
C)Search and Seizures Law:#(37)#5](40.1)#8

5)Commonwealth v Ferguson:410 Mass 611,574 NE2d.990(1991)Ille-
                        gal Search and Seizure
                        (Mass 992 at #1-2,3-4)
                        (Conclusion:Mass 994)
A)Arrest Law:#63.5(5)
B)Drugs and Norcotics Law:#184(5) #2,3
C)Search and Seizures Law:#28
D)Criminal law:#394.1(3)] 412(4)

6)Commonwealth v Garcia:34 Mass App.Ct.645,614 NE2d. 1031(1993)
                        (Mass:1033 at #1,2)
                        (Conclusion:Mass:1035)
A)Search and Seizure Law:#16(1,2)
B)Automobiles Law:#349.5(8)
C)Drugs and Narcotics Law:#182(1)

7)Commonwealth v Houle:35 Mass App.Ct.474,622 NE2d.638(1993)
                        (Mass 639 at 1-5)(Conclusion:Mass:640)
A)Arrest Law:#63.5(4)#1] 68(4)#4]63.5(9)#5
B)Criminal Law:#1224(1)#(2,3)

[9]        [10]

FEDERAL TABLE OF CITE

## INVESTIGATIVE STOP
C

1)Terry v State of Ohio:392 U.S. 1, <u>88 S.Ct.1868</u>(1968)#12 at 1873
#6,7 at1875
(Conclusion:<u>1889,#34 at 1884-85</u>)

A)Search and Seizures Law:#7(10) #2] 7(1) # 4,17 ] 3.3(5)#23,34]-
7(24) #27,34] 3.3(1)#18

B)Criminal Law:#394.4(1)# 6,8,29,30
C)Arrest Law:#63(1)
D)Constitutional Law:#83(1)

2)U.S. v Peltier:422 U.S. 531,<u>95 S.Ct. 2313</u> (1975) See Syllabuss-
#533,534,2326,2327,2328

(Conclusion:<u>2329 Through 2330</u>)

A)Courts Law:#100(1) #1,2,3
B)Criminal Law:#394.4(1)

3)Brown v Illinois:422 U.S. 591,<u>95 S.Ct.2254</u> (1975) at 2265,2267-

(Conclusion:<u>2268</u>)

A)Criminal Law:#394.4(1)] 518(1)#2] 412.1(3)#4, 519(8)#5,8]-
517.1(1)#6] 414, 412.1(3)#10

4)Adams v Williams:407 U.S. 143,<u>92 S.Ct. 1921</u>(1972) 1923 at #1,2,
-3,4] 1924 at #157,158

(Conclusion:<u>1930 Through 1931</u>)

A)Search and Seizures Law:#3.3(5)
B)Arrest Law:#(63.1)#3,5

5)Alabama v White: 496 U.S. 322,<u>110 S.Ct. 2412</u>(1990) 2415 at #1,2
-3
(Conclusion:<u>2418</u>)

A)Arrest Law:#63.5(2),63.5(4)

6)U.S. v Smith:<u>799 F2d. 704</u>(11th Cir. 1986) 707 at #1,2,3
(Conclusion:<u>712</u>)
A)Arrest Law:# 63.5(6) # 1,2
B)Search and Seizure:#23
C)Automobiles Law:#349 #4,5

7)U.S. v Guzman:<u>864 F2d. 1512</u>(10th Cir. 1988) 1515 at #1,2,3,4,5
(Conclusion:<u>1521: at #15</u>)
A)Arrest Law:#63.5(1) #1,2,4
B)Search and Seizure:#23,180
C)Criminal Law:#394.4(14),1192
D)Automobiles Law:#351 #5,8] 349.5(3)]349(18)#8,9]349(17) #13

STATE TABLE OF CITE

INVESTIGATIVE STOP

1)Commonwealth v Lyons:406 Mass 16,564 NE2d.390(1990)

Mass:392 at#(2,3,4)
(Conclusion:Mass:393-4,5)

A)Arrest Law:#63.5(4)#(1,2,3,4)

2)Commonwealth v Phillips:413 Mass 50,595 NE2d.310(1992)

Mass:314 at #(1,3)
(Conclusion:Mass:316)

A)Arrest Law:#63.5(6)
B)Search and Seizures Law:#62
C)Criminal Law:#36.5

3)Commonwealth v Cheek:413 Mass 492,597 NE2d. 1029(1992)

Mass:1030 at #(1,2)
(Conclusion:Mass:1032)

A)Criminal Law:#394.5(4)
B)Arrest Law:#63.5(5)

4)Commonwealth v Bottari:395 Mass 777,482 NE2d. 321(1985)

Mass:324 at#(1,2,3)
(Conclusion:Mass:326#4)

A)Arrest Law:#63.5(9)] 63.4(9)
B)Criminal Law:3394.4(9)] 394.1(3)

5)Commonwealth v Berment:39 Mass.App.Ct.522,657 NE2d. 1295(1995)

Mass:1297 at #(1,2,3,4)
(Conclusion:Mass:1299,1300:Order)

A)Arrest Law:#63.5(1), 68(4),63.5(5),63.5(8)

6)Commonwealth v Borges:395 Mass.788,482 NE2d. 314(1985)

Mass:316 at #(1,2,3,4,5) also(8-10)
(Conclusion:Chief Justice,Mass:320)

A)Arrest Law:#68(4)#1,2]63.5(9),63.4(8),63.4(14),63.4(16)#9,10
B)Criminal Law:394.1(13)#6,8

7)Commonwealth v Sanderson:398 Mass.761,500 NE2d.1337(1986)

Mass:1340 at #3,4
(Conclusion:Mass:1341 line:10-11-
So Ordered)

A)Arrest Law:#63.5(7)#1,2,3,4

[ ]    [12]

FEDERAL TABLE OF CITE

## SEARCH AND SEIZURE

1) Bailey v U.S. :516 U.S. 137,133 L.Ed.2d 472,116 S.Ct.501(1995)
505 at # 1,8,9,10 (Conclusion:at# 12,
13)

A) Weapons:#3,4 #1,8,9,11] 4,6 #7] 17(4) #12,13
B) Statues:#188 #2,4] 199 ]208 #4,5 ]202,241(1)

2) Whiteley v Warden,Wyoming State Penitentiary:401 U.S. 560,-
91 S.Ct. 1031(1971) at 1035 # 1-3(565),#5,8
(Conclusion:1037 # 9,10)

A) Criminal Law:#211(3) #1,2] 1169 #10
B) Search and Seizures Law:#3.6(2), 3.3(8)
C) Arrest Law:#63(4),71.1(7)
D) Habeas Corpus Law:#113(13)

3) U.S. v Infante-Ruiz:13 F.3d 498(1st Cir.1994) 502 at #4,5,8,9,11
(Conclusion:505)

A) Criminal Law:#1134(3), 1158(4)] 394.1(3) #8,11] 394.5(4)
B) Search and Seizures Law:# 28,62,40.1 # 4,5., 58] 173.1 #12,13
-[186
C) Arrest Law:#71.1(5)

4) U.S. v Betron: 917 F.2d 641)1st Cir.1990) 642 at #1,3,4
(Conclusion:644-5#5)

A) Arrest Law:#68.5(4),67
B) Criminal Law:#1028,1181.5(7)

5) U.S. v Chan-Jimenez:125 F.3d 1324(9th Cir.1997) 1326 at #1-3,4
(Conclusion:1328)

A) Arrest Law:#68(4) # 1,2,3
B) Automobiles Law:#349(10)
C) Criminal Law:#1158(2)
D) Search and Seizures Law:#183,194,180,172 #9,10

6) U.S. v Dawkins:17 F.3d 399(D.C. Cir.1994) 404 at 8-11,12-B
(Conclusion:408 #20)

A) Search and Seizures Law:#24,42.1,40.1,113.1
B) Arrest Law:#63.4(2)

7) U.S. v Ogbuh: 982 F.2d 1000(6th Cir.1993) 1004 at#4-7
(Conclusion:1005-6)

A) Arrest Law:#63.4(13)
B) Drugs and Narcotics:185(8)
C) Search and Seizures Law:#45,42,109,172

8) U.S. v Duchi: 906 F.2d 1278(8th Cir.1990) 1279-80 at 1,2,3]-
1282 at # 5,6,7] (Conclusion:1285)
A) Drugs and Narcotics Law:#185(3)
B) Search and Seizures Law:#42,#5,42,200,#6,182 #7

[📷]  [13]

SEARCH AND SEIZURE

---

1)Commonwealth v Huffman: 385 Mass: 122,430 NE2d. 1190(1981)

(Mass:1191 at #1,2,3,4)
(Conclusion:Mass:1192 #5 and Mass:1193)

A)Search and Seizures Law:#3.2,7(29),3.3(1)
B)Drugs and Narcotics Law:#185

---

2)Commonwealth v Ferrara:Mass, 381 NE2d. 144(1978)

(Mass:142,143)
(Conclusion:Mass:143 at #1,2,4)

A)Arrest Law:#63.5(6) #1,2
B)Automobiles Law:#349
C)Criminal Law:#394.4(12)

---

3)Commonwealth v Garcia:34 Mass.App.Ct.645,614 NE2d. 1031(1993)

(Mass:1032 Second Column)
(Conclusion:Mass:1033 at #1,2,4-6)

A)Search and Seizures Law:#16 #1,2
B)Automobiles Law:#349.5(8)
C)Drugs and Narcotics LAW:#182(1)

---

4)commonwealth v Torrez:424 Mass:153,674 NE2d. 638(1997)

(Mass:639-641(Facts)Mass:641 at #2,3,8,-
9,10,11

(Conclusion:Mass:644 at #12,13)

A)Criminal Law:#1139,1158(4)
B)Automobiles Law:#349(14.1), 349(10),349(18)#6,8] 349(17)#9,10
C)Arrest Law:#68(4),63.5(1),63.5(9)#11,12,13

---

5)Commonwealth v McCleey:186 NE2d. 469,Mass 469 (1962)
(Mass:470-471(Facts)
(Conclusion:Mass: 471 Second Paragraph)

A)Criminal Law:#394.4(12)

---

6)Commonwealth v Thibeau:429 NE2d. 1009,Mass 1009(1981)
(Mass:1009-1010(Facts) at #1-3,4-6
(Conclusion:Mass:1011)

A)Arrest Law:#63.5(4)#2,4] 63.5(5),63.5(7)#5,6

---

7)Commonwealth v Kimball: 37 Mass.App.Ct.604,641 NE2d. 1066(1994)
(Mass:1068 at #1-3,4,5)
(Conclusion:Mass:1068-1069 at #6)

A)Arrest Law:#63.5(6)#1,2,5] 63.5(4),63.5(9)#4,6

---

[14]

LACK OF CONSENT TO SEARCH
E

1)U.S. v Mckneely:810 F Supp 1537(1993) 1544 at#5;6(Conclusion:#6)

          Also video tape falls into play,about the illegal stop
          and search and seizure:at #1539 & 1540
          Computer Check about valid drivers Licsen-
          N.A.D.D.I.S: Narcotics & Dangerous Drug Information Sys
          -tem, N.C.I.C. Check:at #1540 (Conclusion:1550)

A)Search and Seizure Law:#182,184,191
B)Criminal Law:#391.1(3),394.6(4),1158(4),394.5(4),394.4(6) &(12)
                    -412.2(3)
C)Arrest Law:#68(4)
D)Automobiles Law:#349.5(3),349(17)
E)Drugs and Narcotics:#188(2)

2)U.S. v Ward: 961 F2d. at 1527,1533(10th Cir. 1992)(Conclusion:-
                              -1535 at #14)
A)Search and Seizures Law:#182,180,28
B)Criminal Law:#394.1(3),394.4(9),394.5(3)
C)Arrest Law:#63.5(4),63.5(5),63.4(1),63.5(1),68(3,4)

3)Schneckloth v Bustomonte: 412 U.S. 218(1973):2047 at #6-8,10,11
                              -12(Conclusion:2079 and 2080)

A)Search and Seizure Law:#7(1),7(27),7(28),3.3(7),7(29)
B)Criminal Law:#519(1),633(1)
C)Constitutional Law:#266.1(1),319, 43(1)

4)U.S. v Guzman:864 F2d. 1512 (10 th Cir. 1988):1514(Consent Form
                              -Issue)(1520 #14,15)

                    (Conclusion:1521)

A)Search and Seizure Law:#23,180
B)Criminal Law:#394.4(14),1192
C)Arrest Law:#63.5(1)
D)Automobiles Law:#351, 349.5(3),349(18),349(17)

5)U.S. v McSwain:29 F3d.558(10th Cir.1994)562 at #10,11
                    (Conclusion:#564)
A)Search and Seizure Law:#184,183
B)Criminal Law:#1158(4),1134(10)
C)Arrest Law:#68(4),63.5(1),63.5(6)
D)Automobiles Law:#349(18)

6)U.S. v Best:135 F3d. 1223(8th Cir.1998) 1225 at #6
                    (Conclusion:1225-26) Warrentless Inventory Search
A)Criminal Law:#1158(4)
B)Search and Seizures Law:#66#3,5,6]165 #7

7U.S. v Welch:4 F3d. 761(9th Cir.1993) 763 at #1,2,4,5,6
                    (Conclusion:765)
A)Criminal Law:#394.5(4) #1,4] 1158(4)
b)Search and Seizures Law:#180,186#3,6,5]173.1#7,8]177

STATE TABLE OF CITE

LACK OF CONSENT TO SEARCH

1)Commonwealth v Ellsworth:41 Mass App.Ct. 554,671 NE2d. 1001(1999)
                        Mass:1003 at.#1-3
                        (Conclusion:Mass 1004 at #4)
A)Automobile Law:#349(17)#(2,3)
B)Search and Seizure Law:#183,184

2)Commonwealth v Loughlin:385 Mass 60,430 NE2d. 823(1982)
                        Mass:823-24
                        (Conclusion:Mass 825 Chief Justice Concur-
                         ing also Mass:826)
A)Criminal Law:#394.1(3)

3)Commonwealth v Midi:46 Mass App. Ct.591,708 NE2d.124(1999)
                        Mass:127 at#5,6,7
                        (Conclusion:128)
A)Search and Seizure Law:#164,182(#5,6),194
B)Arrest Law:#68(10)#(2,4)

4)People v Roundtree:240 Ill App.3d.963,608 NE2d.604(Ill.1993)
                        Ill:(605 at #1,2,3)
                        (Conclusion:Ill 606 at #4)

A)Automobile Law:#349(4) #(1,2)
B)Arrest Law:#63.5(6)
C)Criminal Law:#1158(4),394.6(4)

5)Tumblin v State:Ind App.2000,736 NE2d.317
                        Ind:(320 at #3-5) also 321 at(9,10)
                        (Conclusion:Ind.322 at 18-20,21,22)
A)Criminal Law:#661,1153,1134(2),1144.9,1158(2),1159.2(9),-
               1159.4(1),1031(1)#(7,8)
B)Search and Seizure Law:#24,192.1,70#(5,16,17,19),171,36.1
C)Automobiles Law:#349(16,18),349.5(10),349(16,17)#(12),349.5-
                (10)#(14),349.5(2)#(15),349.5(10)#(20),-
                349(17)#21

6)Commonwealth v Harmond:Mass.App.Ct.1978,382 NE2d.203
                        .203 at Mass 206(#3-8)
                        (Conclusion:Mass 207 #9)
A)Criminal Law:#1158(4) #1] 736(1)
B)Search and Seizure Law:#7(28)#2,3,6,8,9

7)Commonwealth v Podgurski:386 Mass.385,436 NE2d. 150:
                        Facts at Mass 151-152-
                        Consent(Objection)at Mass:153-
                        (Line 8-10)Mass 154
                    (Conclusion:Mass 154 at #3)
A)Search and Seizures Law:#7(10),7(20),7(26)

[16]

FEDERAL TABLE OF CITE

## MOTION TO SUPPRESS

1)Alabama v White:496 U.S 322,110 S.Ct 2413(1990)2415 at#1,2,3
                                        (Conclusion:2418)

A)Arrest Law:#63.5(2),63.5(4)

2)Sibron v State of New York,392 U.S 40,88 S.Ct 1889(1968)-
                                - 1894 at #47, 1903#64(Conclusion:1912)
A)Criminal Law:#1186(6)#12, 394.4(13)#24
B)Search and Seizures Law:#7(1)#'s 14,17,25] 7(6)#15,,7(2)#16,-
                                3.3(2,5)#22, 3.3(5)#23,24
C)Arrest Law:#63(4),71.1(3)#19] 71.1(8)#21
D)Courts Law:#96,97(1)#12

3)Brineger v U.S 69 U.S 1302(1949) 1309 at#172,1311 at 10,11,12
                                        (Conclusion:1317)

A)Criminal Law:#369(6)#5
B)Search and Seizures Law:#3(4) #7,8,9,10,11] 7(10)#12,13

4)U.S. v Davis:94 F3d 1465(10th Cir. 1996) 1467 at 3-6,1468 at#-
                7,8,9-12, 1469 at 13,14,15,16(Conclusion:1470#17,
                                        -18)

A)Criminal law:#1139
B)Arrest Law:#63.5(4)#3,4,12,14] 63.5(3.1)#5,10]63.5(8),63.5(5)#-
                7,8,9,11,13,15,16
C)Search and Seizure Law:#47.1,69

5)U.S. v Walker:751 F Supp 199(1990)202 at #4 (Conclusion:202)
                933 F2d 812(10th Cir.1991) 816 at #8,9,10
                                        (Conclusion:818)

A)Arrest Law:#63.5(9)
B)Search and Seizures:#165,171,182,194
C)Criminal Law:#1144.12,394.1(3)
D)Automobiles:#349(17),349(18)#4] 349(17)#5

6)U.S. v Peters:10 F3d 1517(10th Cir.1993)1521 at #1,3,4,7,8
                                        (Conclusion:1523)

A)Arrest Law:#63.5(9) #8] 63.5(6) # 9] 63.5(4) #11
B)Criminal Law:# 394.1(3)

7)U.S. v Codin:984 F. Supp 1374(1997) 1377 at 3,4,5(Conclusion:
                                        -1379)

A)Criminal Law:#394.5(2)#3] 394.1(3) #5,6]412.1(1)#6
B)Search and Seizures Law:#112 #4] 181 #5

 [17]

STATE TABLE OF CITE

MOTION TO SUPPRESS

1)Commonwealth v Williams:Mass App Ct.181,704 NE2d.212(1999)
                         (Mass 214-15 at 4,5,6)
                         (Conclusion:Mass:215)

A)Automobiles Law:#349(2.1)#2,3] 349(16)
B)Arrest Law:#63.5(9)#4,6
C)Criminal Law:#1139,1158(4)

2)Commonwealth v Cardoso:46 Mass App Ct.901,702 NE2d. 398(1998)
                        (Mass 39 at 1,2,3)(Conclusion:Mass;400)

A)Automobiles Law:#349(18)]349(16)#2]349.5(10)#2]349(16)#3]-
                   349.5(10)#3

3)Commonwealth v Straw:422 Mass 756,665 NE2d.80(1996)
                      (Mass 81(The Facts),(Mass:82 at #1,Default-
                                                          Warrent)
                       (Conclusion:Mass: 85 at #4)
A)Search and Seizures Law:#45,28,50
B)Criminal Law:#394.6(1),412(4)

4)Commonwealth v Amendola:406 Mass 592,550 NE2d.121(1990)

A)Drugs and Narcotics Law:#183(3)#1] 112

5)Commonwealth v Couture:407 Mass 178,552 NE2d. 538(1990)

                        (Mass 539,540-1 at 1,2)
                        (Conclusion:Mass:541)
A)Arrest Law:#63.5(6) #(1,2)
B)Search and Seizures Law:#68,60

6)Commonwealth v Reddington:395 Mass 315,480 NE2d.6(1985)
                           (Mass:9,10 at #1,2,4,5,6)
                           (Conclusion:Mass:12 at #9)
A)Indictment and Information Law:#144.1(2)#1
B)Search and Seizures Law:#3.6(3) #3,8
C)Drugs and Norcotics Law:#(183)#4,6,7](185)#6,7,9

7)Commonwealth v Gonsalues:46 Mass App.Ct.186,704 NE2d.515(1999)
                          (Mass:517 at#1,2,3) Fine Print #2
                          (Conclusion:Mass:518)
A)Automobiles Law:#349(16)#1,3] 349(18)
B)Arrest Law:#63.5(9)#5] 63.5(8,9)#6

[00]    [18]

MASSACHUSETTS,COMMONWEALTH STATE CRIMINAL MOTION TO DISMISS
FINDINGS OF NOT GUILTY
COMPLAINT NO: 50-096 622(DATED:3/3/95)

1)My name is John R.Daley(PRO SE)
2)I am PRO SE Defendant
3)I have read the application for complaint,a copy of which is attached hereto.
4)The application for complaint <u>referance</u> the police report,which is also attached hereto.
5)The police report is apparently the sole basis for the issuance of the criminal <u>complaint</u>.<u>Precedent</u>,Arrest Law:#63(4),71.1(7),Constitutional Law:#319 U.S.C.A. Const. Amends.4,14.
6)The police report states Homicide shooting suspect and drugs & guns were being sold.Pursuant to search and seizures Law:#3.3-(8),3.9,50 also U.S.C.A. Const.Amends. 4,14th,a warrent should have been present during search of defendants automobile.Arrest -Law:#63.4(18),<u>there was none</u>.The police report also states the defendant,speed away in a hurried manner and that defendant <u>speed through residencial in a high rate of speed</u>,5--55 mph and after a while(roughly 5-10 min).Police officer signaled defendant to stop by flashing blue lights,which defendant <u>did stop immedieatly</u>.That defendant tried to flee,which is a fabricated statement by the officer,Officer never mentioned that he <u>never ask for liscens or registration</u> of the operator of the vehicle.The officer never had <u>a consent form</u>,a warrant nor probable cause to order,"pull"defend -ant out the vehicle and conduct a <u>terry type "pat frisk"</u>,M.G.L.A-Const.pt.l, Art.14 also G.L.c 276, § 2.Constitutional Law:#83(1), search of the defendant.Which would have(produced)a drivers lisce -ns,a pager and one hundred dollars in currency.The report states possession of a fire arm charge.Which should have been suppressed pursuant to the <u>"Active-Employment Understanding"</u>18 U.S.C § 924-(c)(1),statue and F.R.Crim.Proc.The police report states defenda -nt traveled at a high rate of speed.But the <u>Turrent Tape</u> or <u>911 -Tape</u>(Radio Communication),never mentioned any such high speed chase between defendant and officers.Defendant <u>did not</u> travel at a high rate of speed.Officers Statement weather oral or written would be or is in violation of 18 U.S.C §§ 1001,1623(a), M.G.L.c-268 § 1 and criminal Law:#58.I was never issued a citation by police officers at the time of the <u>initial stop</u>.Invalid Arrest-Law:#394.4(9),Arrest Law:#63.4(4)(16),71.1(7),Criminal Law:#394.1 -(3).Pursuant to Art.14 of the Declaration of Rights provides mor -e substantive protection to a person than does the Fourth Amend-ment to the United States Constitution.Evidenc obtained as a resu -lt of a <u>pursuit</u>,according to the police officers report.Shall be suppressed,which is stated in defendants Federal and State Table of Cite.Also M.G.L.A. § 106 ch 3. Constitutional Law:#319,Search and Seizures Law:#3.3(8) U.S.C.A. Const.Amends.4,14.

7)It is my opinion the information provided to the magistrate(eit -her is conclusary and superficial and does not adequately sta-te a factual basis for the arrest)(or is insufficient to warrant issuing a criminal complaint,or a <u>valid</u> arrest against defendant pertaining to Constitutional Issues and Laws).Because the police underlying information is untrustworthy under Federal Rule 803(c) also the officers's observations those reports have no <u>Factual</u> bearing on the issues before this honorable Court Judge.They are not admissible pursuant to Fed.Rules. of Evidence 401 & 402 in favor of said defendant.As such the complaint charging the defend -ant with (crime) should be dismissed.Criminal Law:#1169(1) = .: U.S.C.A. Const. Amends. 4,14.

CONTID ON NEXT PAGE

[85] [19]

Signed under the penalties of perjury this(10/25/04)that
the foregoing is true and correct.

Respectfully Submitted,

cc/file

Dated:10/25/04

J.R.D,Jr.

*John R. Daley*

John R. Daley W59561
PRO SE Litigant

MCI Cedar Junction Walpole
P.O.Box 100
South,Walpole MA.02071

[20]

# INCIDENT REPORT

HANDPRINT

| | | |
|---|---|---|
| 01. NEW SITUATIONS ☐ SUPPLEMENTARY ☐ | XX OFFICE ☐ LICENCED PREMISE ☐ ELDERLY | 03. COMPLAINT NO |
| ☐ BANK/A ☐ COMMUNITY BUSINESS RESIDENCE ☐ HOME ETC ☐ OTHER | 05. CRIME CODE | 50-096 622 |

| 04. TYPE OF INCIDENT | 05. STATUS ☐ INACTIVE ☐ UNFOUNDED | 06. REPORT DIST | CLEARANCE DIST | PAGE |
|---|---|---|---|---|
| Traff. Cl. "B" over 200 gms. | XX ARREST ☐ UNDER 18 | B-3 | 28 | 1 | 3 |
| 07. LOCATION OF INCIDENT (NO. STREET IN NUMERIC-ALPHA ORDER) | ☐ EXCEPT CL. ☐ UNDER 18 | 08. DATE OF OCCUR |
| Harvard St. & Morton St., Dorchester | APT | 09. SECTION TIME | 03-03-95 |
| 11. VICTIM-COMP. (LAST, FIRST, MB) | O/S | 10. TIME OF OCCUR | 7:30 | XX AM | ☐ PM |
| Comm. of Mass. | 12. PHONE | 13. SEX ☐ M ☐ F | 14. RACE | 15. MARITAL STATUS ☐ MARRIED ☐ UNMARRIED |
| 16. ADDRESS (NO. STREET, CITY AND STATE IF OTHER THAN BOSTON OR MASS.) | | OCCUPATION | 17. AGE | 18. D.O.B. |
| 19. PERSON REPORTING (IF DIFFERENT THAN ABOVE) | 20. ADDRESS | | 21. PHONE |
| Det. P.Murphy | Drug Control-Area B3 | | 343-4700 |
| 22. WAS THERE A WITNESS TO THE CRIME | PERSON INTERVIEWED | AGE | LOCATION OF INTERVIEW | APT | HOME ADDRESS | APT | RES | A | XX | ☐ |
| Sgt. Det. Waggett | | | | | DCU-Area B3 | | 343-4700 | | YES | NO |
| P.O.'s Freeman & Garvey | | | | | H | | | | | |

| 23. NUMBER OF PEOPLE INVOLVED | One | CAN SUSPECT BE IDENTIFIED AT THIS TIME | | | | B | XX | ☐ |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |

| P E R S O N S | 24. CHARGE ☐ MISSING ☐ SUSPECT | 25. WARRANT ☐ SUMMONS | 25. NAME (LAST, FIRST, MB) | | | 26. SS NO. | 27. BOOKING NO | 28. PHOTO NO | 29. ALIAS | C | XX | ☐ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Hill, Justice P. | | | 580081298 | 95-22-03 | | | | YES | NO |
| | 30. WARRANT NO | 31. ADDRESS | | | | | 33. SEX ☐ M ☐ F | 34. RACE | 35. HEIGHT | 36. D.O.B. | | | |
| | | 57 John St. Attleboro, #2 | | | | | M | BN | 34 | 5/9 | 01-06-61 | | | |
| | 37. SPECIAL CHARACTERISTICS (INCLUDING CLOTHING) | | | 38. WEIGHT | 39. BUILD | 40. HAIR | 41. EYES | | | |
| | Black b-ball hat/black jacket | | | 150 | Slim | Black | Brown | | | |

| V E H I C L E | 42. CAN SUSPECT VEHICLE BE DESCRIBED | 43. ☐ STOLEN ☐ RECOV ☐ AT SCENE ☐ TOWED ☐ DAMAGED ☐ IN CUST ☐ OTHER | 44. REG. STATE NO | | 45. PLATE TYPE | YEAR (EXP.) | 46. MODEL | D | XX | ☐ |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | MA  RW58KL | | PC | B-96 | Civic | | YES | NO |
| | 47. VEHICLE MAKE-YEAR | 48. VEHICLE ID NO. | | | 49. STYLE | 50. COLOR (TOP-BOTTOM) | | | | |
| | Honda  1986 | JHMAK5434GS015114 | | | 4-dr | Red/red | | | | |
| | 51. OPERATOR'S NAME | | 52. LICENSE NO | | 53. OPERATOR'S ADDRESS | | | | | |
| | Hill, Justice P. | | 580081298 | | 57 John St. Attleboro, #2 | | | | | |
| | 54. OWNER'S NAME | | 55. OWNER'S ADDRESS | | | | | | | |
| | | | Same | | | | | | | |

| P R O P E R T Y | 56. CAN PROPERTY BE DESCRIBED | 57. TYPE OF PROPERTY | 58. SERIAL MAKE-IDENTIFY-GUARD NO. | 59. BRAND MAKE-DESCRIPTION | 60. MODEL | 61. VALUE | 62. UCR | 63. RECOV | D | XX | ☐ |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Pistol | Obliterated | Davis Industries | .380 | | | Yes | | YES | NO |
| | | Ammunition (6 rounds) | | | .380 | | | | | | |

| | 64. IS THERE A SIGNIFICANT M.O. | | | | E | XX | ☐ |
|---|---|---|---|---|---|---|---|
| M O | 65. TYPE OF WEAPON-TOOL | 66. NEIGHBORHOOD | 67. TYPE OF BUILDING | 68. PLACE OF ENTRY | | YES | NO |
| | Pistol | Bus./res. | | | | | |
| | 69. WEATHER | 70. LIGHTING | 71. TRANSPORTATION OF SUSPECT (CAR, FOOT, MBTA, ETC) | 72. VICTIM'S ACTIVITY | | | |
| | Clear/cold | Art. | Car | | | | |
| | 73. UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR | | | RELATIONSHIP TO VICTIM | | | |
| | See narrative below | | | | | YES | NO |

| | 74. IS THERE ANY PHYSICAL EVIDENCE (DESCRIPTION AND DISPOSITION IN NARRATIVE) | | F | XX | ☐ |
|---|---|---|---|---|---|
| | 75. IS THERE ANY REASON FOR FURTHER INVESTIGATION (REASON BELOW) | | | YES | NO |

| | 76. NARRATIVE AND ADDITIONAL INFORMATION | G | XX | ☐ |
|---|---|---|---|---|
| | | | YES | NO |

O/S-On 03-03-95, about 7:30 p.m., Officers of the Drug Control Unit, assigned to Area B-3, were on patrol on Stratton Sr., Dorchester, a high drug/crime area. At this time, Officers observed the above listed motor vehicle parked with its lights on and engine running, in front of 41 Stratton St., Dorchester. Officers further observed a black male, 6'0", medium build, black hair worn in a fade, wearing a dark gray jacket standing at the operator's window of this vehicle. As Officers drove nearer the parked vehicle, the male with the gray jacket looked at the Officers and ran into 41 Stratton St. At the same time, the Honda left the scene in a hurried manner. Officers were aware of the posting of a recent bulletin in Area

| 77. UNIT ASSIGNED | 78. TOUR OF DUTY | 79. REPORTING OFFICER'S SIGNATURE | 80. REPORTING OFFICER'S ID | 81. NUMBER'S ID | |
|---|---|---|---|---|---|
| V865 | 3 | Det. P.Murphy | 8689/9014/1071 | 2 | |
| 82. DATE OF REPORT | 83. SPECIAL UNIT NOTIFIED (REPORTING) | | | | |
| 03-03-95 | Tow Unit | | | | |
| 84. TIME COMPLETED | 85. SIGNATURE OF PATROL SUPERVISOR | | 86. PAT SUP ID | 87. SIGNATURE DUTY SUPERVISOR | 88. DUTY SUP ID |

BPD Form 1 | Revised 85



| 1. District | 2. Complaint No. | BOSTON POLICE DEPARTMENT CONTINUATION SHEET | Page | of |
|---|---|---|---|---|
| B-3 | 50-096 622 | | 2 | 3 |
| 3. Report Date | 4. Nature of Incident | Remarks: | | |
| 03-03-95 | Traff. "B" | | | |

B-3, alerting Officers to be aware that 41 Stratton St. is a location where it is suspected that firearms and cocaine are being sold from, as well informing Officers that said location is frequented by and/or occupied by a homicide/shooting supect.

Officers followed the Honda, which began to travel at a high rate of speed through several streets in the Dorchester area, reaching 55-60 miles per hour on Harvard St. Officers activated emergency equipment to stop the vehicle on Morton St., and after the car stopped, the operator (Justice Hill), put his head and left hand out of the opened driver's door window and looked at Officers. As Officers approached the vehicle, P.O. Freeman requested Mr. Hill to produce his right hand. At this time, Hill reached for the gear shift of the car and began placing the car in gear. P.O. Freeman then ordered him to shut the car off, while reaching inside the car, towards the ignition. Mr. Hill disregarded said request and order, completed placing the car in gear and accellerated. P.O. Freeman was struck by the frame of the car and knocked forward—the vehicle travelled about 2 to 3 feet and stalled out.

Mr. Hill was immediately removed from the vehicle and arrested for A & B D/W and Failure to Submit/P.O. Recovered from the front floor (passenger side) of the car was a brown paper bag which was found to contain a plastic bag, containing chunks of an off-white, rock-like substance, believed to be cocaine. A further search of the vehicle resulted in the recovery of the aforementioned pistol (Box #57), which was loaded with one round in the chamber and five rounds in the magazine. Also recovered in the brown bag with the suspected cocaine was a black color electronic scale.

Hill was further charged with the following offenses: Trafficking Class "B" over 200 gms., Poss. Firearm, not home/work (serial # obliterated), Possession Firearm, not home/work, Possession Ammunition, Violation Auto Laws (speeding). Vehicle towed to A & O, #1431. Drugs logged at Area B-3, Bk. #08, page #721. Firearm and ammunition secured at Area B-3, pending fingerprint/ballistic analysis.

Seized from Hill at booking was a pager and $108.00 USC. When questioned by Officers relative to the incident, Hill made the following post-Miranda statements:

BPD Form 1.1.1                                                                                      1-74

[44]    [22]

| 1. District | 2. Complaint No. | | BOSTON POLICE DEPARTMENT | | Page | of |
|---|---|---|---|---|---|---|
| B-3 | 50-096 622 | | CONTINUATION SHEET | | 3 | 3 |
| 2. Report Date | | 4. Nature of Incident | | Remarks: | | |
| 03-03-95 | | Traff. "B" | | | | |

"It's four and one-half ounces.", "I paid three thousand for it." and "It'll weigh about

one hundred sixty." Hill also stated that he had been coming from Wildwood Street.

Hill was issued a moving violation in this incident.

BPD Form 1.1.1

1-74

  

MASSACHUSETTS, COMMONWEALTH STATE CRIMINAL MOTION TO DISMISS

FINDINGS OF NOT GUILTY

COMPLAINT NO:01346502 (DATED: 4/24/90)

1) my name is John R. Daley(PRO SE)

2) I am PRO SE defendant.

3) I have read the application for complaint,a copy of which is attached hereto.

4) The application for complaint referance the police report,which is also attached hereto.

5) The police report is apparently the sole basis for the issuance of the criminal complaint,also the Grand Jury minuiets inwhich perjury was stated to the Magistrate.

6) The police report states the officers responded to a RLC for a black male dealing drugs out of a blue susuki sidekick.At Hamilton St.Mt Everett St.The credibility of the allegedly anonymous phone tip,falls into play once more again.See State and Federal Table of cite on said issues officer stated he saw a silver shi -ney object,"a gun", officer never mentioned that he never had his gun drawn,Arrest Law:#63.5(5) which would be standard proc-edure,for officers saftey.Criminal Law:#394.5(4),Arrest Law:#63 -.5(7),U.S.C.A Const.Amend.4.(Page 4,line 9-12).
See Grand jury line 20-22(page 3).Inwhich was an illegal search and seizure,invalid arrest,as stated on page 3 of defendant, Massachusetts,Commonwealth State Criminal Motion to Dismiss,fin -dings of not guilty.There was no hot pursuit but as stated by defendant the officers were in violation and any allegeid evid-ence should have been suppressed and a finding of not guilty. Pursuant to Mass.R.Crim.P.25[a],F.R.Crim.Proc. and 18 U.S.C §§ -1001,1623(a), M.G.L.c 268 § l and Criminal Law:#58. Arrest Law -:63(4),71.1(7),Constitutional Law:#319 U.S.C.A. Const. Amends. -4,14.

7) It is my opinion that the information provided to the magistrat -e,(Grand Jury)D.A. with holding from grand jury in order to indit)and (giving false evidence) either is conclusary and supe -rficial and does not adequatly state a factual basis for the arrest or inditment or is insufficicient to warrant issuing a criminal complaint,or a valid arrest against defendant pertaing to Constitutional Issues and laws.Because the police underlying information is untrust worthy under Federal Rule 803(c) also the officer's observations those reports have no factual bering on the issues before this Honorable Court Judge.They are not admissible pursuant to Federal Rules of Evidence 401 and 403 in favor of said defendant.As such the complaint charging the defe -ndant with(crime) should be dismissed,Search and Seizures Law: #3.3(8) U.S.C.A. Const. Amends. 4,14.

Signed under the penalties of perjury this(10/25/04)fore-going is true and correct.

cc/file:

Respectfully Submitted,

*John R. Daley*

J.R.D

[20]

John R. Daley W59561
PRO SE Litigant
MCI Cedar Junction Walpole
P.O.Box 100
South,Walpole MA.02071

[24]

6-5-90 PTC

# Boston Police
## INCIDENT REPORT

HANDPRINT

ORIGINAL X  SUPPLEMENTARY

| 01 KEY SITUATIONS | 02 COMPLAINT NO | 03 REPORT DIST | CLEARANCE DIST | PAGE |
|---|---|---|---|---|
| ☐ DRUGS ☐ LICENSED PREMISES ☐ ELDERLY ☐ JUVENILE ☐ COMMUNITY DISORDERS ☐ DOMESTIC ☐ OTHER | 01346502 | C-11 | | 1 of 2 |

| 04 TYPE OF INCIDENT | 05 CRIME CODE | 06 STATUS | 07 DATE OF OCCUR |
|---|---|---|---|
| Unl carrying firearm | | ☐ FOUNDED ☐ UNFOUNDED ARREST ☐ UNDER 18 ☐ EXCEPT CL ☐ UNDER 18 | 4/24/90 |

| 08 LOCATION OF INCIDENT (IE STREET, INTERSECTION, AT, ROAD, OTHER) | APT | 09 DISPATCH TIME | ☐ A ☐ P | 10 TIME OF OCCUR | ☐ A ☐ P |
|---|---|---|---|---|---|
| 37 Hamilton St Dorchester | | 4:48 X | | 4:48 X | |

| 11 VICTIM/COMP   (LAST FIRST MI) | 12 PHONE | 13 SEX ☐ M ☐ F | 14 RACE | 15 MARITAL STATUS ☐ MARRIED ☐ UNMARRIED |
|---|---|---|---|---|
| Comm of Mass | | | | |

| 16 ADDRESS NO STREET CITY AND STATE (IF OTHER THAN BOSTON OR MASS ) | APT | OCCUPATION | 17 AGE | 18 DOB |
|---|---|---|---|---|
| | | | | |

| 19 PERSON REPORTING IF DIFFERENT THAN ABOVE | 20 ADDRESS | APT | 21 PHONE |
|---|---|---|---|
| P.O Columbo | 40 Gibson St Dorch | | 247-433x |

| 22 WAS THERE A WITNESS TO THE CRIME | | | | | A |
|---|---|---|---|---|---|
| PERSON INTERVIEWED | AGE | LOCATION OF INTERVIEW | APT NO | HOME ADDRESS | APT | RES BUS |
| P.O Colon | | 37 Hamilton st | | 40 Gibson st | | 247-4330 |

YES ☒ NO

| 23 NUMBER OF PERPETRATORS | CAN SUSPECT BE IDENTIFIED AT THIS TIME | B YES ☐ NO |
|---|---|---|

| 24 ☐ ARREST ☐ MISSING ☐ SUSPECT ☐ WARRANT ☐ SUMMONS | 25 NAME (LAST, FIRST MI) | 26 SEX NO | 27 BOOKING NO | 28 PHOTO NO | 29 ALIAS |
|---|---|---|---|---|---|
| | Daley, John R | 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 | | | |

| 30 WARRANT NO | 31 ADDRESS | 32 SEX M | 33 RACE B | 34 AGE 26 | 35 HEIGHT 5'8" | 36 DOB 12/63/63 |
|---|---|---|---|---|---|---|
| | 130 Homes Ave Dorchester | | | | | |

| 37 SPECIAL CHARACTERISTICS INCLUDING CLOTHING | 38 WEIGHT | 39 BUILD | 40 HAIR | 41 EYES |
|---|---|---|---|---|
| Blk Jacket, grey pants, Blk shoes | 150/160 | mod | Blk | Brn |

C YES ☒ NO

| 42 CAN SUSPECT VEHICLE BE DESCRIBED | | | | |
|---|---|---|---|---|
| 43 ☐ STOLEN ☐ RECOV ☐ ABAND ☐ IN CUST ☐ LY SCENE ☐ TOWED ☒ USED IN CRIME ☐ OTHER | 44 REG STATE NO MA 1371 PVA | 45 PLATE TYPE Pass | YEAR/EXP 1/92 | 46 MODEL Sidekick |
| 47 VEHICLE MAKE-YEAR 1989 susuki | 48 VEHICLE NO JS3TA01C6K4114729 | 49 STYLE 2dr | 50 COLOR (TOP-BOTTOM) Blue | |
| 51 OPERATOR'S NAME John R Daley | 52 LICENSE NO 580160418 | 53 OPERATOR'S ADDRESS 130 Homes Ave Dorchester | |
| 54 OWNER'S NAME Linrod L Ottley | 55 OWNER'S ADDRESS 21 Hamilton Rd Dorchester | | |

D YES ☒ NO

| 56 CAN PROPERTY BE IDENTIFIED | | | | | | |
|---|---|---|---|---|---|---|
| 57 TYPE OF PROPERTY | 58 SERIAL OR IDENTIF/GUARD NO | 59 BRAND NAME-DESCRIPTION | 60 MODEL | 61 VALUE | 62 UCR | 63 RECOV |
| | | N/A | | | | |

E YES ☐ NO ☒

| 64 IS THERE A SIGNIFICANT M.O | | | | |
|---|---|---|---|---|
| 65 TYPE OF WEAPON-TOOL P .380 Davis Hardlin | 66 NEIGHBORHOOD residential | 67 TYPE OF BUILDING | 68 PLACE OF ENTRY |
| 69 WEATHER Clear | 70 LIGHTING artificial | 71 TRANSPORTATION OF SUSPECT (CAR, FOOT, MBTA, ETC.) | 72 VICTIM'S ACTIVITY |
| 73 UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR | | | RELATIONSHIP TO VICTIM |

F YES ☐ NO ☒

| 74 IS THERE ANY PHYSICAL EVIDENCE (DESCRIPTION AND DISPOSITION IN NARRATIVE) | | G YES ☒ NO |
|---|---|---|

| 75 IS THERE ANY OTHER REASON FOR FURTHER INVESTIGATION (REASON BELOW) | |
|---|---|
| BLOCK NO | 76 NARRATIVE AND ADDITIONAL INFORMATION |

About 4:48 pm officers Columbo & Colon the CK01F responded to a B/C for a black male dealing drugs out of a Blue Susuki sidekick at Hamilton st & mt everett st. On arrival P.o Columbo displayed his badge to the suspect seated in the drivers seat of the vehicle. At this time the suspect reached to his lap and placed a silver shiney object underneath the driverside seat. officer Colon was positioned on the passenger side of the suspect and both officers observed the shiney object. officer Columbo removed the suspect from the

| 77 UNIT ASSIGNED CK01F | 78 TOUR OF DUTY 3 | 79 REPORTING OFFICERS SIGNATURE Martin Columbo | 80 REPORTING OFFICERS ID 9720 | 81 PARTNERS NO 9347 | ☐ YES ☐ NO |
|---|---|---|---|---|---|
| 82 DATE OF REPORT 4/24/90 | 83 SPECIAL UNITS NOTIFIED (REPORTING) Tow unit | | | | TELEPHONE NO |

SOLVABILITY FACTOR

| Complaint No. | BOSTON POLICE DEPARTMENT CONTINUATION SHEET | Page 2 of 2 |
|---|---|---|

| 01346502 | | |

| Date | 4. Nature of Incident | Remarks |
|---|---|---|
| 2/24/90 | Unl carrying firearm | |

vehicle & officer Colon removed from underneath the driverside seat a silver P.380 cal Automatic Davis Industries handgun, with Black grips. Serial # AP012779. The handgun was fully loaded with one round in the chamber and five .380 cal. F.G rounds in the magazine.

The suspect was placed under arrest at this time after not producing a license to carry. A pat down of the suspect revealed three individually large wrapped packages containing a green herb substance believed to be marijuana, in the suspect left front jacket pocket.

Suspect transported to area c by the C 441 F officer leasord & booked in the usual manner. MLV towed by Chevy Auto body tag # 1693. Notified tow unit spoke with McFicker. Drugs noted in drug log book # 15 page 1790. Handgun placed in gun locker & to be sent to Ballistics for anaylisis.

At the booking search $779.00 was taken from the suspect & held as evidence.

$600.00 in $100.00 folds
23 $20.00 bills
23 $10.00 bills
15 $5.00 bills
14 $1.00 bills

22]

COMMONWEALTH

v.

_John Daley_

OFFENSE _Unl carrying Firearm, Posses D w/int_ .......... Date _5/8/90_

TO COMMANDING OFFICER.

From _P.o martin Columbo_ .......................................................... Div. No. _C-11 - 9720_

Court _Grand Jury_ ..................... Judge ........................... Date of trial _5/8/90_

Arresting Officer _P.o Martin Columbo_ ..... Prosecuting Officer .........................

Complainant _P.o martin Columbo_ ........ Address _40 Gibson St Dorchester_

Defendant _John R Daley_ ........................ Address _130 Homes Ave Dorchester_

Description of Defendant _B/m 5'8" 150 lbs Blk hair Brn eyes_

Charge when booked at station _Unl carrying Firearm / Poss Ammunition / Posses D w/int_

Charge or charges when warrant issued ..................................................

Disposition ..................... Appealed ..................... Held for Grand Jury .....................

| WITNESSES | ADDRESS |
|---|---|
| _P.o Frank Colon_ | CC# _01346502_ |
| | Alias                      (M) F |
| | Address _130 Homes Ave Dorches_ |
| | DOB _12/23/63_   Race |
| | HT. _5'8"_   WGT _150 lbs_ |
| | EYES _Brn_   HAIR _Blk_ |
| | SS# ▓▓▓ ▓▓ ▓▓▓▓ |
| | PO _Martin Columbo_ |

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT

NO. D-087128

NO. E-087129

NO. F-087130

GRAND JURY

SUFFOLK COUNTY

RE:  JOHN R. DALEY

Presented by:  DANIEL CONLEY, ESQ.

Assistant District Attorney

ALSO PRESENT:  EDWARD BURNS, ESQ.

Assistant District Attorney

Tuesday, May 8, 1990

Boston, Massachusetts

Agcy of Wm. Beaupre, 81 Washington St., Ste 1A, Salem, MA 0197(
BY: FAX (508) 741-0021  745-1974  1-800-662-0311       BY
***************** COMPUTER AIDED TRANSCRIPTION ***************

[28]

2

MARTIN COLUMBO, Sworn.

1

2

3    Q    Sir, would you please state your name and spell your last

4         name?

5    A    Officer Martin Columbo. C-O-L-U-M-B-O, assigned to Area C-

6         11, Dorchester, Boston Police Officer.

7    Q    How long have you been a police officer, sir?

8    A    Approximately four and a half years.

9    Q    Directing your attention to April 24, 1990 at about 5:00 in

10        the afternoon were you working that day?

11   A    Yes, I was.

12   Q    Were you dressed in plain clothes or in a police uniform?

13   A    Plain clothes.

14   Q    What type of cruiser were you operating in?

15   A    Unmarked blue LTD Crown Victoria.

16   Q    Were you with a partner?

17   A    Yes, I was.

18   Q    What's his name?

19   A    Officer Frank Cologne.

20   Q    Were you the driver or the passenger that day?

21   A    I was the passenger.

22   Q    At approximately 4:48 in the afternoon did you receive a

23        radio call?

24   A    Yes, we did.

[29]

3

1    Q    Could you tell the Grand Jurors the substance of the radio

2         call?

3    A    The radio call was for a black male dealing drugs in a blue

4         Suzuki Sidekick at Mount Everett Street and Hamilton

5         Street.

6    Q    Did you respond to that location?

7    A    Yes, we did.

8    Q    When you got there what did you observe?

9    A    We observed a blue Suzuki parked on the right hand side of

10        Hamilton Street right at Mount Everett Street.  We pulled

11        behind the vehicle.

12    Q    Did you get out of your cruiser?

13    A    Yes, we did.

14    Q    What did you do?

15    A    I, myself walked up to the driver's side and my partner

16        went over to the passenger's side.  At that time I

17        displayed by badge and identified ourselves as Boston

18        Police Officers.

19    Q    And as you did that, what did John Daley do?

20    A    As soon as he observed me, he took something from his lap,

21        which I observed to be a shiny silver object and threw it

22        under the front seat.

23    Q    Now, when I say John Daley, where was Mr. Daley when you

24        first saw him?

4

| | | |
|---|---|---|
| 1 | A | He was sitting in the driver's side seat. |
| 2 | Q | And was he in the Suzuki that you described? |
| 3 | A | That's correct, by himself. |
| 4 | Q | Is that the same Suzuki that was parked on Hamilton and |
| 5 | | Mount Everett Streets in Dorchester? |
| 6 | A | Yes, it is. |
| 7 | Q | Now, when you observed the shiny object go under the seat, |
| 8 | | what did you do, Officer? |
| 9 | A | At that time I merely opened the door and asked the suspect |
| 10 | | to step out of the vehicle. |
| 11 | Q | And did he step out of the vehicle? |
| 12 | A | Yes, he did. |
| 13 | Q | And what did you do then? |
| 14 | A | My partner Frank Cologne reached under the seat and |
| 15 | | retrieved a silver automatic .380 handgun, fully loaded, |
| 16 | | one round in the chamber, five rounds in the clip. |
| 17 | Q | Do you have that with you today, Officer? |
| 18 | A | Yes, I do. |
| 19 | Q | Could you show it to the Grand Jurors? |
| 20 | A | Sure. |
| 21 | Q | Did you submit that item to the Boston Police Ballistician |
| 22 | | for analysis? |
| 23 | A | Yes, we did. |
| 24 | Q | Has it been test fired? |

[31]

5

| | | |
|---|---|---|
| 1 | A | It has been test fired. |
| 2 | Q | And is it, in fact a firearm within the meaning of the law? |
| 3 | A | It is a firearm. |
| 4 | Q | And do you have certification in that regard? |
| 5 | A | I do. |
| 6 | Q | Who's the ballistician who certified it? |
| 7 | A | William Carter. |
| 8 | Q | Now, after you placed Mr. Daley under arrest, did you |
| 9 | | search his person? |
| 10 | A | Yes, we did. |
| 11 | Q | And where did that take place? |
| 12 | A | That took place right at the scene of the arrest, Hamilton |
| 13 | | and Mount Everett. |
| 14 | Q | Did you recover any other objects from the person of Mr. |
| 15 | | Daley? |
| 16 | A | Yes, I did.  In the left front of his blue coat pocket I |
| 17 | | retrieved three large plastic bags containing a green herb |
| 18 | | substance, which I believed to be marijuana. |
| 19 | Q | Did you smell this substance? |
| 20 | A | Yes, I did. |
| 21 | Q | Did you feel the substance? |
| 22 | A | Yes, I did. |
| 23 | Q | Now, you say you believed it to be marijuana. How many drug |
| 24 | | arrests have you made in your career, Officer? |

6

1    A    I'd say well over five hundred.

2    Q    And have you ever seized marijuana in the past?

3    A    Plenty of times.

4    Q    Now, based on the texture, the smell and your past

5         experience with the substance, do you have an opinion as to

6         the substance that you retrieved from Mr. Daley's person on

7         that day?

8    A    Yes, I do.   I believe it to be marijuana.

9    Q    Did you submit that for analysis?

10   A    Yes, I did.

11   Q    And you are waiting for that analysis?

12   A    I'm waiting for it to come back.

13   Q    Aside from the substance, which is in your opinion

14        marijuana, did you recover any U.S. currency from Mr.

15        Daley?

16   A    Yes.   I recovered seven hundred and seventy-nine dollars

17        in U.S. currency, six hundred of it which was in one

18        hundred dollars folds with elastic bands around it.   The

19        remaining hundred and seventy-nine was in one pants pocket.

20   Q    Now, the way this marijuana was packaged, do you have an

21        opinion as to whether this marijuana was for Mr. Daley's

22        personal use or it was intended for distribution?

23   A    Intended for distribution.

24             MR. CONLEY:   Any questions?

[33]

7

1          JUROR:  How was it packaged?

2   A   It was packaged in a large baggie which is rolled up the

3       size of an ounce, by one ounce bags.  There were three

4       separate individuals.  We estimated it to be three ounces.

5   Q   What's the current street value of ----

6   A   Anywhere from eighty dollars to a hundred.

7          MR. CONLEY:  Thank you.

8

9

10          (Whereupon the hearing concluded)

11

[34]

Pursuant to the Ancient Prerogative Writ of Mandamus,All Writ-Act also Coram Nobis.I pray that this honorable Court Judge,will dismiss these charges with prejudice 48(a).Pursuant to Title:42,18,28,9,5,2,1. CFR. Mass.R.App.P.3 Rule 64,Fed. Rules.Crim.Proc-803(c) Fed Rules of Evidence 401 and 402. Fed.Rules.App.Proc-22(b)(1).M.R.Crim.P.25[a],by withdrawing in good faith for the asserting of false arrest,false imprisonment,abuse of process,mal-icious prosecution and wrongful discharge claims under the Mass-achusetts Constitution,Laws and Statues,Provisions,Sections.(M.G. L.A.c,M.G.L.c 263 § 3),(M.G.L.A.c,M.G.L.c 265 ch.39).Massachuse-tts Civil Rights Act.(MCRC).Federal Tort Claims Act.(FTCA)and Fed-eral Common Law and Statues pursuant to the U.S.C, U.S.C.A, U.S-C.A. Const. Amend.42 U.S.C §§ 1981.(Equal Rights Under Law), 1983 to 1984,1985,2000. 28 U.S.C §§ 1367(a), 1651(a)(b),1940,1738 28 CFR §§ 77.1,77.4 Atty. Gen.Order. No:2216-99,64 FR 19273(April 1999). 18 U.S.C §§ 401,1001,1623(a),3001,3431,3625. 9 U.S.C §§ 9, -13. 5 U.S.C §§ 551,552(a)(e)(5),(g)(1)(C,D),553 and The Executi-ve Department (APA) Generally. 2 U.S.C § 922. 1 U.S.C § 1 or in Bifurcation Relief,within the reference in text of said issues, in aid of Jurisdiction,Provisions,Sections,Laws,Statues to Effec-uate said issues,In Favor of John R. Daley State I.D #, 032-84015 Fed I.D. # pursuant to the U.S. Const.Art. VI cl.2. and U.S.C.A. Const. Art.6,cl.2. also .. Fed.Reg....,28 CFR § 1632 1 U.S.C § 1 and 1 U.S.C.A § 1(Parsing Statues) also Art.I U.S.C.A -Const. Art.1,§ 1 (Plenary Powers).

## SWORN AFFIDAVIT NOT TO FILE SUIT FOR FALSE IMPRISONMENT

This is a sworn affidavit,that I John R. Daley Commitment Numbe-r W59561 Will Not file a "Civil Rights Action" pursuant to Massa-chusetts Civil Rights Act(MCRA) 12 M.G.L.c 12 §§ 11 H and 11-I. U.S.C, U.S.C.A, U.S.C.A. Const. Amend. 42 U.S.C §§ 1981,1983 to -1984 and the(FTCA) and any other Federal Civil Rights Act,Tort-Claims,Constitutional Claims. U.S.C, U.S.C.A, U.S.C.A. Const.-Amend. 50 U.S.C.A. App. 520,.. Fed.Reg....,18 U.S.C §§ 401,3625. Pursuant to the Constitutional Tort.Also pursuant to 2 U.S.C §-922, 5 U.S.C §§ 551 Administrative Procedure Act(APA) Generally. 28 CFR §§ 77.1,77.4 Atty.Gen.Order No:2216-99,64 FR 19273(April -1999).28 U.S.C §§ 1940,2241.And pursuant to the Judicial Immuni-ty which is not barred to Prospective Injunctive and Declaratory Relief against Judicial Officer acting in(her/his)Judicial Cap-acities,Capacity,Units,Gov't Entity or Administrative,Legislative or Executive Functions,Generally. U.S. Const. Art. VI,cl.2. and U.S.C.A Const. Art.6,cl.2. 1 U.S.C § 1, 1 U.S.C.A § 1, Art. I U.S -.C.A. Const.Art. 1,§ 1 for the Commonwealth of Massachusetts for the asserting of false arrest,false imprisonment,abuse of process malicious prosecution and wrongful discharge claims. 18 U.S.C §§ -1001,1623(a) perjury,under the State,Federal and the United -States Constitution.Federal and State Laws.

Grant such other Bifurcation Relief,within the reference in Text of said issues.In aid of Jurisdiction,Provisions,Sections, Statues to effectuate said issues.Also Plenary Powers in favor of plaintiff's Affidavit(Criminal Matter)and The Enforcement Clause, 14 §§ 1,5., 14 § 5.

CONTINUED ON NEXT PAGE

[35]

SWORN AFFIDAVIT NOT TO FILE SUIT FOR FALSE IMPRISONMENT

I Declare under the pairs and penalties of pejury that the foregoing is true and correct,Signed under penalties of perjury on this October 10, 2004   .

cc/file

Respectfully Submitted,

John R. Daley W59561
PRO SE Litigant
MCI CEDAR JUNCTION WALPOLE
P.O.BOX 100
SOUTH,WALPOLE MA.02071

Dated: 10/25/04

[36]

Dav
mail

Suffolk Superior Court
Criminal Action
712 Pemberton Square
New Court House
Boston Ma. 02108


Re; <u>Requesting Complete Copies Of Docket Entries;</u>


Dear Sir/Madem

   Please accept this correspondence in regards to my requesting
completes copies of the following legal material in said courts
possession ? At this time I am requesting the following docket,
entries;

1.  Comm  .v.  John Daley Jr.

     Docket #'s  95-10462-**001**,
                 95-10462-**002**,
                 95-10462-**006**,

2.  Any and all Police reports, notes, memo's. *NO*

3.  Any and all trial plea agreement transcripts. *NO*

4.  Any and all Grand Jury Minutes. *NO*

5.  Any and all pre-trial motions file in this matter.

   At this time I am about to withdraw said guilty plea, I am in need
of the requested material, I have enclosed for your convenience  my
affidavit of indigency, I have already be deemed an indigent  person
by said Commonwealth pursuant to Mass.Gen.Law 261§§27A-G.

   I would like to thank you in advance for your time and attention
to this matter and do anxiouly await your reply.


                                        Respectfully Submitted

                                        John Daley Jr.
                                        Old Colony Corr.Center
                                        One Administration Road
date; __9/10/97__                       Bridgewater Ma. 02324


mccc/file


[37]

Suffolk Superior Court
Criminal Action
712 Pemberton Square
New CourtHouse
Boston Ma. 02108


Re; <u>Requesting Complete Copies of  Indictments , Grand Jury Minuets:</u>


Dear Sir/Madem

     Please accept this correspondence in regards to my requesting
complete copies of the following legal materials in said courts
possession. At this time I am requesting the following docket,
entries;

1.COMM- V - John Daley Jr.


   Docket #,s 95-10462-001,
              95-10462-002,
              95-10462-006

2.Any and all Police reports,notes,memo.

3.Any and all trail plea agreement transcripts.

4.Any and all Grand Jury Minutes.

5.Any and all pre-trail motions file in this matter.

     At this time I am about to withdraw said guilty plea,I am
in need of the requested materials,Pursuant to Rule 14 of the
Massachusetts Rules of Criminal Procedure,the Fourteenth Amendment
of the United States Constitution and Articles, I,IX and XIV of
the Massachusetts Declaration of Rights and moves this court,this
Honorable Court for an order requiring the Commonwealth to furnish
the defendant with the following discovery materials; which has
been listed above. My affidavit of indigency,I have already been
deemed an indigent person by said Commonwealth pursuant to Mass.
Gen.Law 261  27A-G.

     I would like to thank you in advance for your time and attention
to this matter and do anxiously await your reply.


                                    Respectfully Submitted

                                    John Daley Jr.
                                    M.C.I N orfolk
                                    P.O.Box 43
                                    Norfolk M A.02056

dated  *John Daley Jr.*
       8/9/99
cc/file

[38]

Suffolk Superior Court Reporter
Mr. Dale M.Cullion,Room 1113
712 Pemberton Sq.
Boston M A. 02108


Re: Requesting a comlete copy of my trail plea agreement,
    transcripts and grand jury minutes of 95-10462.It is
    very important that I obtain such documents,because at
    this present time I am in motion to file for a new trail
    and take back my guilty plea. Pursuant to Mass R.Crim P.30
    (b) that he/she be granted a new trial on such rule.


I have been deemed an indigent person by said commonwealth
under Mass,Gen,Law at 261 A.G.


At this time I thank you in advance for your time and attention
in this matter and do hope to hear from your office in the near
future.


Date: 8/23/99


                                    Respectfully Submitted


                                    _John R. Daley_

                                    John Daley Jr.
                                    M.C.I Norfolk
          cc/file                   P.O.Box 43
                                    Norfolk M A.02056


[39]

THE COMMONWEALTH OF MASSACHUSETTS

CLERK OF THE SUPERIOR COURT
CRIMINAL BUSINESS

DEPARTMENT OF THE TRIAL COURT
SUFFOLK COUNTY

90 DEVONSHIRE STREET, ROOM 607 BOSTON, MA 02109
TELEPHONE (617) 788-8160

COMMONWEALTH VS. *John Daley Jr.*

SUFFOLK SUPERIOR COURT NUMBER: *95-10465*

Dear Sir or Madam:

This office is in receipt of your request for copies of:

Docket Sheets: _____X_____

Indictments: _____X_____

Motions: _____

Other: *Pretrial Report.*

Your request for copies has been honored and the copies were mailed to you on *8-18-99*.
If you have filed motions or made a request that requires allowance or approval by a Justice, this office will notify the appropriate Judge or Regional Administrative Justice and whenever he or she makes a ruling or decision you will be notified by us of that ruling. You should not expect to hear from us otherwise.

This office has also recorded the dates of any mailings to you.

* *Police Reports can be obtained through the Police Station or the District Court in which you were processed.*

* *Copies of trial plea agreements and transcripts can be obtained by contacting the Court Reporter.*

John A. Nucci, Clerk Magistrate
Suffolk Superior Criminal Court
90 Devonshire Street
Boston, Ma 02109

* *Grand Jury minutes are not Public Information.*

*Court Reporter Suffolk County Superior Courthouse*
*Rotos, 2 Main St.*
*Room 1113, Boston 02108*
*Dale M. Cullinan.*

[40]

September 8, 1999


Mr. John Daley, Jr.
MCI Norfolk
P.O. Box 43
Norfolk, MA    02056


Mr. Daley:

 In order for me to prepare a copy of your plea transcript I
must receive an Order from the Clerk's Office or Justice in
First Session allowing your motion for a copy of a free
transcript.

Once I receive such an Order I will prepare your transcript and
mail it to you.


Sincerely,

*Dale Cullinan*

Dale Marie Cullinan
Official Court Reporter
90 Devonshire Street
Boston, MA  02109

[4i]

# SUPLIMENTAL

# BRIEF

# MEMORANDUM

TO: THE UNITED STATES DISTRICT COURT,

    FOR, THE DISTRICT OF MASSACHUSETTS
    ONE COURTHOUSE WAY, SUIT 2300
    BOSTON MA.02210

COURTS CLERK: TONEY ANASTAS AND "JUDGES CHAMBERS"


TO: THE SOLICITOR GENERAL OF THE UNITED STATES,
    ROOM 5614, DEPARTMENT OF JUSTICE,
    950 PENNSYLVANIA AVE,
    N.W. WASHINGTON D.C. 20530-0001


TO:  STATE ATTORNEY GENERAL
    THOMAS F. REILLY
    ONE ASHBURTON, BOSTON MA.02109 and

    THE COUNSEL FOR THE STATE ATTORNEY GENERAL OF MASSACHUSETTS


FROM: JOHN T. GEORGE; JOHN R. DALEY,Jr.-W59561

    PRO SE

    MCI CEDAR JUNCTION WALPOLE
    P.O.BOX 100
    SOUTH, WALPOLE MA.02071


RE: "CORAN NOBIS" , SUPPLIMENTAL BRIEF MEMORANDUM , OF

    "HABEAS CORPUS REVIEW"


DATE: 10/25/04


[Number of Pages: 30 ]

[Number of Exhibits:28  ]


[ A ]

## TABLE OF CONTENTS

## (<u>PRO SE</u>   SUPPLEMENTAL   <u>BRIEF MEMORANDUM</u>)

                                                                PAGE

I.   Introduction ...................................    1


II.  Facts .........................................    1,2,3

A. The Memorandum of The,Weapons Possession
   Charges, Complaint No.50-096 622, Dated 3/3/95 ......   4-10

B. The Memorandum of The,Weapons Possession
   Charges, Complaint No.01-346 502, Dated 4/24/90......   4-10

C. The Memorandum of The,Assault And Battery
   Charges(Dangerous Weapons),
   Complaint No.50-096 622, Dated 3/3/95 ..............   11-13

D. The Memorandum of The,Drug Charges,
   Complaint No.50-096 622, Dated 3/3/95 ..............   14-24
   <u>And</u> Complaint No.01-346 502, Dated.4/24/90 .........   14-24

E. The Closeing Argument Memorandum,
   Complaint No. 50-096 622, Dated 3/3/95 ..............   24,25

III. <u>Review</u>, Coram Nobis "<u>Exhibits</u>", "Habeas Corpus Exhibits,
     Amended Petition Exhibit,
     Complaint No.50-096 622, Dated 3/3/95
     <u>And</u> Complaint No.01-346 502, Dated 4/24/90
     <u>Dated</u>,10/25/04  Massachusetts United States District
     Court ...................................... 1-40

[  [ B ]

Now Here Comes petitioner and motions for the transfer of petitioners Habeas Corpus, motion to vacate, correct, also the certificate of appealibility and the dismissal of criminal charges. [T]hese motions comes before the Honorable Court Clerk, [T]he Honorable Judge Residing, because of the,<u>Delay</u> of the Superior, ss Court in the resolvement of petitioners Habeas Corpus of (my/his) State Commonwealth's Criminal Convictions.It seems, that said courts, have suspended the privileges of the Review of Such Privilages.

Pursuant to, U.S. Const.Art.Ц, § 9,cl.2.(The Privilage of the, "<u>Writ of Habeas Corpus</u>" , shall not be suspended, unless when in cases of Rebellion or Цnvasion The public safety may require it. Said charges, "<u>Generic Charges</u>" upon defendant are not the type of charges that (my/his) habeas Corpus Proceedings should have been,("<u>Suspended,Delayed</u>") , Dilatory Tactics, and Stonewalling defense by the,Massachusetts Commonwealth,should be prohibited and not be "<u>Aided</u>" by Thee United States Federal District of Massachusetts.

[ 1 ]

Constitutional Law:#270(3), U.S.C.A.; Criminal Law:#986.2(6),-

U.S.C.A. ; U.S.C.A. Const. Amends.5, 14.(Vindictiveness);

42 U.S.C. § 1981; 42 U.S.C.A. § 1981 (Equal Rights Under Law),

18 U.S.C. §§ 241,242; 18 U.S.C.A. §§ 241,242 ("Liberty of Indiv-

idual"). <u>See</u>: Hohn-v-United States : <u>118 S.Ct. 1969</u>(1998) at -

#<u>1972-1977</u>, Conclusion:# <u>1978, 1983 & 1984</u>.

Petitioner  motions for the, habeas Corpus of said,petitione

-rs state conviction, In accordance with, [T]he "<u>Intrest of -</u>

<u>Justice</u>" , also "<u>Due Diligence</u>" (petitioners) motions for the

<u>Review</u> of (my/his) state criminal convictions in, The United

States District Court in massachusetts. Because of the,"<u>Gross</u>

<u>Miscarrage of Justice</u>" , Criminal Law;# 549, U.S.C.A. "Governme-

nt must prove every fact to convict defendant" <u>see</u>  the attached,

Habeas Corpus petition to thee United States District Court of

Massachusetts. Dated: 10/25/04  Attached with police reports.

Applicant moves, in the appropriate court for an (order/

command) authorizing The, Consideration of the application.

[ 2 ]

Pursuant to, 28 U.S.C. §§ 2244(b)(2), 2254, 2255; ----
28 U.S.C.A. §§ 2244(b)(2), 2254, 2255; 18 U.S.C. §§ 3001, 3431.;
Fed.Rules.Crim.Proc.,; Also the <u>Dismissal (Rule)</u>, <u>The Argumental-</u>
<u>Rule</u>, Title:18. Grant that which "<u>bifurcates</u>" in accordance with,
the enclosed matter in favor of petitioner pursuant to, 42 U.S.C.
- § 1981; 28 U.S.C. § 2412; and U.S.C.A. Const.Amend.5, 14. ; -
U.S. Const. Amendth. 5,14.

******* <u>Please</u> <u>Note</u>, pursuant to [T]he Antiterrorism and
Effective Death Pentalty Act of 1996(AEDPA), petitioner" <u>is</u> <u>not</u>"
subject to, AEDPA's Certificate of Appealability Requirment,
Habeas Corpus Law:#205, U.S.C.A.; 28 U.S.C.A. §§ 1651, 2253, 2254
-, 2255. <u>Also</u> ******* Pursuant to, 18 U.S.C. § 3731; 18 U.S.C.A.-
§ 3731 said petitioner <u>is</u> entitled to "<u>Direct Appeal</u>"to The
United States Supreme Court of America, Washington D.C.  ---
"<u>Writ of Certiorari</u>", [T]he "<u>Solicitor General</u>".

The evidence in said convictions(is/are), "<u>Insufficient</u>" to
establish factual basis for acceptance of guilty plea to charges
of possession of firearm in cconection with drug,intention to
distribute.In both state convictions dated: 3/3/95 <u>and</u> 4/24/90.
Also the other charges in the convictions. Also the allegied
charges of his convictions, Fed.R.Crim.Proc.Rule.11(Safe Gaurd).
(Lack of Transcript In Plea Agreement), <u>Federal</u> <u>And</u> <u>State</u> <u>Case</u>
- <u>Law</u> said defendant was charged with the following charges,see
"original", <u>amended petition for the ancient prerogative writ of</u>
<u>mandamus, all writ act, coram nobis</u>. Dated: 10/25/04 Petitioner
had been convicted <u>of</u> <u>using</u> <u>or</u> <u>carrying</u> <u>firearm</u> <u>during</u> and in

relation to commission of drug trafficking offense sought to

Have (my/his) conviction vacated, <u>not</u> <u>only</u> <u>vacated</u>, on the basis
,Supreme Court's "<u>Bailey Decission</u>" limiting scope of term "<u>use</u>"
but also motions for "<u>Dismissal</u>", In accordance with 18 U.S.C. §
- 1851; Art. V., The Fifth· Amend."Grand Jury" (Fatal Flaw -
Requiring Dismissal of The Indictment.) Also pursuant to 18 U.S.C
- §§ 3001,3431; Pursuant to, Fed.Rules.Crim.Proc. also pursuant
to, criminal law:#997.2, U.S.C.A.; 18 U.S.C.A. § 924(c)(1); --
Weapons Law:#4, U.S.C.A.; 18 U.S.C.A. § 924(c)(1) Even if said
Weapon was resting, or hidden in the vehicles, still could not
be enough to employ use of [A] firearm in A drug traffiking off-
ense. Weapons Law:#4, U.S.C.A. and Weapons Law:#10, U.S.C.A.;
18 U.S.C.A. § 924(c)(1); Fed.Rules.Evid.Rule.401, 402, 404(b),--
·Fed.R.Crim.Proc.Rule.4(a).

    Petitioners, "<u>Guilty</u> <u>Plea</u> <u>Issue</u>", On the weapons possession
still can be challenged,pursuant to, Fed.Rules.Crim.Proc.Rule.11-
(c)(1), 18 U.S.C.A.; Rule.12(b)(2), 18 U.S.C.A. "Not A waiver of
objection" and Criminal Law:#273.3, U.S.C.A. Because there was
(no/any) evidence that defendant did "<u>use</u>" The allegied gun in
the police officers underlying information in the police report
or "<u>Generic Indictment</u>" , Fed.Rules.Of Evidence.Rule. 401, 402,-
.404(b), 802, 803(6) The weapons possession should be dismissed,
pursuant to, 18 U.S.C § 3367(a)(b)(1)(2)(3); Fed.R.Crim.Proc.-
Rule.48 (<u>Dismissal</u> <u>Rule</u>); Weapons Law:#17(4), U.S.C.A.; ----
18 U.S.C.A. § 924(c)(1); the record contained insufficient
evidence of factual basis, Criminal Law:#1181.5(3.1), U.S.C.A.;
Fed.Rules.Crim.Proc.Rule.32(d); "<u>Speculation</u>" cannot be permitted
to substitute for proof beyound A reasonable doubt.(Officer did
not have personal knowledge).

[ 4 ]

In General, pursuant to the memorandum of law of the enclosed
.matter," evidence obtained by state officers during A search and
seizure which,If conducted by Federal Officers, would have viol-
ated defendants's immunity from unreasonable searches and seiz-
ures under the fourth amendment is inadmissible over A defendants
timely objection in A federal criminal trial, if one was to take
place in the entitled matter,[T]he "Silver Platter" Doctrine,
under which such evidence was admissible in A Federal Prosecution
No Longer Obtains. Fed.Rules.Crim.Proc.Rules.26, 41(e). ----
18 U.S.C. §§ 241,242, U.S. Const.Amendt. 4, 14th. And Title: --
5 U.S.C. § 3374(e), 18 U.S.C.A.; U.S.C.A. Const.Amends. 4,14.
Criminal Law:#1030(1), U.S.C.A. "Plain Error" is one that will ca
-use A misscarrage of justice unless corrected.Any  U.S. Appella-
te Court(should/shall) correct plain forfeited error affecting
substancial rights if error seriouly affects fairness,integrity,
or public reputation of judicial proceedings. Defendant never
possesed any  weapons at any time pursuant to,Weapons Law:#6,--
U.S.C.A. In favor of. the Government.[T]he Legislative History of
the 1984 Amendment indicates that the "In relation to" Language
was intended to make explicite that,"[A] person could not be
prosecuted under 18 U.S.C. § 924(c); 18 U.S.C.A. § 924(c) for
possessing A firearm during the commission of an entirely un--
related crime. S.Rep.No.225, 98th Cong. ,2d Sess.1, 314 n.10-
(1983), which was reprinted in the 1984 U.S. Code.Cong. & Admin.
News 3182, 3492 n.10. Thus, Section 924(c) Requires more than
mere possession of A firearm, Rather there must be some relation
or connection between the firearm and the underlying crime.

[ 5 ]

See: Case Law, On Motion To Supress Evidence in Table of Cite,
Both State and Federal. [T]he necessary relation or connection
between possessionof A firearms and the underlying crime is estab
-lished "If, from the circumstances or otherwise it could be fou-
nd that the defendant,"intened to use the allegied gun or guns"
If A, Contingency arose or to make his escape", or (my/his) alleg
-ied (flee or flight). 18 U.S.C. § 3742(e).

Based on the foregoing analysis within the memorandum,in
order for A "Leggitamate" possession of A firearm to come within
the "use" pursuant to, 18 U.S.C. § 924(c); 18 U.S.C.A. § 924(c)
"Supplemental Statutes" -"In Favor Of Defendant", One of the
following would be required: "Proof of A Drug Transaction"inwhich
the circumstances surrounding the presence of A firearm by the
defendant". the allegations in the police reports is insufficant
"lack of evidence" 'firearms' pursuant to, 18 U.S.C. § 924(c) pos
-session of firearms.As mentioned in the defendant, John R. Daley
-W59561 respondant to the Commonwealth of Massachusetts, District
Attorney of Suffolk County,"Mr. Daniel F. Conley"and The Suffolk
County Superior Court Civil Clerk's; Superior Court Department of
The Trial Court Civil Action No. 03-4425F; Narcotics & Asset ForFit
-ure Unit,. One Bulfinch Place Boston, MA. 02114-2997.In regards to,"In Re --
$779.00 In U.S. Currency, Dated:9/18/03. Memorandum of Law Pursuant to the,
"Gun Charges" which (are/were) "Split Sentences" [N]ot the mandatory five year
sentence.Pursuant to (U.S.S.G.) United States Sentencing Guidelines,and Con-
gress 18 U.S.C. §§ 924(c), 924(c)(1) The U.S.S.G. § 2D1.1(b)(1) enhancement
which was not enforced.Reviewed under 18 U.S.C. § 3742(e); 28 U.S.C. § 1367(a)
-; Criminal Law:#92., 105, 1033.1, U.S.C.A.; U.S.C.A. Const.Amends.

Pursuant to, Sentencing And Punishment Law:#726(3), U.S.C.A.; and .U.S.S.G. § 2D1.1(b)(1), 18 U.S.C.A., Inwhich goverment must prove by A preponderance of evidence that defendant actually or constr -uctively possessed A firarm, or during commission of allegied, generic offense". "Generic Offense", Plainly does not meet the st -atutory Standard,nor does it meet the standard of the,"Fortress -Theory" of U.S.S.G. § 2K2.1(b)(5) Enhancement, as mentioned the split sentence is another part of not accually or constructively possessing the allegied firearms pursuant to sentencing and punis -hment law:#726(3), 973; U.S.S.G § 2D1.1(b)(1), 18 U.S.C.A. Government has the burden of proving possession of firearm. The more "present" interpretation of 18 U.S.C. § 924(c)(1), there are two other structural circumstances that suggest A contrary in -terpretation,The title of the entirety of 18 U.S.C. § 924 is "Penalties", and in 1998 Congress reenacted 18 U.S.C. § 924(c)(1) separating different parts of the first sentence (and others) into different subsections, pursuant to Pub.L.105-386, § 1(a)(1), -112 stat. 3469.Congress Already has determined that at lease some portion of 18 U.S.C. § 924, including 18 U.S.C. § 924(c) itself, creates not penalty enhancements,but entirely new crimes. See S.Rep.No.98-225, pp.312-314(1984) ("Section 924(c) sets out an offense District from the underlying felony and is not simply A penalty provision.) "In favor of defendant pursuant to, ---- 42 U.S.C.A. § 1981(Equal Rights Under Law), 28 U.S.C.A. § 2412 -(Constitutional Tort, Equal Acess) and pursuant to Constitution- al Law:#270(1),U.S.C.A.; U.S.C.A. Const.Amends.5th,6th.14th "Under Due  Process Clause", Art.V., Depriving defendant John R. Daley,W59561,

[ 7 ]

-- of (my/his) rights guaranteed by the United States Constitut-
ion, would not be in accord with the enclosed memorandum. For
the "realistic"indicators from congress itself,it is appropriate
to consider word usauge in other provision of Title:18's chapter
on firearms. Interpreting 18 U.S. § 924(c)(1) in light of
18 U.S.C. §§ 922(g), 922(j), 922(k), 922(0)(1), 924(d)(1), 930(a)
-, 930(b). In reviewing statutory laws in describing when and how
A person may travel in a vehicle that contains {A] firearm
without violating the 18 U.S.C. §§ 925(a)(2)(B) and 926A use
"Transcript" not "carry" as to "imply" personal agency and some
degree of posseession.The Statutory Reading, "carries" in --
18 U.S.C. § 924(c)(1) to mean "on or about [ones] person "it
fully compatible with these and other "firearms" statutes.It is
also fundamental, however that a penal statute is not to be cons-
tructed generously in the government's favor.

  Amendment "600" which became effective on November 1, 2000
and revises, U.S.S.G. § 2K2.4 to application of the guidelines to
[A] career offender.The amendment "pronhibits" the "use" of
18 U.S.C. § 924(c) [possession of a firearm in relation to A
drug trafficking crime] or "alligations" pursuant to, Fed.R.-
Evidence. Rule.401, 402; Fed.R.Evid.Rule.802, Fed.R.Crim.Proc.-
Rule.4(a) untrustworthy information underlying the police report
for convictions to either trigger application of a career crim-
inal  offender guideline, U.S.S.G. §§ 4B1.1., 4B1.2. Amendment
599 became effective November 1, 2000 and expands the commentary
of U.S.S.G. § 2K2.4, which addresses, The "use" of A firearm in
relation to certain crimes. Sentencing And Punishment Law:#664(5)
-,U.S.C.A.; U.S.S.G. § 1b1.1 et seq., 18 U.S.C.A.(clarifiing -

[ 8 ]

--<u>Amendments</u>.), pursuant to,28 U.S.C. §§ 2241,2243,2255(motion
-to vacate, correct or set aside entence)., 28 U.S.C.A. §§ 2241,-
2243, 2255.* Fed.R.Evid.Rule.401, 402, 404, 410, 802., "<u>Videotape
-Evidence</u>" If any,did it support the allegied gun possession?
After the illegal arrest at the police precinct after the "<u>Terry-
Type</u>" <u>Search</u> of defendant on Morton St.Mattapan MA. I would
like to draw to the Commonwealth attention,the "<u>Federal Procedure
-</u>,"<u>Inventory Form</u>","<u>Inventory Report Sheet</u>", of A complete search
of A vehicle at A police precinct, inwhich [A] prepared video -
tape,should have been in motion within accordance with, <u>search -
and seizures</u>. There <u>was</u> <u>not</u> <u>any</u>, such video,just as the initial
The first initial search of defendant's car on morton street,in
Mattapan MA. <u>see</u> <u>supporting</u> <u>case</u> <u>law</u> in the Habeas Corpus Writ,Da
-ted,10/25/04 In The U.S. District Court of Massachusetts,Commonw
-ealth. <u>See</u>, Federal and State Table of Cite,"<u>Lack of Consent To
- Search</u>," <u>E</u>, #1 caselaw. Also there <u>is</u> <u>not</u> any witness that came
forward in the governments favor to say that defendant actually
possessed these allegied gun in the dated, 3/3/95 incident nor
the 4/24/90 indictment only the hearing statement of the arresti-
ng officers,the dated 3/3/95 incident statement of drugs and guns
were being sold and the allegied bulletent still is <u>insufficient</u>
for A search and seizure without A warrant,"<u>Especially</u> <u>with</u> <u>an</u> -
allegied homcide shooting suspect. As stated in the dated 4/24/90
incident, se Habeas Corpus Dated 10/25/04 "<u>No Guns Drawn</u>" for
officer protection of the allegied gun in lap of defendant,Inwhi-
ch <u>is</u> officers mandatory procedure in apprehension of armed pers-
on of armed person.There was (no/any) discussion of any weapons
possessed by defendant also in accordance with, Weapons Law:#17(4)
-U.S.C.A.; 18 U.S.C.S. § 924(c), 18 U.S.C.A. § 924(c) "<u>In Favor</u> -

[ 9 ]

of Defendant" Inwhich Government failed to establish that,[T]he
gun hidden in the vehicle,was not there in the,"Terry Type Sear-
ch" of defendant and the quik visual search of automobile,that
said gun was visible and the gun was not found until the officer
made the allegied thorough search of the automobile at police head
-quarters.There is no such video-tape to confirm the gun possessi
-on nor the carry or transport to Fed.R.Evid.Rule. Search at
police precinct.

*******(Petitioner/Defendant) "motions", for the "relief" from
-the firearms charges in both', the dated incident police report
complaint charges of, 3/3/95 and 4/24/90, pursuant to sentencing
and  punishment law:#664(5), U.S.C.A.; 18 U.S.C. § 3582(c)(2); -
18 U.S.C.A. § 3582(c)(2); U.S.S.G. §§ 1B1.10, 2K2.4, 18 U.S.C.A.

   [T]he firearms charges (relief/dismissal) is,"mandated"
pursuant to 18 U.S.C. §§ 241,242; U.S. Const. Amendt.4,14th; --
28 CFR § 16.32 (Deletion of Inaccurate of Incomplete Information)
Search ans Seizures Law:#25.1,U.S.C.A., U.S.C.A. Const.Amend.4.
certain catergories of error interfere with such basic and funda-
mental constitutional protection that go,to the structure of the
criminal law system.(These/Any) "Structural Errors" require that
convictions,or  sentence,be set aside without any examination of
prejudice because,among other things,it would be well-nigh
impossible to determine the amount of harm. The harm caused by
structural errors is great.[T]he [D]ismisal [R]ule 18 U.S.C. § -
3367(a)(b)(1)(2)(3), Fed.R.Crim.Proc.Rule.48. --
U.S. Const.Art.I, § 8.cl.18.,"Corrective Mandamus".

[ 10 ]

ASSAULT AND BATTERY ISSUE (DANGEROUS WEAPON)

COMPLAINT No.50-096 622; DATED: 3/3/95

[T]he "allegied" assault and battery, dangerous weapon charges
against said defendant,should have been dismissed,insufficient
-evidence for [A] compliant to issue, charges pursuant to --
M.G.L.c., 265 § 015 A(b) shall be dismissed pursuant to,Criminal-
Law:#436, M.G.L.A.; M.G.L.A.c. 233, § 79. As mentioned in said
memorandum there was not any medical records to,(Sustain/Support)
the police officers report of him being assaulted or battered by
means of dangerous weapon.See Memorandum Dated,10/25/04 In the
United Stated District Court of Massachusetts, defendants Habeas
Corpus, Ancient Petition For The Ancient Prerogative Writ of
Mandamus, All Writ Act, Coram Nobis. Said officers report is in
violation pursuant to M.G.L.c., 268 § 1; Criminal Law:#58,--
M.G.L.A., Also Federal Law pursuant to, 18 U.S.C. §§ 1001,1623(a)
"perjury!" Said defendant motions for the dismissal of the alleg-
ied assault and battery,dangerous weapon charges also the fail to
stop motor vehicle for police officer in accordance with,Federal
Rule of Evidence Rules.401, 402, 802; Fed.R.Crim.Proc.Rule.4(a),-
12(b)(4); Criminal Law:#429(1),U.S.C.A.; Fed.R.Evid.Rule.803(8)-
(C), 803(10), 28 U.S.C.A. (Falure To "Match" Police Officers Re-
port that he was assaulted)., M.G.L.c., 233 § 79, Criminal Law:#-
436, M.G.L.A., Fed.R.Evid.Rule.702 (Medical Staff Statements),
United States Court of Appeals,"Review", District Court's Rulings
on the admission or exclusion of expert testimony for abuse of
discretion; Criminal Law:#1153, U.S.C.A.; Fed.Rules.Evid.Rule. --
702, 28 U.S.C.A.. According to the commonwealths statutory Laws,

[ 11 ]

defendant was convicted on plea agrement of assault and battery
with A dabgerous weapon to wit; A motor vehicle, M.G.L.c 265, § -
015 A(b), and according to the police report but not in the
offenses listed against defendant assault and battery on A police
officer pursuant to, M.G.L.c., 265, § 13D which would be assault
with inent to murder which never happened, M.G.L.c. 265, § 13,
as mentioned before, "never happened" for any, assault and batte-
ry to be applicable the officer would have to have been dragged
at lease, One Hundred Yards, And Leggs On The Ground, And The
Vehicle Would Have To Be In Motion. With or if this was the fact
of offense of G.L.c., 265, § 15A(b); G.L.c. 265, § 13. There
would have to be injuries as mentioned before in said memoradum.
The commonwealth must prove the said defendant touched the person
(officer) without having any right to do so,"touching must be in-
tentional not accidental, commonwealth alleges the dangerous
weapon to be vehicle, but there was, not any proof of A wanton
or grossly negigent act causing any personal injuries to another,
"which requires proof of actual injury there was none,As movant
motioned previously, movant motions for The Dismissal of The Alleg
-ied, assault and  battery, dangerous weapon charges, Also the
fail to stop motor vehicle for police officer in accoedance with,
Fed.R.Evid.Rules. 401, 402(Art. VII "Exclusive Hearsay"), 404(b)
-Advisory Committee Notes(Subdivission (b); 802- Fed.R.Crim.Proc.
Rule.4(a), 12(b)(4); 803(3)(4)(6)(7)(10); Also, M.G.L.c., 233 § -
79; Criminal Law:#436, M.G.L.A. ; M.G.L.c., 268 § 1; Criminal Law
-:#58, M.G.L.A. and  Pursuant to, 18 U.S.C. §§ 1001, 1623(a) --
"Perjury" If A trial was to proceed ,said allegations would be in
violation of criminal law:#872.5, U.S.C.A.; Fed.R.Cr.Proc.Rule. -

[ 12 ]

--31(a), 18 U.S.C.A. "Government has to prove each element of crime". Mass.R.Crim.P.13(3) and Dist./Mun.Cts.Crim.P.Rule.2., pursuant to Fed.R.Evid.Rule's. 401, 402,404(b), 801(1), 802. -- Fed.R.Crim.Proc.R.4(a); 12(b)(4).Inwhich defendant motion to dismiss the allegied"Boiler Plate", assault and battery dangerous weapon and the, Fail To Stop Motor Vehicle For Police Officers. As mentioned the,"original",  amended petition for the ancient perogative writ of mandamus, all writ act, coram nobis, dated:- 10/25/04 Complaint No.50-096 622; Date of incident: 3/3/95 ther isn't  any "Turrent Tape" to confirm the,"Radio Communication" allegied failure to stop the motor vehicle for police officers. *** Charges of the offense is not A "minor" or "technical - flaw" subject to harmless error analysis, but A fatal flaw requir -ing dismissal of the indictment pursuant to, 18 U.S.C. § 1851. "The indictment on its face is deficient.Does the defendant,indic -ment fails to ensure that he was prosecuted only on the basis of the facts presented to the,"Grand Jury". Fed.R.Evid.Rule.801(d)(1) -(A) refusing to reverse in such A situation would impermissibly allow conviction on A charge never considered by the grand jury. Defendants indictment was terminally defective.The error was no mere clerica error; the indictment listed specific legal terms that do not,for purpose of the Hobbs Act, State The Requisit In- tent.[T]he [D]ismissal [R]ule, 18 U.S.C. § 33(a)(b)(1)(2)(3); Fed.R.Crim.Proc.Rule.48.,U.S. Const.Art.I, § 8.cl.18. -- "Sweeping Clause".

[ 13 ]

## DRUG CHARGES MEMORANDUM

[P]ursuant to The allegied drug charges of defendant in viola-
tion of 21 U.S.C. § 841(a)(1); 28 CFR § 550.58(Possession with
intent to Distibute), M.G.L.c., § 94C, Dated: 3/3/95 and Marijuan
-na possession with intent to distirbute, M.G.L.c., § 94C(1),
Dated:4/24/90.

Memorandum For, Dated Incident, 3/3/95, Complaint No.50-096-
622.

****** PROOF TO BE DETERMINED

The police report states that,("Page Three") defendant stated
the amount of cocaine was,"fpur and one half ounces", "I paid thr
-ee thousand for it" and "It'll weigh about one houndred and six-
ty". In refferrence to the amount if correct that would be ,
125 grams of cocaine, for four and one half ounces. The,"Street
Value Price", In massachusetts commonwealth, see: case law, --
United States-v- Terry:240 F.3d 65(1st Cir.2001) at #66, 67. Inwh
-ich the price was stated,of that amount  in the year of May 1997
"Report" from [A] (DEA) Drug Enforcement Agent and cooperating
informant,in the case law, would have been anywhere from$3,700 or
$3,200 for 125 grams of COCAINE OR CRACK, cocaine penalties carry
five years, M.G.L.A., M.G.L.c, 94C and U.S.S.G. § 2D1.1.(12).

[T]he (Drug Equivalency Table) - (1994-1995 Edition), See:(2003-
Edision); offense level of (20) U.S.S.G. § 2D1.1 #10, also
"Sentencing Table": 37-46 Months, 18 U.S.C. § 3742(F)(1). Pursua-
nt to, Constitutional Law:#270(2),U.S.C.A., Criminal Law:#986.2-
(1),U.S.C.A.; U.S.C.A. Const.Amend.5. In which is the,"Identical
Substance", pursuant to,"Rule of Lenity", Drug and Narcotics Law:#

[ 14 ]

--#133, U.S.C.A., 21 U.S.C. § 841. pursuant to Constitutional Law:#250.3(1), U.S.C.A.; Drugs and Narcotics Law:#43.1. U.S.C.A.; U.S.C.A. Const.Amend.5., U.S. Const.Amendt.V.; Comprehensive Drug Abuse Prevention And Control Act of 1970, § 401, 28 U.S.C.A. - § 841(Violation of Equal Protection Clause). Said police report page "two", states defendant was further charged with the followi -ng offenses,Trafficking Class "B" over 200 grams cocaine.There (is/are) "two" conflicting allegation against the defendant. Against the defendant,"veriety of circumstances", U.S.S.G. § - 6A1.3(a), "Quantity of Drug" Information, Relied on bycourt at sentencing must have sufficent indicia of reliability to support its, "probable accuracy", *******(Drug Laboratory Testing,Reports, -Records)., Not just the police officers cumulative experience, which is insufficient to carry the Governments Burden,Example, [A] filled out form or affidavit by officer about the amount of drugs is not admissable, Fed.R.Evid.Rule.803(6); Drugs and Narc- otics Law:#133,U.S.C.A.; U.S.S.G. § 6A1.3., P.S.Comment 18 U.S.C. -A. "Deprivation of Liberty" (unreliable allegations drugs quan- tity), inwhich pursuant to Criminal Law:#1312, 1313(2), 1181.5(8) (Grand Jury Testemony Issues).Is actually,or would be in conflict with,Fed.R.Evid.702, 28 U.S.C.A. "Admissibilaty of Export Tester- mony Reviewed", Criminal Law:#1153(1),U.S.C.A., and the Drug Quantity issue pursuant to U.S.S.G. § 1B1.3(a)(1),18 U.S.C.A. App Reviewing the "hearsay Issues" in accordance with U.S.S.G. § - 6A1.3(a) P.S. 18 U.S.C.A. was the exact wegh amount was it stated in the Grand Jury Testemony by the arresting officers,Fed.R.Evid. -Rule.801(d)(1)(C)., Defendant "never" received the r equested

[ 15 ]

Grand Jury Minuets of the dated offense of,3/3/95. Pursuant to
Criminal Law:#549, U.S.C.A.( Government <u>must</u> prove every fact of
A crime before A defendant may be convicted of that crime).,
"<u>Unspecified Amount</u>",(Minimum, Maximum Penalties) ther must be
some basis of support in drug quantity."<u>Guilty Plea Issue</u>" on the
Drug possession with intent to distribute on the date of incident
dated 3/3/95 still can be challenged pursuant to,Fed.Rules.Crim.
-Proc.Rule.11(c)(1), 18 U.S.C.A.,; Rule.12(b)(2),18 U.S.C.A. "Not
A waiver of objection" In A Federal Term,is A violation of
Fed.R.Crim.Proc.Rule.32(b)(6)(A),[A] Higher sentence than requir-
ed.See also Mass.R.Crim.Proc.Rule.64. "State/ Commonwealth" Rule
reduction of sentence.Fed.R.Crim.P.Rule.11(h).;Mass.R.Crim.Proc.-
Rule.12(c)(5)."<u>Transcript Issue</u>",Fed.R.Crim.P.Rule.11(g)"Complete
record of the plea proceedings". Pursuant to, 28 U.S.C. §§ 2241,-
2243,2255.; U.S.C.A., U.S.C.A. Const.Amend.Rule.39(d) Argument
Rule; "Saving Clause", Habeas Corpus Law:#285.1, U.S.C.A.;-
28 U.S.C.A..

The (Government/Commonwealth),"Police Report" Construction
of the allegations dated;3/3/95 (Complaint No.50-096 622) would
raise [A] serious constitutional question depriving defendant
pursuant to the 5th Amendment's Due Process Clause and Art.V. and
the Six Amendment's that A jury trial guarantees,"If A jury trial
was to take place., U.S.S.G. § 2D1.4, comment.(n.2).,"<u>Accuracy</u>".
Fed.R.Crim.P.Rule.32(c)(3)(D); Disputed of Quantity Allegations,
Fed.R.Crim.Proc.Rule.32(a)(1); 18 U.S.C. § 3742(e)(4) ----

[ 16 ]

-(Drug Quantity Review), 28 U.S.C. § 1367(a); Criminal Law:#92.,-105, 1033.1., U.S.C.A.; U.S.C.A. Const.Amends., Fed.Rule.of.Evide-nce.Rule.801(d)(1)(A) ("<u>Inconsistant</u> <u>Statement</u>,"<u>Grand</u> <u>Jury</u> <u>Issue</u> As mentioned before in(petitioners/defendants)memorandum to the U.S. Court of Appeals,for the first circuit. Fed.R.Evid.Rules.--401,402,404,410,802. The, "Federal Procedure" of A complete sear-ch, [A] Terry Type Search,"vedeotape evidence" if any,did it support the allegied 200 grams plus, cocaine charges in the poli-ce report. Criminal Law:#1202.3(1),U.S.C.A.(The Generically Cocaine Charges, rather than the generically cocaine charges,was at issue.) not only generic cocaine(amount/quantity),--18 U.S.C. § 3742(e),; U.S.S.G. § 2D1.4(2003).

Pursuant to Criminal law:#394.2(2), 394.5(1),U.S.C.A. Inad-missable Evidence under the 4th Amend; Fed.R.Evid.Rule.801, 802., Fed.R.Crim.Proc.R.4(a) Affidavits to show grounds for issuing warrants. Search and Seizure Law:#3.3(8), 3.9, 50,U.S.C.A.;U.S.C.-A. Const.Amends. 4,14th "A warrant should have been present during search of defendants automobile,Arrest Law:#63.4(18),-U.S.C.A.; U.S.C.A.Const.Amends.4,14th "there was(no/any) warrent" In accordance with"<u>Lack of Probable Cause</u>". See Case Laws,both Federal and State, dated:10/25/04.; M.G.L.A. Const.Pt.1,Art.14; M.G.L.c.,276, § 2.; Constitutional Law:#83(1),M.G.L.A., M.G.L.c. "Search of defendant",which would have (produced) [A] Drivers Licsens,A pager and one houndred dollar in U.S.Currency. Pursuant to Art.14 of the Declaration of Rights which provides A more substantive protection to A person than does the fourth Amend-ment to the United States Constitution of America. Pursuant to, Criminal Law:#872.5,U.S.C.A..; FEd.Rules.Cr.Proc.Rule.31(a) 18 U.S.C.A."In A Fedral Criminal case,if said defendant was arres

--ted by federal officers instead of state officers,in A jury
trial,government would have to prove each element"unanimously"
to convict.[T]he [E]xclusion of Evidence inwhich *compels', exclu
sion of the evidence when ones fourth anendment had been violated
specially if there is *Inculpatory Evidence" base upon [A]
Radio Report Bulletin which is insufficiant to support an indepen
-dant "Judicial Assessment of Probale Cause" In referrance to the
alleged Brown Parer Bag,found in the automobile.The allegied
high speed chase through residential area,according to the police
report.If defendant did have this cocaine inthe brown paper bag
pursuant to Searches and Seizures Law:#25.1,U.S.C.A.; U.S.C.A.
Const.Amend.4., [A] Traveler has A personal(luggage/property)is
an "effect" protected by the fourth amendment right to be secure
against unreasonable searches and seizures.[A] traveler in A
vehicle posseses privacy interest in (bags/luggage) they carry
onto A (vehicle-car/bus etc.) pursuant to,search and seizures law
-:#26, U.S.C.A.; U.S.C.A. Const.Amend.4.[S]earch and [S]eizures
Law:#26,U.S.C.A.; U.S.C.A. Const.Amend.4. "Analysis" In determ-
ing wheather A search was unreasonable (must/shall) embrace two
Questions: 1) "Actual  Expectation of Privacy" (2) Expectation
of Privacy Is One That Society is prepared to recognize as
resonable. Another review that (must/shall) be examined is did
the police officers use "physical manipulation" in the operators
(bag/luggage) "allegied" in the vehicle ?, That the fourth amend-
ment prohibitaion against unreasonable search of effects, In
regards to exploratory manner pursuant to, U.S.C.A. Const.Amend.4
The allegied (bag/luggage) was never,"abandoned"durin the high
speed chase "allegied" chase through residential areas.In other

[ 18 ]

words it was never  exposed to the public.Was the search involved only visual as opposed to tactile,observation.Physically invasive inspection is simply more intrusive than purely visual inspection terry type search consist of frisk of person."Any other search is A  serious intrution upon the sanctity of the person; which (may/ shall) inflict great indignity and  arouse strong resentment, and should not be  undertaken lightly." see case laws,In the dated:10/25/04(Amended Petition For The Ancient Preogative Writ of Mandamus,All Writ Act,Coram Nobis),"Lack Of Consent To Search" (E),Both Federal And State Caselaws. Pusuant to the police report,dated.3/3/95 Complaint No.50-096 622,page two,In the allegied,"Immediate Removed from the vehicle,defendant".When officers allegied recovery of chunks of an off white,rock-like substance,believed to be cocaine,"The Brown Bag with the suspect- ed cocaine was A black color electronic scale".******* The allegied evidence,was it in plain view? According to the police report the drug and scale was,in [A] Brown Bag", Inwhich could not have been in plainview; U.S.C.A. Const.Amend.4.; Pursuant to the United States Constitution of America,and also In Violation of  M.G.L.A.; M.G.L.c;M.G.L.A.c., Const.Pt.1,Art.14.; M.G.L.c., 276, § 2., Constitutional Law:#83(1),M.G.L.A.;28 U.S.C.A. § - 1367(a). [T]he allegied discovery of the cocaine in the operator of the vehicle,can it be really proven,that the operator of the vehicle constructively possessed any deugs or weapon? The "Terry Type Search","Review Record"(Including the video-tape mounted in the officers car if any). Was there A recorded on the video audio portions of the tape,if any.Did the video or audio establish

[ 19 ]

-- A close temporal proximity between the illegal conduct by officers. <u>Recovered</u>, [A] "Beeper", "Drivers Liscens","one houndred dollars".The constructive possession cannot be upheld, -- U.S.C.A. Const.Amend.4. [T]he (Government/Commonwealth) introduced evidence of the allegied drug charges dated,3/3/95 as evidence of other criminal acts under,Fed.Rules.of.Evidence.Rule's. 404(b) -,801,802; Only for the limited purpose of"demon starting" the larger picture of the,"Drug Charges", "Weapons Charges",which formed the indictment,pursuant to, Criminal law:#394.2(2), 394.5-(1), U.S.C.A., Inadmissable Evidence,under the  4th Amend.; Fed.R.Crim.Proc.R.4(a) affidavit to show grounds for issuing warrants,"<u>Rule of Consistency</u>"In A jury trial,jury will not be allowed to engage in A degree of, "<u>Speculation</u>" and "<u>Conjecture</u>" that renders its findings A guess <u>or</u> mere possibility.Such finding is infirm because it is not based on the allegied evidence.

Pursuant to,Fed.R.Evid.Rule. 404(b),Inwhich such evidence maybe admitted under rule 404(b),however,to "<u>prove</u>"... motive,opportunity, intent,preparation,plan,knowledge,identity,or absence of mistake or accident.Evidence that is admissible under Rule 404 may nonetheless be "<u>excluded</u>" under Rule 403."If its probative value is substantially outweighed by the danger of."<u>unfair prejudice</u>," <u>confusion of the issues,or misleading the jury</u>",if A jury <u>was to materialise</u>. Also to determine if prior offense constitute the same course of conduct issue: U.S.S.G. § 1B1.3 & U.S.S.G. § -4A1.1(e),also 4A1.1. Increase <u>is not affirmed</u>,because A, allegied <u>1990</u> conviction for drug and gun,possession,distibution and A <u>1995</u> conviction on the charges which is more than <u>two years lapse</u> one could not be showed to have A pattern of selling drugs or

[ 20 ]

-- gun possession.

(petitioner/defendant) "motions" for the relief from the "Drug Charges"pursuant to,M.G.L.c.,94C; Dated 3/3/95 (Complaint No.50-096 622) 21 U.S.C. § 841(a)(1) and the dated 4/24/90 -- (Complaint No.01-346 502)., 94C § 1(c) marihuanna possession with intent to distribute charges; 21 U.S.C. § 841(a)(1). [T]he Dismis -sal of charges which which is mandated, pursuant to,18 U.S.C. §§ -241,242,, U.S. Const.Amendt.4,14th., Search and Seizures law:#- 25.1,U.S.C.A., U.S.C.A. Const.Amend.4., and Title:5.

[T]he "motion"for the relief fromfrom the "Drug Charges" In both  the dated incident police report complaint charges of dated -3/3/95 and 4/24/90 pursuant to Sentencing and Punishment Law:#- 664(5),U.S.C.A., 18 U.S.C. §§ 3582(c)(2),3553(b); 18.U.S.C.A. §§ - 3553(b),3582(c)(2); U.S.S.G. §§ 1B1.10, 2k2.4, 18 U.S.C.A.

[ 21 ]

-- certain catergories of error interfer with such basic and
fundamental constitutional protection that they go to the stru-
cture of the criminal law system.(These/Any) "structural errors"
require that convictions or sentence,be set aside without any
examination of prejudice because, among other things, it would be
well-nigh impossible to determine the amount of harm. The harm
causeed by structeral errors is great. [T]he relief from the encl
-osed drug charges is mandated pursuant to 28 CFR § 16.32 (Delet-
etion Of Inaccurate Or Incomplete Information); --
U.S. Const.Amendt. Art. V.; U.S.C.A. Const.Amend.5,14. Also
pursuant to 18 U.S.C. § 3553(b) "which are incorporated into the
Federal Statute ("U.S.S.G.") United States Sentencing Guidelines.
See,(The Complaint No.01.-346 502). Dated 4/24/90 and the "Grand
Jury Minuets", Dated May 8,1990. Question and Answer Numbers 20-
23 The statement of the officer,which he states,"intended for
distribution"there was not any marijuanna actually purchased fro-
mm the defendant or sales to undercover officer to establish
possession with intent to distribute, 21 U.S.C. § 841(a), defenda
-nt should have been charged if any with simple possession pur-
suant to 21 U.S.C. § 844. In accordance with 28 U.S.C. § 1367(a).
[T]he (Commonwealth/Government) Did Not offer any "Direct Eviden-
ce" that defendant actually distributed,cocaine or maijuanna in
the two criminal complaints. If A "Jury Trial" was to take place,
the refusal to instaruct [A] jury on the lesser included offense
of, "simple possession" is an instrinsically harmful"Constitution
-al Error" that would warrant A new trial, with the aquital of
the greater offense of,possession with intent to distribute
cocaine dated:3/3/95 and marijuanna with intent to distribute
dated: 4/24/90.

[ 22 ]

Pursuant to,[T]he [M]ethodology of A U.S. Probation Officer's Summary in A, Equation Of "Distribution" in petitioners criminal charges,"Drug Charges" would not stand, in accordance with,the total amount of cocaine or cocaine base attrbutable,"Indentical Substance", (Equals) 'Transactions Per Day" (Times) "Average - Weight Per Transaction" (Times) "Number Of Days Of The Conspiracy). There was not any "Relevant Conduct" pursuant to,U.S.S.G. § - 1B1.3(a)(2), "Offenses of A Character" in accordance with, U.S.S.G. § 3D1.2(d) which require grouping of multiple counts,all such "allegied" acts and omissions tha were part of the same course of conduct or common scheme or plan as the offense of conv -iction".The police report fails to offer any "specific informa- tion" regarding the defendants "Distribution" of any kind of drugs. Pursuant to, Constitutional Law:#270(2),U.S.C.A.; ---- U.S.C.A. Const. Amend.14. which "Due Process" in sentenceing dema -nds that relevant conduct considered by  court in sentencing be supported by,"Evidentiary Basis", beyond mere allegation in an indictment. Also pursuant to, Sentencing Guidelines Ch.1,Pt.A.- Introduction 4(a), The "Extrinsic ("Real Offense"),("Generic Conduct") to the "Actual Charges".

[P]etitioner would be entitled to,[T]he [D]ismissal [R]ule, 18 U.S.C. § 3367(a)(b)(1)(2)(3); Fed.R.Crim.Proc.Rule.48. Also pursuant to [T]he "Evidentary Errors" in the enclosed matters, presents A high risk of,"Unfair Prejudice" pursuant to Habeas Corpus Law:#742,U.S.C.A.; 28 U.S.C.A. §§ 2254,2255 "Must Hold Evidentiary Hearing". U.S. Const.Art.I, § 8.cl.18., -- "Sweeping Clause".

[ 23 ]

In closing argument memorandum, see: The Exhibits attached inwhich defendant requested copies of documents, grand jury minuet -s, pursuant to 18 U.S.C. § 1851; Art.V., The 5th Amend., Motions Plea Agrements in accordance with M.G.L.c.; M.G.L.A.c., also pursuant to United States Constitution.In accordance with, -- 18 U.S.C. § 3500, Fed.R.Crim.P.26.2., See: Brady-v- Maryland: -- 83 S.Ct. 1194 and Giglo-v- United States:92 S.Ct. 763.Inwhich if not produced, deferent is entitled to "suppressed evidence" is in ACCORDANCE WITH ILLEGAL EVIDENCE OBTAINED, against defendant. To prevail on the said memorandum, defendant must show that the eveid -ence, 1) Was favorable to them, (2) Was suppressed by the prose- cution, and (3) (Was/Is) material to the case, Constitutional Law -:#268(5); Criminal Law:#700(5), U.S.C.A.;U.S. Const.Amends.5, 14 See Exhibits: Dated: 9/10/97; 8/9/99; 8/18/99; 8/23/99; 9/8/99. At the very end of the,Dated:10/25/04 "Amended Petiton For The-- Ancient Prerogative Writ Of Mandamus, All Writ Act, Coram Nobis". Said(Commonwealth/Government) violation could be in violation of, 'Gran Jury Selection", 18 U.S.C. § 234; 42 U.S.C. § 1983, "The Putative Remedy for grand jury discrimination is, 42 U.S.C. § - 1983; 42 U.S.C.A. § 1983 which, In Theory, allows redress for blacks who have been excluded from grand jury service.See: --- Carter-v- Jury Comm'n of Green County, 90 S.Ct.518, . [P]ursuant to, 18 U.S.C. § 3500 which is, legislative enactment,it is over- riden, pursuant to Constitutional Law:#38, U.S.C.A. "The funda- mental axiom of American Law,Rooted in the United States History" The requirements of Constitutional Prevail over A Statute in --

[ 24 ]

-in event of conflict., U.S. Const. Amendts. <u>See</u>: Federal Table of Cite; <u>No Transcript</u> <u>Issue</u>  and <u>State Table of Cite</u>; <u>Transcript Issue</u>.

Respectfully Submitted,

*John R. Daley*

cc/File

Dated:10/25/04

J.T.G.;J.R.D,Jr.

John R. Daley,W59561

<u>PRO</u> <u>SE</u> Litigant

MCI Cedar Junction Walpole

P.O.Box 100

South,Walpole MA. 02071

    I, John R. Daley, W59561 Declare under the pairs and penalti -es of perjury that the foregoing is true and correct,signed under penalties of perjury On This <u>10th</u>  Month, <u>25th</u> Day, <u>2004th</u> Year.

Respectfully Submitted,

*John R. Daley*

John R. Daley, W59561

<u>PRO</u> <u>SE</u> Litigant

[ 25 ]

SWORN AFFIDAVIT NOT TO FILE SUITE FOR FALSE IMPRISONMENT

This is A sworn affidavit,that I John R. Daley commitment number W59561, <u>Will</u> <u>Not</u> file A "Civil rights Action", pursuant to massachusetts Civil Rights Act.(MCRA), 12 M.G.L.A.c., 12 §§ 11-H- and 11-I.; 12 M.G.L.c., 12 §§ 11 H and 11-I.; U.S.C., U.S.C.A.,- U.S.C.A. Const.Amend., 42 U.S.C. §§ 1981, 1983; And The (FTCA) and any other Federal Civil Rights Act, Tort Claims, Constitution -al Claims., U.S.C.A. Const. Amend.4.; U.S. Const.Amendt.4.; - U.S.C., U.S.C.A., U.S.C.A. Const. Amend. 50 U.S.C. App. § 520; 50 U.S.C.A. App. § 520; Fed.Reg. .... ...: 18 U.S.C. §§ 241,242,- 401, 3625. Pursuant to the Constitutional Tort(28 U.S.C. § 2412). Also pursuant to 2 U.S.C. § 922; 5 U.S.C. §§ 551 Administrative Procedure Act(APA) <u>Generally</u>. 28 CFR §§ 77.1, 77.4. Atty.Gen. - Order No.2216-99; 64 FR 19273 (April 1999). 28 U.S.C. §§ 1940,- 2241. And pursuant to the <u>Judicial Immunity</u>, which is not barred to <u>Prospective</u> <u>Injunctive</u> And <u>Declaratory</u> <u>Relief</u> against judicial officer acting in (Her/His) <u>Judicial Capacities, Capacity,Units</u>,- <u>Gov't Entity or Administrative</u>, Legislative or Executive Function -<u>s</u>,"Generally"., U.S. Const.Art.VI, cl.2. <u>and</u> U.S.C.A. Const.Art. -6, cl. 2.; 1U.S.C. § 1; 1 U.S.C.A. § 1, Art.I. U.S.C.A. Const.- Art.1, § 1 For the Commonwealth of Massachusetts for the Commonwealth of Massachusetts for the asserting of False Arrest, False Imprisonment, abuse of process malicious prosecution and wrongful discharge claims, 18 U.S.C. §§ 1001, 1623(a) Perjury, under the state,federal and the United States Constitution Feder- al and State Laws. Pursuant to, Judges Law:#3; United States Law:#35, U.S.C.A. ; U.S.C.A. Const.Art.2, § 2,cl.2."Appointment Clause", & "Sweeping Clause" U.S. Const.Art.I,§8.cl.18.

[ 26 ]

Grant such other <u>Bifurcation Relief</u>, within the reference in Text of said issues. In Aid of Jurisdiction, Provisions,Titles Sections, Articles, Statutes to effectuate said issues. Also plenary powers in favor of plaintiff's affidavit(criminal matter) and the Enforcement Clause, 14 §§ 1,5.; 14 § 5. -- "Sweeping Clause", <u>U.S. Const.Art.I, § 8.cl.18.</u>

I, John R. Daley,W59561 Declare under the pairs and penalties of perjury that the foregoing is true and correct, signed under the penalties of perjury pursuant to Titl:18 and 28. On This  .10th Month, · 25th  Day, 2004th  Year.

Respectfully Submitted,

*John R. Daley*

John R. Daley,W59561

<u>PRO</u> <u>SE</u> Litigant

MCI Cedar Junction Walpole

P.O.Box 100

South,Walpole MA. 02071

cc/File

Dated: 10/25/04

.J.T.G.; J.R.D,Jr.

[ 27 ]

## CERTIFICATE OF SERVICE

I, John T. George;John R. Daley,Jr.-W59561 Hereby certify

that this day A true copy of the entitled within,documents

(memorandum of law) to the United States District Court, of

massachusetts (was/were) served to the Courts Clerk and the

Honorable Judge of said court.Also to be "Forwarded" to the

lower court of The Suffolk Superior Court Criminal Division,

with instructions.On This 10th Month, 25th Day, 2004th Year.

The PRO SE Litigation Record and File for each party by mail/

by hand, Regular Mail.

Respectfully Submitted,

*John T. George; John R. Daley, Jr.*

John T. George;John R. Daley,Jr.

-W59561

cc/File
Dated: 10/25/04
J.T.G.;J.R.D,Jr.

PRO SE Litigant

MCI Cedar Junction Walpole

P.O.Box 100

South,Walpole MA.02071

[ 28 ]