UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 2 2 2008
NANCY ... TINGTON, CLERK
... COURT

| | |
|---|---|
| JOHN T. PICKERING-GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0899 (RJL) |
| ) | |
| BUREAU OF ALCOHOL, TOBACCO, ) | |
| FIREARMS AND EXPLOSIVES, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION
February 21, 2008

In this civil action brought *pro se*, plaintiff challenges the Bureau of Alcohol, Tobacco, Firearms and Explosives' ("ATFE") refusal to act on his application for gun restoration privileges within 90 days of his petition dated October 17, 2006. Claiming violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the First, Fifth and Fourteenth Amendments to the Constitution, plaintiff seeks monetary damages of $50,000. Defendant moves to dismiss the complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the parties' submissions, the Court grants defendant's motion to dismiss.

*1. The Court Lacks Subject Matter Jurisdiction Over the Statutory Claims*

The Court's jurisdiction under the FOIA extends only to claims arising from the improper withholding of agency records properly requested. 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983). Although this case was filed as a FOIA action, the subject of the complaint–a petition to restore gun privileges pursuant to 18 U.S.C. § 925(c)-- is not a FOIA request. The Court therefore lacks subject matter jurisdiction under the FOIA.

Under 18 U.S.C. § 925(c), an individual "prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws" and, if denied, may seek judicial review "of such denial" in the United States district court. *Id.*

During the course of this litigation, defendant obtained a copy of the petition at issue and responded by letter of June 28, 2007. Def.'s Mot., Declaration of Philip A. Awe ¶¶ 7-8. Defendant rightly informed plaintiff that it could not act on his petition because Congress has prohibited the use of appropriated funds for investigating and acting on such petitions since 1992. Awe Decl., Ex. 2; *United States v. Bean*, 537 U.S. 71, 74-5 (2002). ATF's inaction "does not amount to a 'denial' within the meaning of § 925(c)," *Bean*, 537 U.S. at 75, and, absent "an actual denial of respondent's petition by ATF," judicial review is not available. *Id.* at 78; accord *Mullis v. United States*, 230 F.3d 215, 217-21 (6th Cir. 2002) (surveying cases) (dismissing case for lack of subject matter jurisdiction). *See* 5 U.S.C. § 704 (authorizing judicial review of "[a]gency action made reviewable by statute and final agency action").

*2. Plaintiff Fails to State a Constitutional Claim*

Plaintiff has not articulated a cogent argument with regard to his constitutional claim. On a developed record based on facts similar to those presented here, however, a district judge of this Court found no violation of the due process clause stemming from, *inter alia*, "the absence of a mechanism for the restoration of federal firearms privileges." *Black v. Snow*, 272 F. Supp.2d 21, 28 (D.D.C. 2003) (Huvelle, J.). To the extent that plaintiff's constitutional claim survives, the Court hereby adopts Judge Huvelle's reasoning and rejects the claim. *See id.* at 32-35.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over the statutory claims and that plaintiff has failed to state a constitutional claim. A separate Order accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge