UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN T. PICKERING-GEORGE ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-899 (RJL) |
| ) | |
| v. ) | |
| ) | |
| BUREAU OF ALCOHOL, TOBACCO, ) | |
| FIREARMS AND EXPLOSIVES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR RECONSIDERATION OF COURT'S DISMISSAL ORDER**

Defendant, Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF"), respectfully replies to Plaintiff's Motion for Reconsideration of the Court's Dismissal Order filed on March 24, 2008 and entered on the ECF docket on March 31, 2008 (Docket Entry No. 17). Specifically, plaintiff asks this Court to reconsider its February 22, 2008 Order granting defendant's motion to dismiss the complaint. Pickering-George v. Bureau of Alcohol, Tobacco, Firearms and Explosives, 2008 WL 501375 (D.D.C. February 22, 2008). Plaintiff's motion was filed 31 days after entry of the dismissal order, which "is a final appealable Order" (see Docket Entry No. 16), and therefore must be considered as a motion for relief from a final judgment, order or proceeding under Fed. R. Civ. P. 60(b), rather than a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). Because the motion is devoid of any arguments or evidence supporting the Rule 60(b) bases for relief, and it was not filed within a reasonable period of time, the Court should deny plaintiff's request for relief from the Court's dismissal order.

**BACKGROUND**

Plaintiff brought this pro se civil action to challenge the BATF's alleged refusal to act on his application for gun restoration privileges, under 18 U.S.C. ¶ 925(c), within 90 days of his petition dated October 17, 2006. See Pickering-George v. Bureau of Alcohol, Tobacco, Firearms and Explosives, 2008 WL 501375, slip op. at 1. "Claiming violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the First, Fifth and Fourteenth Amendments to the Constitution, plaintiff seeks monetary damages of $50,000." Id. After rejecting plaintiff's claim that he could challenge BATF's inaction on his petition to restore gun privileges under FOIA, the Court dismissed plaintiff's claim under 18 U.S.C. ¶ 925(c) for lack of subject matter jurisdiction:

> Defendant rightly informed plaintiff that it could not act on his petition because Congress has prohibited the use of appropriated funds for investigating and acting on such petitions since 1992. Awe Decl., Ex. 2; United States v. Bean, 537 U.S. 71, 74-5 (2002). ATF's inaction "does not amount to a 'denial' within the meaning of § 925(c)," Bean, 537 U.S. at 75, and, absent "an actual denial of respondent's petition by ATF," judicial review is not available. Id. at 78; accord Mullis v. United States, 230 F.3d 215, 217-21 (6th Cir.2002) (surveying cases) (dismissing case for lack of subject matter jurisdiction). See 5 U.S.C. § 704 (authorizing judicial review of "[a]gency action made reviewable by statute and final agency action").

Id.[1] The Court also dismissed plaintiff's constitutional challenge for the same reasons as a similar due process challenge was rejected in Black v. Snow, 272 F.Supp.2d 21, 28 (D.D.C. 2003).

---

[1] Congress again refused to appropriate funds for BATF to investigate and act on gun restoration petitions in the appropriations bill for fiscal year 2008. See State, Foreign Operations, and Related Programs Appropriations Act, 2008 (Consolidated Appropriations Act, 2008), Pub. L. No. 110-161, 121 Stat. 1844, 1903 (December 26, 2007) (BATF appropriation is subject to the following restriction: "Provided further, That none of the funds appropriated herein shall be available to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. 925(c).")

**DISCUSSION**

"A motion [for reconsideration] filed within ten days of the entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e),[2] and a motion filed more than ten days after the entry of judgment is considered a motion seeking relief from judgment under Rule 60(b)."[3] McMillian v. District of Columbia, 241 F.R.D. 12, 13 (D.D.C. 2006) (citation omitted). In McMillian, the plaintiff did not cite to any any Federal Rule of Civil Procedure in his "motion for reconsideration" so the court had to determine "as a preliminary matter, whether to analyze the motion under Rule 59(e) or 60(b)." Id. Similarly, in this case, plaintiff cites to Fed. R. Civ. P. 12(a), which provides the time for serving pre-trial responsive pleadings, and does not provide for filing a motion to challenge a judgment. Accordingly, the Court must decide whether to analyze the motion for reconsideration under Rule 59(e) or 60(b). As set forth herein, plaintiff's motion must be considered only under the latter.

Moreover, regardless of timing, plaintiff's motion for reconsideration is without any merit.

---

[2] Pursuant to Rule 59(e), a motion to alter or amend a judgment must be filed no later than 10 days after entry of judgment. The district court may not extend the time pursuant to Fed. R. Civ. P. 6(b). In order to prevent unnecessary appellate review, the district court has express authority to entertain a timely motion to alter or amend the judgment under Rule 59(e), even after a notice of appeal had been filed. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 59 (1982) (citing Fed. R. App. P. 4(a)(4)(A)(v)). The courts of appeals are also deprived of jurisdiction when plaintiff files a Rule 59 motion. Id. at 60; accord Fed. R. App. P. 4(a)(4)(B).

[3] Plaintiff's motion for reconsideration was also captioned as a notice of appeal under "Fed. R. App. P. 4(a)(1)(C)" (see Pl's Mot. for Recons. at 1). Presumably, plaintiff meant to refer to Fed. R. App. P. 4(a)(1)(B) because an agency of the United States is a party to this action. In any event, plaintiff should be advised that Fed. R. App. P. 4(a)(4)(A)(vi) provides that time for filing an appeal runs from the date of entry of the order disposing of a Rule 60 motion only if the motion is filed within 10 days of the order. Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 582 (D.C. 2002). Because plaintiff's "Rule 60(b)" motion was filed more than 10 days after entry of the judgment, plaintiff's appeal time continues to run from the date of the judgment.

Plaintiff simply reargues the same matter considered by the Court in its decision. Plaintiff offers no legal precedent or relevant facts that would justify reconsideration.

**I.      Plaintiff's Rule 60(b) Motion Was Not Filed in a Reasonable Time**

Plaintiff's motion for reconsideration was filed on March 24, 2008, or 31 days after the Court's February 22, 2008 Order dismissing the case. Hence, plaintiff's motion failed to meet the 10-day rule for filing a Rule 59(e) motion, and must be considered as a Rule 60(b) motion seeking relief from a final judgment, order or proceeding. A court may grant relief under Rule 60(b) based on the six reasons stated in the rule. First, the court may grant relief from a final judgment, order or proceeding involving "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable. Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. Partnership, 507 U.S. 380, 392 (1993). Second, the court may grant relief where there is "newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e)." Fed. R. Civ. P. 60(b)(2). Third, the court may set aside a final judgment for "fraud (whether intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Fourth, the court may grant relief where "the judgment is void." Fed. R. Civ. P. 60(b)(4). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Sixth, the court may grant relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Using the sixth catch-all reason sparingly, courts apply it only in "'extraordinary circumstances' suggesting the party is faultless in the delay." Pioneer Inv. Servs., 507 U.S. at 393.

Fed. R. Civ. P. 60(c) provides that a motion for relief from a judgment must be "made within a reasonable time – and for reasons (1), (2) and (3) no more than a year after entry of the judgment or order or the date of the proceeding." Plaintiff does not seek relief under Rule 60(b)(1), 60(b)(2) or 60(b)(3) and therefore his motion is subject to the requirement that it be made "within a reasonable time" after entry of the Court's dismissal order. Fed. R. Civ. P 6(b) provides that the district court may not extend the time for filing a Rule 60(b) motion "except to the extent and under the conditions stated in [the Rule]." The D.C. Circuit "has suggested that what constitutes a reasonable time [under Rule 60(b)(6)] might be judged by the thirty-day period in which a party must file a notice of appeal under Rule 4(a) of the Federal Rules of [Appellate] Procedure [for cases in which the United States is not a party]." McMillian, 241 F.R.D. at 14 (citing Expeditions Unlimited Aquatic Enters. v. Smithsonian Inst., 500 F.2d 808, 810 (D.C. Cir.1974), and L.P. Steuart, Inc. v. Matthews, 329 F.2d 234, 235 (D.C. Cir.1964)).

Accordingly, plaintiff's motion was not filed within a reasonable period of time. To the contrary, the motion was filed over 30 days after entry of the Court's dismissal Order and there is no proffered reason for the delay in filing a motion which cites no new legal or factual basis for the Court to reconsider its dismissal Order (see discussion, infra.).

## II. Plaintiff Fails to Demonstrate Any Basis for Relief under Rule 60(b)

"[M]otions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense," and are reviewed for an abuse of discretion. Lepkowski v. U.S. Dep't of Treasury, 804 F.2d 1310, 1314 (D.C. Cir.1986). Plaintiff's motion for reconsideration, which plaintiff wrongly filed under Fed. R. Civ. P. 12(a), points to no controlling legal precedent or relevant factual evidence that was not considered by the Court, and articulates no

5

cogent argument in support of his reconsideration request. To the contrary, plaintiff simply restates his claim that he may litigate his application for gun restoration rights under FOIA based on the same evidence he presented in opposition to defendant's motion to dismiss (see Pl's Mot. for Recons. at 3-8). The only arguably new contention raised by plaintiff is the peculiar suggestion that the controlling precedent of United States v. Bean, 537 U.S. 71, 74-5 (2002), has "not [been] completely shepardized" (see id. at 7). Contrary to plaintiff's suggestion, Bean remains good law and has not been overruled by any subsequent Supreme Court decision. The remainder of plaintiff's motion simply disagrees with the Court's decision (see id. at 8-10).

Accordingly, plaintiff simply argues that the Court's decision was wrongly reasoned. Therefore, plaintiff's request has to be considered under the sixth basis for relief under Rule 60(b), the catch-all provision for "any other reason that justifies relief." Plaintiff fails to establish the "extraordinary circumstances" that would justify granting his motion on this ground. See Pioneer Inv. Servs., 507 U.S. at 393. To the contrary, plaintiff's motion is utterly devoid of any arguments or evidence supporting the Rule 60(b) factors, and the controlling authority cited by the Court remains good law.

WHEREFORE, the Court should exercise its discretion and deny plaintiff's motion for reconsideration.

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


/s/
JOHN G. INTERRANTE, PA Bar #61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of April, 2008, I caused a copy of the foregoing Notice of Substitution to be served by First-Class mail, postage prepaid, on:

>John T. Pickering-George (*pro se*)
>2726 Decatur Avenue
>Apartment 3
>Bronx, NY 10458

                                      ____/s/_____
                                      JOHN G. INTERRANTE
                                      Assistant United States Attorney