To: THE, U.S. DISTRICT COURT,                                    DATE: 3/14/2008

FOR THE DISTRICT OF COLUMBIA,

U.S. COURTHOUSE                              **RECEIVED**

333 CONSTITUTION AVENUE, N.W.,                  MAR 2 4 2008

WASHINGTON, D.C. 20001                   NANCY MAYER WHITTINGTON, CLERK
                                              U.S. DISTRICT COURT

To: COURTS CLERK, NANCY MAYER WHITTINGTON

RE: CIVIL ACTION No. 1:07-CV-899-RJL

"RECONSIDERATION MOTION", "OPPOSITION BY PLAINTIFF",

******* U.S. DISTRICT Ct. RULE.12(a), LCVR7(b) AND

ER.APP.PROC. RULE.4(a)(1)(c), 28 U.S.C.A, APPEAL AS OF RIGHT",

MEMORANDUM AND OPINION, DATED FEBUARY 21, 2008.,

FILED FEBUARY 22, 2008


JOHN T. PICKERING-GEORGE

               PLAINTIFF,

V.

BUREAU OF ALCOHOL, TOBACCO,

FIREARMS AND EXPLOSIVE,

               DEFENDANT.


******* PLAINTIFF "MOTIONS" TO PROCEED IN THE FILING OF

SAID MOTION IN FORMA PAUPAURIS ACT, FRCP.RULES. 28 U.S.C.A.


                                    [NUMBER OF PAGES: 17]
                                    [NUMBER OF EXHIBIT PAGES: 24]

[1]

TRANSMITT TO: ATTORNEY GENERAL

U.S. DEPARTMENT OF JUSTICE

950 PENNSYLVANIA AVENUE., N.W.

WASHINGTON, DC. 20530


TRANSMITT To: OFFICE OF INSPECTOR GENERAL

U.S. DEPARTMENT OF JUSTICE

CIVIL RIGHTS + CIVIL LIBERTIES COMPLAINTS

950 PENNSYLVANIA AVENUE, N.W., RMS: 3500 + 4322

WASHINGTON, DC. 20535


TRANSMITT To: U.S. ATTORNEY OFFICE, CIVIL + CRMINAL DIVISION

555 4TH STREET, N.W.

WASHINGTON, DC. 20530


TRANSMITT To: DEPARTMENT OF TREASURY

1500 PENNSYLVANIA AVE., ROOM: 3000

N.W., WASHINGTON, DC. 20220


FROM: JOHN. T. PICKERING-GEORGE

(FEDERALLY ADOPTED) JOHN R. DALEY, JR.

PRO SE

2726 DECATUR AVE. APT. #3

BRONX N.Y. 10458


[2]

# TABLE OF AUTHORITIES

CASES                                                       PAGE-NUMBER

1) BAILEY-V-UNITED STATES: 116 S.Ct 501 (1995) . . . . (9)

2) BIRD-V-ARIZONA:

27 L Ed 2d 953-970, 953-954 "INDEX" . . . . . . .(6)

3) BLACK-V-SNOW: 272 F.Supp 2d 21,28 (D.D.C-2003) . . . .(8)

4) BRIGGS-V-WALKER:

171 U.S. 466-474, CONCLUSION: 472-474 . . . . . . . . (6)

5) CLINTON-V-MISSOURI PAC. R. Co.: 122 U.S. 469-477 . . .(6)

6) CROOKER-V-U.S. DEPT. OF TREASURY:

663 F2d 140 (1980) 141 -142 . . . . . . . . .(3)(5)

7) DISTRICT OF COLUMBIA-V- WOOD BURY: 136 U.S. 450-467 . . . (9)

8) EBERLY-V- MOORE: 16 L Ed 612 -614 . . . . . . .(5)

9) HUBBARD-V- TOD:

174 U.S. 474-494, 474 "FACTS", CONCLUSION: 493-494 . . ..(6)

[2-A]

# TABLE OF AUTHORITIES

CASES                                                              PAGE - NUMBER

10) MARSHAL -V- JERRICO, INC : 64 L Ed 2d 182-195, 186-195 ... (9)

11) METROPOLITAN R. Co.-V- MOORE : 121 U.S. 558 -575 .... (9)

12) MURDOCK -V- WARD :
    44 L Ed 1009-1013, 1009-1011 "FACTS", CONCLUSION : 1013 .... (7)

13) RITCHIE-V-McMULLEN : 40 L Ed 133-136 ....... (5)

14) SEATTLE AUBUBON : 503 U.S. AT 440 ....... (7)

15) TOT-V-UNITED STATES : 63 S.Ct.1241-1249(1943) ..... (9)

16) UNITED STATES -V-BEAN : C.A.5 (TEX) 2001 :
    253 F.3d 234 , REHEARING + REHEARING EN BANC
    DENIED 273 F.3d 1105 , CERT GRANT 534 U.S. 1112
    REVERSED 537 U.S. 71 ON REMAND 322 F3d 829 ..... (7)

17) UNITED STATES-V- RUMELY : U.S. DiSt. Col. 1953 :
    345 U.S. 41-48, 41-42 "FACTS", 42-48 ........ (8)

18) UNITED STATES-V-STORER BROADCATING Co. : U.S. APP. DC. :
    351 U.S. 192-206, 192-193 "FACTS" , 193 ........ (9)

[2-A]

# TABLE OF AUTHORITIES

CASES                                                      PAGE - NUMBER

19) WADE - V - Le ROY :

15 LEd 813 - 816, 813 - 815 "FACTS-ARGt", 815 - 816 . . . . (8)


20) WEST - V - SMITH : U.S. DIST. Col :

49 U.S. 402 - 414, 402 - 409 "FACTS-ARGt", 409 - 414 . . . (5)

[2 - A]

## FEDERAL CONSTITUTION AUTHORITIES

PAGE-NUMBER

1) U.S. FEDERAL CONST. AMENDTS. 1, 14., 5 . . . . . (6)

2) U.S. FEDERAL CONST. AMENDTS. 1, 5, 14., 5 . . . . (8)(11)

3) U.S. FEDERAL CONST. AMENDTS. 5, 6, 14., 5 . . . (9)

4) U.S. FEDERAL CONST. AMENDT. 14., 5 . . . . . (9)

## FEDERAL CONSTITUTION ARTICLES AUTHORITIES

1) U.S. FEDERAL CONST. AMENDTS. ARTICLE. # 3, § 2 . . . (4)(10)

2) U.S. FEDERAL CONST. AMENDTS. ARTICLE. 4, § 2, CL.1 . . (8)

## JURISDICTIONS

1) 1 U.S.C.A. § 1 . . . . . . . . . . . (4)(10)

2) 5 U.S.C.A. § 704 . . . . . . . . . (9)

3) 5 U.S.C.A. § 706(1) . . . . . . . . (8)

4) 5 U.S.C.A. § 706(2)(A) . . . . . . . (8)

5) 5 U.S.C.A. § 552(a)(4)(E) . . . . . (3)(5)

6) 18 U.S.C.A. §§ 242., 925(c),(d)(3),(e)(2) . . (9)(8)

7) 18 U.S.C.A. §§ 242., 926(a)-(c) . . . . . (9)

8) 18 U.S.C.A. § 925A(1)-(2) . . . . . . (9)

9) 28 U.S.C.A. § 1331(a) . . . . . . . (4)(10)

[2-B]

## FEDERAL RULES OF CIVIL PROCEDURE

PAGE-NUMBER

1) FRCP. RULE. 4 . . . . . . . . . . (4)(10)

2) FRCP. RULE. 12(a), (b)(1), (6) . . . . . (3)(4)

3) FRCP. RULE. 12(c) . . . . . . . . . (6)

4) FRCP. RULE. 12(h)(2)(3) . . . . . . . (4)

5) FRCP. RULE. 13(a), (c)(d) . . . . . . (4)(6)(10)

6) FRCP. RULE. 16(f) . . . . . . . . . (4)(10)

7) FRCP. RULE. 26 et. seq. . . . . . . (3)(4)(10)

8) FRCP. RULE. 43(a)(d)(e)(f) . . . . . (3)(4)(10)

9) FRCP. RULE. 44(a), 1(b)(c) . . . . . (3)(4)(6)(10)

10) FRCP. RULE. 50(a)(b) . . . . . . . (6)(7)

11) FRCP. RULE. 52(a) . . . . . . . . (6)

12) FRCP. RULE. 54(b) . . . . . . . (7)

13) FRCP. RULE. 56(c)(e) . . . . . . . (7)

14) FRCP. RULE. 58 . . . . . . . . (7)

15) FRCP. RULE. 59(b,e) . . . . . . (7)

16) FRCP. RULE. 62(b) . . . . . . . . (7)

## FEDERAL RULES OF APPELLATE PROCEDURE

1) F.R. APP. PROC. RULE. 4(a)(1)(c) . . . . . (3)

## DISTRICT OF COLUMBIA RULE

1) D.C. LCVR 7(b) . . . . . . . (3)

[2-C]

NOW HERE COMES PLAINTIFF (MOVANT), AND "MOTIONS" PURSUANT TO, U.S. DISTRICT Ct. RULES. 12(a), 26 et seq., 43-44., LCvR7(b) AND F.R. APP. PROC. RULE. 4(a)(1)(c), 28 U.S.C.A "APPEAL AS OF RIGHT". IN REGARDS TO THEE, MEMORANDUM OPINION, DATED FEBRUARY 21, 2008., FILED FEBRUARY 22, 2008., CIVIL ACTION NO. 1:07-CV-899-RJL.,

PICKERING-GEORGE-V-BUREAU OF ALCOHOL TOBACCO FIREARMS & EXPLOSIVES

****** THE, "OPPOSITION, OBJECTION" IS EXTENDED TO THEE MEMORANDUM OPINION, ORDER, [A] SEPERATE ORDER OF DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO, FRCP. RULE. 12(b)(1),(6), DEFINED AS, (1) LACK OF JURISDICTION OVER SUBJECT MATTER., (6) FAILURE TO STATE [A] CLAIM, WHICH IS TREATED AS SUMMARY JUDGMENT BE DEFENDANTS.

****** "DEFENSE AND OBJECTIONS", WHEN AND HOW PRESENTED BY PLEADING OR MOTION-MOTION FOR JUDGMENT ON PLEADING", PLAINTIFF PRESENTED JURISDICTION AND CASE LAWS IN REGARDS TO, DEFENDANT NOT RESPONDING TO THE ORIGINAL APPLICATION, DEFENDANT PRESENTED CASE-LAWS AFTER PLAINTIFF "MOTIONED" FOR ATTORNEY FEE'S, 5 U.S.C.A. § 552(a)(4)(E) (FOIA), FREEDOM OF INFORMATION ACT,

CROOKER-V-U.S. DEPT. OF TREASURY: 663 F2d 140 (1980) 141-142 PRO SE PARTY, "ATTORNEY FEES".

[3]

\*\*\*\*\*\*\* PURSUANT To, [G]ENERAL [P]ROVISIONS, TITLE.1., 1 U.S.C.A. § 1 AND, FRCP. RULES. 26 et. seq.., 43(a)(d)(e)(f) - 44(a), 1(b)(c). \*\*\*\*\*\*\*\* "[S]UBJECT [M]ATTER", PURSUANT To, U.S. FEDERAL CONST. AMENDT. ARTICLE. 3, § 2., 28 U.S.C.A. § 1331(a)., FRCP. RULE. 4 IN WHICH GOVERNS, "PROCESS". DEFENDANTS MOTION

PURSUANT To, FRCP. RULE. 12(h)(2)(3) SHALL NOT BE SUSTAINED, PURSUANT To, TITLE.1., 1 U.S.C.A. § 1 GENERAL PROVISIONS, AND SUBJECT MATTER IN GENERAL, "DISCOVERIES" 28 U.S.C.A. § 1331(a)., U.S. FED. CONST. ART. 3, § 2., FRCP. RULE. 4, 13(a), 16(f), 26 et. seq., 43 - 44. THE ABOVE ENCLOSED "FORMULAE" SUPERCEEDS CASE-LAWS WHICH CAN BE CHOOSEN, ADOPT REASONING AND REJECT [A] CLAIM WITH MERIT, MISPLACED CASE LAWS, ABUSE OF DISCRETION.

\*\*\*\*\*\*\* SEE: EXHIBIT: A, DATED: 10/17/2006, TOTAL PAGES: 14, CERTIFICATE OF SERVICE, PAGE: 13 AND "PROOF" LEGAL MAIL, DOCUMENT BEING MAILED To SAID DIVISION, PAGE: 14. PAGES 1-13 IS IN ACCORDANCE WITH, "FEDERAL QUESTION", 28 U.S.C.A. § 1331(a) WHICH PROVIDES SUBJECT MATTER JURISDICTION AS WELL AS THE PROVISIONS OF, FRCP. RULE. 12(b)(1),(6). SEE: EXHIBIT: C, DATED: 6/28/2007, TOTAL PAGES: 2, FIRST TWO PARAGRAPHS., "PLEA To JURISDICTIONS" CERTIFICATES

[4]

CONFORMING TO THE, EXACT FEDERAL CONSTITUTION AUTHORITIES
-PROVISIONS, JURISDICTIONAL STATUTORIES PROVISIONS,
FRCP.RULES AND F.R.CRIM.PROC.RULES, NO MORE CLOSELY
THAN THE "CERTIFICATE" IN THE PRESENT CASE AT
HAND. EXHIBIT: A, DATED: 10/17/2006, 14 PAGES TOTAL,
EXHIBIT: B, DATED: 3/17/2007, 8 PAGES TOTAL, AND
EXHIBIT: C, DATED: 6/28/2007

(HAVE/HAS) BEEN TREATED BY THE SUPREME COURT OF THE
UNITED STATES AS, "SUFFICIENT", IN REGARDS TO
SUBJECT MATTER JURISDICTION S,
EBERLY-V-MOORE: 16 L.Ed 612-614, RITCHIE-V-McMULLEN: --
- 40 L.Ed 133-136 AND WEST-V-SMITH: U.S.DIST.COL.: --
- 49 U.S. 402-414, 402-409 "FACTS-ARG+", 409-414 IN THE
MATTER OF, "EXCEPTIONS TO REPORT OR FINDINGS OF
REFEREE OR COMMISSIONER" APPEAL AND ERROR. *******

EXHIBIT: B, DATED: 3/17/2007, 8 PAGES TOTAL ENHANCES,
MANDATES JURISDICTION, IN PLAINTIFF-PETITIONERS "MOTION"
OF ATTORNEY FEE'S, $50,000 FIFTY THOUSAND DOLLARS
FOR, "FAILURE TO RESPOND" TO PLAINTIFF'S-PETITIONER'S, APPLICATION
FOR GUN RESTORATION PRIVILLAGES, EXHIBIT: A, DATED: 10/17/2008,
14 PAGES TOTAL, PURSUANT TO, 5 U.S.C.A. § 552(a)(4)(E)(FOIA)
CROOKER-V-U.S.DEPT. OF TREASURY: 663 F.2d 140 (1980) 141-142
PRO SE PARTY IS ENTITLED TO MONEY DISBURSMENT FROM
THE U.S.TREASURY DEPARTMENT, ALSO MATTERS IN -

[5]

- REGARDS TO PRO SE PARTY, BIRD-V-ARIZONA: --
- 27 LEd 2d 953-970, 953-954 "INDEX"., BRIGGS-V-WALKER: -
171 U.S. 466-474, CONCLUSION: 472-474   AND
HUBBARD-V-TOD: 174 U.S. 474-484, 474 "FACTS", CONCLUSION: 493-494

PRO SE PROCEEDINGS "MANDATED" PURSUANT TO,
U.S. FEDERAL CONST. AMEND+S. 1, 14, 5.,
U.S.C.A. CONST. AMENDS. 1, 14, 5. "DUE PROCESS, GARUNTEED
DUE PROCESS". [P]ROOF OF OFFICIAL RECORD, AUTHEN-TICATION
ALSO "LACK OF RECORD AND OTHER PROOF MATTER, IN
IN ACCORDANCE WITH, FRCP. RULE. 44(a)(i), (b), (c).
PLAINTIFF-PETITIONER'S-APPELLANT'S "OPPOSING CLAIM", FRCP. RULE. -
- 13(c)(d)

****** [P]LAINTIFF-[P]ETITIONERS-[A]PPELLANTS "MOTION" FOR
JUDGMENT ON THE PLEADINGS", FRCP. RULE. 12(c) AND
FRCP. RULE. 50(a)(b) MOTION FOR [A] DIRECT VERDICT AND FOR
JUDGMENT NOTWITHSTANDING THE VERDICT. [T]HE FINDINGS
OF THE, MEMORANDUM OPINION ORDER WAS ERRONEOUS,
FRCP. RULE. 52(a) "FEDERAL QUESTION" IS ALSO RAISED
IN REGARDS TO, "JUDGMENT OF DISMISSAL" IS NOT
WARRANTED, CLINTON-V-MISSOURI PAC. R. CO. : 122 U.S. 469-477,

CASE REVERSE AND REMAND FOR FURTHER PROCEEDINGS,
"ACCORDING TO LAW". RECONSIDERATION APPLIES, WHERE PROCEEDING
UNDER MISTAKE OF LAW ARISES. - - - . . . . . .

[6]

MURDOCK-V-WARD : 44 LED 1009-1013, 1009-1011 "FACTS", CONCLUSION: 1013.
FRCP. RULES. 50(a)(b), 54(b), 56(c)(e), 58, 59(b, e), 62(b)
JUDGMENT AS [A] MATTER OF LAW

******* DOCUMENTS, EXHIBITS, EXAMINATION INVOLVING"
PLAINTIFF'S EXHIBITS ARE, "AGAIN BEING PRESENTED" TO THE
COURT, ENHANCING, MANDATING ATTORNEY FEES FOR PLAINTIFF.
EXHIBIT: B, DATED: 3/17/2007, ALSO (PAGES: 5-6) OF THIS
ENCLOSED "RECONSIDERATION MOTION".
   PAGE (2) OF, MEMORANDUM AND OPINION, DATED FEBRUARY 21, 2008,
FILED FEBUARY 22, 2008, PAGE (2), SECOND PARAGRAPH, CLAIMING
DEFENDANT COULD NOT ACT ON PLAINTIFF'S PETITION BECAUSE OF
FUNDS NOT AVAILABLE.

EXHIBIT: A, DATED: 10/17/2006 (PAGES: 1, 2, 3, 6, 7), DEFENDANT·
CITING PRECEDENT CASE LAW OF UNITED STATES -V-BEAN : --
- 537 U.S. 71, 74-5 (2002), BUT NOT COMPLETLY SHEPPARDISED, IS
MERITLESS. ******* SEE: EXHIBIT: A, OF PLAINTIFF, PAGE: 11,
THE, U.S. -V-BEAN : CASE LAW COMPLETLY SHEPPARDISED ALSO,
CASE LAW OF, SEATTLE AUBUBON : 503 U.S. AT 440, 112 S-Ct. 1407
(PAGES: 6, 7) PROVISION HAD NOTHING TO DO WITH FUNDING !

DEFENDANTS FURTHER CITED, 5 U.S.C. § 704 (AUTHORIZING JUDICIAL
REVIEW), ****** PLAINTIFF RESPONSE, EXHIBIT: A, (PAGES: 2, 3).
AGENCY FINAL ACTION, MUST BE TO RESTORE GUN PRIVILLAGES.
18 U.S.C.A. §§ 242., 925(c),(d)(3),(e)(2)

[7]

DISMISSAL IS NOT WARRANTED, PURSUANT TO, "DOCUMENTS, EXHIBITS, EXAMINATION INVOLVING",

UNITED STATES-V-RUMELY : U.S. DIST. Col. : 1953 : - - 345 U.S. 41-48, 41-42 "FACTS", 42-48 ., . . . . .

WADE-V-LeRoy : 15 LEd 813-816, 813-815 "FACTS-ARGt", 815-816

MEMORANDUM AND ORDER, DATED FEBRUARY 21, 2008, FILED FEBRUARY 22, 2008., PAGE : 2, NUMBER : 2, "PLAINTIFF FAILS TO STATE [A] CONSTITUTIONAL CLAIM", IS MISPLACED CITING, BLACK-V-SNOW : 272 F. SUPP. 2d 21, 28 (D.D.C. 2003).

****** PLAINTIFF'S DUE PROCESS CLAIM ARISED, WHEN DEFENDANTS, "NEVER, . . . . REFUSED", TO RESPOND TO, PLAINTIFF'S - PETITIONER'S, APPLICATION FOR GUN RESTORATION PRIVILLAGES, EXHIBIT : A, DATED : 10/17/2006 ALSO "DENIAL OF ACCESS TO THE COURTS" PURSUANT TO, U.S. FEDERAL CONST. AMENDtS. 1, 5, 14.1, 5 ., . . . . . , U.S. FEDERAL CONST. AMENDtS. ARTICLE. 4, § 2, cl. 1, FOR [A] "FULL HEARING" IN THE JUDICIAL REVIEW OF, GUN RESTORATION PRIVILLAGES, PURSUANT TO, 5 U.S.C.A. § 706 (2)(A), "RE-ACTIVATED PROCEEDINGS", AND RELIEF FROM FIREARMS DISABILITY IMPOSED, 18 U.S.C.A. § 925 (c),(d)(3),(e)(2) ., 5 U.S.C.A. § 706(1)

****** "IMMUNITIES FROM ANY "WEAPONS CHARGES", GUN CHARGES, ARMED CAREER CRIMINAL, RECIDIVIST -

[8]

- ENHANCEMENTS, BY FEDERAL OR STATE ADMINISTRATIONS, AGENCIES, OFFICIALS, "MUST BE AN ACQUITAL" TOT-V-UNITED STATES: 63 S.Ct. 1241-1247 (1943)., . . . . BAILEY-V-UNITED STATES: 116 S.Ct. 501 (1995)., . . . U.S. FEDERAL CONST. AMENDTS. 5, 6, 14, 15 . * * * * * * (3) THREE TRIALS, JURY OF ONES PAIRS, FOR (A) PROSECUTION IN ARM CAREER CRIMINAL, NOT GUILTY PLEA CONVICTIONS, PURSUANT TO, 18 U.S.C.A. § 925A(1)-(2) EXCEPTIONS RELIEF FROM DISABILITIES, OF GUN POSSESSION PRIVILIGES, ~~■ ■■■■. ■ ■■■■■~~ 18 U.S.C.A. §§ 242., 926(a)-(c) RULES AND REGULATIONS, FOR GUN PRIVILAGES RESTORED

ARGUMENT WITH REGARD TO PLAINTIFF CONSTITUTIONAL CLAIM HAS BEEN PRESENTED. * * * * * * * "FULL HEARING" "PROCEEDING." WAS NOT MET, UNITED STATES-V-STORER BROADCASTING CO.: - - U.S. APP. DC.: 351 U.S. 192-206, 192-193 "FACTS", 193., AND MARSHALL-V-JERRICO, INC.: 64 L Ed 2d 182-195, 186-195, U.S. FEDERAL CONST. AMENDT. 14, 15

* * * * * * STENO GRAPHIC REPORT, OF JUDICIAL RIVIEW OF AGENCY ACTION MADE REVIEWABLE BY STATUTE AND FINAL AGENCY ACTION, METROPILITAN R. CO.-V-MOORE: 121 U.S. 558-575., DISTRICT OF COLUMBIA -V-WOODBURY: 136 U.S. 450-467, AS STATED PRIOR PLAINTIFF'S ARGUMENT WITH REGARD TO CONSTITUTIONAL CLAIM HAVE BEEN PRESENTED.

[9]

ENCLOSING PLAINTIFF PRAYS FOR THE, ENCLOSED MEMORANDUM IN REGARDS TO, "RECONSIDERATION MOTION" OPPOSITION BY PLAINTIFF", APPEAL AS OF RIGHT AND "GENERAL PROVISIONS" TITLE.I., 1 U.S.C.A. § 1., 28 U.S.C.A. § 1331(a)., U.S. FED. CONST. Art. 3, § 2., FR.C.P. RULE.4, 13(a), 16(f), 26 et seq., 43-44 "FORMULAR" WHICH SUPERCEEDS CASE LAWS WHICH CAN BE CHOOSEN, ADOPT REASONING AND REJECT [A] CLAIM WITH MERIT. PLAINTIFF PRAYS FOR THE, VACATE OF MEMORANDUM OPINION, ORDER DATED FEBUARY 21, 2008., FILED FEBUARY 22, 2008 CIVIL ACTION No. 1:07-CV-899-RJL PLAINTIFF PLEADINGS BE GRANTED IN ACCORDANCE WITH THE ENCLOSED MEMORANDUM OF AUTHORITIES, PROVISIONS.

I, JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) JOHN R. DALEY, JR., DECLARE UNDER THE PAIRS AND PENALTIES OF PERJURY THAT THE FORE GOING ENCLOSED IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEGE AND RECOLLECTION.

RESPECTFULLY SUBMITTED,

*John T. Pickering-George (Fed. Adopt.) John R. Daley, Jr.*

JOHN T. PICKERING-GEORGE (FED. ADOPT.) JOHN R. DALEY, JR.

cc/FILE

DATED: 3/14/2008          PRO SE

J.T. P-G (FED. ADOPT.) J.R.D, JR.    2726 DECATUR AVE. APT. #3

BRONX NY. 10458

[10]

## CERTIFICATE OF SERVICE

I, JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) JOHN R. DALEY, JR. PRO SE HEREBY CERTIFY THAT ON THE, (MONTH/DATE/YEAR) OF 3RD MONTH, 14TH DAY, 2008TH YEAR. "DID" (MAIL/SERVE) THE ENCLOSED MATTER IN REGARDS TO, "RECONSIDERATION MOTION, OPPOSITION BY PLAINTIFF". TO MEMORANDUM AND OPINION, DATED FEBRUARY 21, 2008., FILED FEBRUARY 22, 2008 CIVIL ACTION No. 1:07-CV-899-RJL PICKERING-GEORGE-V-BUREAU OF ALCOHOL, TOBACCO, FIREARMS + EXPLOSIVE

"DID" (MAIL/SERVE) TO, U.S. DISTRICT COURT, DISTRICT OF COLUMBIA, U.S. COURTHOUSE, 333 CONSTITUTION AVENUE, N.W., WASHINGTON, DC. 20001 COURTS CLERK, NANCY MAYER WHITTINGTON.****** AND TO BE TRANSMITTED "COPIES" TO ALL OTHER ADMINISTRATIONS, AGENCIES, DEPARTMENTS, BECAUSE OF PLAINTIFF'S "INDIGENCY" U.S. FED. CONST. AMENDTS. 1, 5, 14, 1, 5, DUE PROCESS, GARUNTEED DUE PROCESS, ORTWEIN-V-SCHWUAB : 35 LEd 2d 834-837 PRO SE PARTY RECORD FOR EACH PARTY (BY HAND/BY REGULAR MAIL).

CC/FILE

DATED: 3/14/2008

J.T.P-G (PRO. ADOPT.) J.R.D, JR.

John T. Pickering-George (PRO. ADOPT.) John R. Daley, Jr.
John T. PICKERING-GEORGE (PRO. ADOPT.) John R. DALEY
PRO SE
2726 DECATUR AVE. APT. #3
BRONX NY. 10458

[11]

FROM: JOHN T. PICKERING-GEORGE
(FEDERALLY ADOPTED) JOHN R. DALEY, JR.
2726 DECATUR AVE. APT. #3
BRONX   N.Y. 10458

[NUMBER OF PAGES: 41]

[MAILED OUT ON: 3/14/2008]

TO: U.S. DISTRICT COURT,
FOR THE DISTRICT OF COLUMBIA
U.S. COURT HOUSE
333 CONSTITUTION AVENUE, N.W.,
WASHINGTON, DC. 20001





LEGAL MAIL

# EXHIBIT: A

TO: THE, BUREAU OF ALCOHAL, TOBACCO AND    DATE: 10/17/06
FIREARMS DIVISION,
WASHINGTON DC., 650 MASSACHUSETTS AVE.,
N.W., WASHINGTON DC. 20226

DIRECTOR: BRADLY A. BUCKELES

TRANSMITT TO: DEPARTMENT OF TREASURY,
    1500 PENNSYLVANIA AVE.,
N.W., WASHINGTON, D.C. 20220

SECRETARY OF TREASURY: JOHN W. SNOW
    GENERAL COUNSEL: DAVIS AUFHAUSER, ROOM 3000

RE: GUN RESTORATION APPLICATION ISSUE

FROM: JOHN T. PICKERING-GEORGE
(FEDERALLY ADOPTED) JOHN R. DALEY, JR.
PRO SE
(D.O.B. 12/23/63), U.S. VIRGIN ISLANDS, (ST. THOMAS)
18 HINES DALE LANE
WILLINGBORO, NJ. 08046

DATE: 10/17/2006

[NUMBER OF PAGES: 14]

[1]

[N]ow HERE COMES PETITIONER-APPLICANT, AND MOTIONS FOR AN PROSPECTIVE MANDATORY INJUNCTION WITH THE APPLIC-TATION FOR GUN RESTORATION PRIVILAGES TO BE RE-TACTIVATED, PURSUANT TO, 5 U.S.C.A. § 706(2)(A), 18 U.S.C.A. §§ 921(a)(20) AND 921(a)(33)(ii), 922(g)(1), (o), -924(c)(3), 4042(b), (b)(3)(b), AND U.S.S.G. §§ 4B1.1, 4B1.2(a).

IN ACCORD WITH THE UNITED STATES SUPREME COURT DECISION OF STINSON, 508 U.S at 47, 113 S.Ct. 1913. ALSO IN ACCORD WITH, 27 CFR § 178.142(1982) PARDON OR A CONSENT FROM THE SECRETARY OF THE TREASURY "OPERATE TO RELIEF THE DISSABILITY, ALSO IN ACCORDANCE WITH, THE OMNIBUS ACT, 18 U.S.C.A. §§ 1203(1), 1203(1), 1203(2) AND 925(c),(d)(3),(e)(2) ALSO, WEAPONS LAW:#4, U.S.C.A., PROVISION OF TITLE IV. OF GUN CONTROL ACT AND TITLE VII. OF THE ACT. 18 U.S.C.A. § 925(c),(d)(3),(e)(2), RELIEF FROM FIREARMS DISABILITY IMPOSED,

****** ALSO, PURSUANT TO, U.S. FEDERAL Const. Amendts. 1,5,14Th, U.S.C.A. Const. Art. 2 § 2, cl.2, 5 U.S.C.A. § 706(1), 18 U.S.C.A. §§ 241, 242, 28 U.S.C.A. §§ 1361, 1651(a)

[2]

-50 U.S.C.A. APP. §§ 520, 925 .,
ARTICLE I. U.S.C.A. CONST. ART. 1, § 1.

APPLICATION PETITION FOR GUN RESTORATION, IS
STILL NOT A CRIME OF VIOLENCE, BECAUSE OF
PRIOR GUN CONVICTIONS, IN ACCORD WITH
28 CFR § 55.58 AND 62 FED. REG. 53690 (OCT. 15, 1997).
AS STATED DEFENDANT (PETITIONER) EVENTHOUGH
WAS INCARCERATED IN STATE PRISON AND STATE
CONVICTIONS OF GUN CHARGES WOULD NOT BE A
CRIME OF VIOLENCE. PETITIONERS HABEAS CORPUS

MOTION IN THE UNITED STATES SUPREME COURT
DECISSION OF BAILEY-V-UNITED STATES, 116 S.Ct 501
(1995). PETITIONER MOTIONS FOR RELIEF FROM THE
FIREARMS DISABILITYES PURSUANT TO,
18 U.S.C.A. §§ 922 (g)(1), 924 (c)(1) ., CRIMINAL LAW:
-1181(2), U.S.C.A. See : TREASURY DEPARTMENT ORDER
No. 120-01 (JUNE 1972) SEE (UPDATED Version),
ALSO 37 FED. REG. 11696 AND 27 CFR PART 178.
AND PURSUANT TO, U.S.S.G §§ 1B1.7, COMMENT, 4B1.1,
4B1.2, 18 USCA, APP., AND CRIMINAL LAW ▓▓▓▓▓
-# 1202.3(1). THROUGH, N QUT PETITIONERS
JOHN T. PICKERING-GEORGE (ADOPED) JOHN RALY JR.

[3]

ARREST, AT No TIME DID HE DURING THE EXECUTION OF THE POLICE OFFICIALS ARREST WAS HE, EVER BEEN MENTIONED OF ANY "BEHAVIOR PROBLEMS" OR "RESISTING ARREST", EVENTHOUGH THE MASSACHUSETTS, COMMWEALTH, CONVICTED HIM OF ASSUSLT AND BATTERY, WITH A TIME WHICH WAS SERVED 3 TO 4 YEARS. POLICE REPORT DATED: - 3/3/95 SHOWS DEFNDANT PUT HIS HANDS OUT OF THE VIHICLE AS TO SHOW NO RESISTANCE OR BEHAVIOR PROBLEM, WHICH INLIGHT TO DEFENDANT, THERE SHOULD NOT BE ANY GRAVE DOUBTS CONCERNING VIOLENT, BEHAVIOR OR RESISTANCE IN THE PRESENCE OF

POLICE OFFICIALS, WHILE BEING ARMED WITH A LICSENS FIREARMS. PLEASE NOTE THAT IF PETITIONER WAS CHARGED BY FEDERAL BUREAU OF INVESTIGATION WITH POSSESSION OF A FIREARMS WHILE OR DURING DRUG TRAFFICKING, BY A FELONIE, "STILL IS NOT" [A] "CRIME OF VIOLENCE" WITHIN THE SCOPE OF STATUTE., "ELEMENTS NOR THE NATURE OF OFFENSE UNDER §§ 841(b)(1) OR 846" REQUIRING FEDERAL PRISON OFFICIALS TO NOTIFY LOCAL AUTHORITIES PRIOR TO RELEASE OF PRISONER CONVICTED OF CRIME OF VIOLENCE PURSUANT TO,

[4]

18 U.S.C.A. §§ 922(g,o), 924(c)(3), 4042(b), (b)(3)(B).
ALSO IN ACCORD WITH PRISON LAW: #15(3), U.S.C.A.,
18 U.S.C.A. § 3621(e)(2)(B)., 28 CFR § 550.58.
PLEASE NOTE: THAT BECAUSE THE (BoP) REGULATION
(28 CFR § 550.58) AND 18 U.S.C. § 3621(e)(2)(B)
CONCERN THE OFFENSE OF CONVICTION, IT WOULD BE
WISE TO FOLLOW THE THIRD AND NITH CIRCUITS.,

    TO CONCLUDE THAT THE (BoP) PROGRAM STATEMENT'S
ALLOWENCE OF CONSIDERATION OF FACTORS THAT ARE
NOT PART OF THE OFFENSE OF CONVICTION "IS IN
CONFLICT" WITH THE "PLAIN" LANGUAGE OF THE
STATUTE AND THAT THE (BoP) (BUREAU OF PRISONS)
MAY NOT RELY ON THE SENTENCING ENHANCEMENT
TO DENY ELIGIBILITY FOR THE SENTENCE REDUCTION.
CRIMINAL LAW: #1202.3, U.S.C.A., 18 U.S.C.A. § 924(e),

EVEN IF A CONCEALABLE FIREARM, NOT A CRIME OF
VIOLENCE, CRIMINAL LAW: #1030(3), U.S.C.A.,
WEAPONS LAW: #4., 18 U.S.C.A. § 924(c) ALSO
PURSUANT TO PETITIONERS, "SIXTH AMENDMENT RIGHTS"
AND (MY/HIS) GUILTY PLEA BARGINS, IT COULD NOT
REALLY BE CONCREAT THAT WAS NOT ANY DEFECT
IN HIS PRIOR CONVICTIONS.

[5]

PURSUANT TO, CRIMINAL LAW: #1202(1), U.S.C.A.,
U.S.C.A. Const. Amend. 6., CRIMINAL LAW: #1144(10),
U.S.C.A. Const. Amend. 6., CRIMINAL LAW: #641.12(4),
U.S.C.A., U.S.C.A. Const. Amend. 6.,
CRIMINAL LAW: #1186(1), 991, U.S.C.A., WEAPONS LAW: #
4, U.S.C.A., 18 U.S.C.A. APP. § 1202(a).,
U.S.C.A. Const. Amend. 6.

"CONVICTION, WHICH GOVERNMENT ASSERTED AS PROOF
OF PETITIONERS STATUTES AS A CONVICTED FELON,
CONSTITUTIONALLY VOID, etc. IN LIGHT A PERSON
CAN SUCCESSFULLY ATTACK COLLATERALLY A STATE
CONVICTION PURSUANT TO, 28 U.S.C.A. §§ 2253, 2254, 2255.
WHICH PETITIONER DID HIS CONVICTIONS IN THE
COMMONWEALTH OF MASSACHUSETTS.

[T]HERE ARE (NO/ANY) DRUG DEPENDANT OF SAID
PETITIONER, NOR HAS PETITIONER EVER BEEN IN
[A] DRUG RHABILATION PROGRAM OF ANY KIND, SO
THERE IS NO FARE OF RELAPSE. SEE: - - -
LOVELL -V- UNITED STATES DEPT. OF TREASURY:
286 F. SUPP. 571 (W.D. MICH. 1994), SEE:
RONALD C. GRIFFIN OBTAINING RELIEF FROM
FEDERAL FIREARMS DISABILITIES DID CONGRESS
REALLY SUSPEND THE RELIEF AVAILABLE TO

[6]

FELONS THROUGH THE APPROPRIATIONS ATCS?
23 OKLA. CITY U.L. REV. 977 (1998). PLEASE NOTE:
18 U.S.C. § 925(c) REMAINS ON THE BOOKS, OF
CONGRESS AND HAS NOT BEEN, "REPEALED", BY
CONGRESS. ALSO TO BE NOTED, THAT AS THERE IS
A DATABASE TO IDENTIFY SUSPECTED DRUG
TRAFFICKERS, THE (NADDIS) NARCOTICS AND
DANGEROUS INFORMATION SYSTEM, WHICH IS A
WELL KNOW "DATA BASE" BY THE FEDERAL
GOVERNMENT, WHICH REDUCES THE MANPOWER THAT
THE SUSPENDED DISSABILITY ACT, THAT CONGRESS
APPLIED. IN THE FEDERAL FIREARMS DISSABILITY ACT.
PURSUANT TO, 18 U.S.C. § 925(c). SEE : - - -
SEATTLE AUBUBON, 503 U.S. AT 440, 112 S.Ct. 1407,
- PROVISION HAD NOTHING TO DO WITH FUNDING.

AS STATED SUCH A DATA BASE SHALL REDUCE
THE MANPOWER NEEDED TO DO A BACKGROUND CHECK
ON THE INDIVISUAL WHO IS APPLING FOR SUCH
RELIEF. BY DENNING THE PETITIONER, IN ACCORDANCE
WITH THE, "SUSPENDED RELIEF", BY CONGRESS, IT
ALSO ON THE OTHER HAND COMPLICATES OTHER
ISSUES, EXAMPLE : "FEDERAL CIVIL RIGHTS"
"RESTORATION", SEE : U.S. CONST. ART. I, § 2. cl. 1.
(RIGHTS TO VOTE FOR REPRESENTATIVES).,

[7]

U.S. Const., Amdt. XVII (Right to Vote For Senators), 28 U.S.C. § 1865 (Rights to Serve on a Jury), Consideration of the possible relevance of 18 U.S.C. § 925(c) (1988 ed. Supp. IV.) which allows the Secretary of the Treasury to grant relief from the dissability impose by 18 U.S.C. § 922(g). Federal Civil Rights Actions by (Applicant/Petitioner) IS another "Mandatory"

Appropriation for, Gun Restoration Privillages pursuant to, 42 U.S.C.A. §§ 1983 to 1984., Defamation of Caractor, which involves, Hatred, Ridicule, or Contempt and Slander. Inwhich brings [A] "Defamation Action", "Monetary Awards". Ones Restoration Privolalages "MUST" be restored, in accordance with, 18 U.S.C. § 925(c).,

27 CFR § 178.144(b), (d) which IS addressed to the Director of the (ATF) Administration. [A] Discovery motion, by said Administration will provide numerous Civil Rights Actions, against the, Massachusetts Department of Corrections, (DOC) In the, U.S. District Court, District of Massachusetts, One Court House Way, Suites, 2300 and 2566., ~~Court~~ Boston, MA. 02210,

[8]

COURTS CLERKS, SARAH A. THORNTON, U.S. DIST. COURT, AND RICHARD CUSHING DONOVAN, U.S. COURT OF APPEALS, FOR THE FIRST CIRCUIT. "BIVEN CLAIMS ACTION" AGAINST THE (BOP) FEDERAL BUREAU OF PRISONS, GEORGE -V- WARDEN, et al. No. 06-2850, U.S. COURT OF APPEALS, FOR THE THIRD CIRCUIT, 21400 U.S. COURTHOUSE, 601 MARKET STREET, PHILADELPHIA. 19106-1790, IN (90) DAYS [A] UNITED STATES OF AMERICA, SUPREME COURT CERTIORACRI PETITION, WILL BE FILED IN REGARDS

TO THE BIVENS CLAIMS. ANOTHER BIVENS CLAIMS AGAINST THE, UNITED STATES MARSHALS SERVICE OF MASSACHUSETTS, BOSTON, "FILED" IN THEE, U.S. DISTRICT COURT, FOR THE DISTRICT OF COLUMBIA, 333 U.S. COURT HOUSE, ALSO IN THE, U.S. COURT OF APPEALS, FOR THE DISTRICT OF COLUMBIA CIRCUIT, No. 05-5464, 05CV01297 AND No. 05-5465, 05CV01626. AND FINALLY [A] "BIVEN CLAIM ACTION" AGAINST THE, (DEA) UNITED STATES DRUG ENFORCEMENT AGENCY, et al., CIVIL ACTION No. H-04-1914; THE, U.S. DISTRICT COURT, FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION P.O. BOX 61010 HOUSTON, TEXAS 77208. COURTS CLERK, MICHAEL MILBY,

[9]

[T]HE , [J]ORISDICTION'S IN THE CIVIL ACTIONS "IS BINDING", PURSUANT TO CONGRESS, [P]ETITIONER [I]s [E]NTITLED TO GUN RESTORATION PRIVELLAGES, PURSUANT TO, 18 U.S.C. § 925(c), 18 U.S.C.A. § 925(c), U.S.C.A. CONST. AMEND. 14. (14 §§ 1, 5) "GARUNTEED DUE PROCESS", ~~█████~~ ARTICLE I. AND ARTICLE V.

[P]URSUANT TO, WHICH IS LEGISLATIVE ENACTMENT, IT IS OVERRIDEN, PURSUANT TO, CONSTITUTIONAL LAW #38, AND #38, U.S.C.A., "THE FUNDAMENTAL AXIOM OF AMERICA LAW, ROOTED IN THE UNITED STATES HISTORY" THE, REQUIREMENTS OF CONSTITUTIONAL PREVAIL OVER A STATUTE IN EVENT OF CONFLICT, U.S. CONST. AMENDS. FEDERAL STATUTORY LAW WITH, "AUTHORISATION" IS DERRIVED FROM THE CONSTITUTION OF THE UNITED STATES OF AMERICA, 28 U.S.C.A. § 2412(b)(c)(2)(d)(i)(A), - - - MANDATORY CONSTITUTIONAL TORTS/EQUAL ACCESS TO JUSTICE ACT.)

[10]

****** EVEN WITH NUMEROUS CIVIL RIGHTS ACTIONS, BIVENS CLAIMS, IN THE, U.S. DISTRICT COURTS, PETITIONER-APPLICANT WILL BE ENTITLED TO "MONETARY AWARDS", CONSTITUTION AUTHORITY, AND STATUTORY AUTHORITY, OF CONGRESS OF THE UNITED STATES OF AMERICA.

THE "COST" OF [A] "BODY GUARD", "FULL TIME", CAN AND WILL BE VERY EXPENSIVE FOR ANY ONE EVEN WITH, "MONETARY AWARDS" FROM NUMEROUS CIVIL RIGHTS ACTIONS AND BIVENS CLAIMS ACTIONS.

REMOVAL OF PROHIBITION, ****** [C]ONGRESS FAILURE TO PROVIDE FUNDING TO BUREAU OF ALCOHOL, TOBACCO AND FIREARMS (ATF) FOR REVIEWING APPLICATION BY CONVICTED FELONES SEEKING RELIEF FROM, DISABILITIES PURSUANT TO THE FIRE ARMS ACT DID NOT SUSPEND, ACT PROVIDING RELIEF FROM FIRE ARMS DISABILITIES, 18 U.S.C.A § 925(c),(d)(3),(e)(2), SEE:-- BEAN -V- BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, C.A. 5 (TEX) 2001, 253 F.3d 234, REHEARING AND REHEARING EN BANC DENIED 273 F.3d 1105, CERT GRANTED. 122 S.Ct. 917, 534 U.S. 11112, 151 L.Ed.2d 883, REVERSED 123 S.Ct. 584, 537 U.S. 71, 154 L.Ed.2d 483 ON REMAND. 322 F.3d 829

[11]

IN CLOSING, PETITIONER PREY FOR THE, RESTORATION OF GUN PRIVELLAGES ENTITLED TO, "PETITIONER-APPLICANT".

I, JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) - JOHN R. DALEY, JR., PRO SE, DECLARE UNDER THE PAIRS AND PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, THAT THE ENCLOSED, APPLICATION - PETITION TO THE BUREAU OF ALCOHOL, TOBACCO AND FIREARMS DIVISION, WASHINGTON DC., 650 MASSACHUSETTS AVE. N.W., WASHINGTON DC. 20226 DIRECTOR: BRADLY A. BUCKELES ALSO TO THE, DEPARTMENT OF TREASURY: JOHN W. SNOW, GENERAL COUNSEL: DAVIS AUFHAUSER, ROOM 3000, IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. ON THIS, 10TH MONTH, 17TH DAY, 2006TH YEAR.

RESPECTFULLY  SUBMITTED,

John T. Pickering-George (FED. ADOPT.) John R. Daley, Jr.
JOHN T. PICKERING-GEORGE (FED. ADOPT.) JOHN R. DALEY, JR.

PRO SE

18 HINESDALE LANE
WILLINGBORO, N.J. 08046

cc/FILE

DATED: 10/17/06

J.T.P-G (FED. ADOPT.) J.R.D. JR

[12]

## <u>CERTIFICATE OF SERVICE</u>

I, JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) — —
JOHN R. DALEY, JR. <u>PRO SE</u>., HERE BY CERTIFY THAT
ON THE, (MONTH/DATE/YEAR), OF 10/17/2006 "<u>DID</u>"
(MAIL/SERVE) THE ENCLOSED MATTER IN REGARDS TO,
"<u>GUN RESTORATION APPLICATION</u>". AND "<u>MEMORANDUM OF
LAW</u>", TO THEE, BUREAU OF ALCOHOL, TOBACCO AND
FIRE ARMS DIVISION; WASHINGTON DC.,
650 MASSACHUSETTS AVE, N.W., WASHINGTON DC
20226., DIRECTOR, BRADLY A. BUCKELES. [T]HE,
<u>PRO SE</u> PETITIONER-APPLICANT, RECORD OF THE ENCLOSED
MATTER FOR EACH PARTY WAS MAILED/BY HAND/BY
REGULAR MAIL.

RESPECTFULLY SUBMITTED,
John T. Pickering-George (FED. ADOPT.) John R. Daley Jr
JOHN T. PICKERING-GEORGE (FED. ADOPT.) JOHN R. DALEY, JR.

CC/FILE
DATED: 10/17/06                    PRO SE
J. T. P. G. (ADOPT.) JR. D. JR.    18 HINESDALE LANE
                                   WILLINGBORO, N.J. 08046

[13]



FROM: JOHN T. PICKERING-GEORGE
(FORMERLY) JOHN R. DALEY, JR
15 HINES DALE LANE
WILLINGBORO, N.J. 08046

[NUMBER OF PAGES: 14]

[MAILED OUT ON 10/17/2006]

# LEGAL · MAIL

TO: BRADLY A. BUCKELES

TO: BUREAU OF ALCOHOL, TOBACCO AND
FIRE ARMS DIVISION,
WASHINGTON DC.,
N.W., WASHINGTON DC., 650 MASSACHUSETTS AVE.,
N.W., WASHINGTON DC. 20226

# EXHIBIT: B

To: THE, U.S. DISTRICT COURT,                    DATE: 3/17/2007

FOR THE DISTRICT OF COLUMBIA

333 CONSTITUTION AVENUE, N.W.

WASHINGTON, DC. 20001

To: COURTS CLERK, NANCY MAYER WHITTINGTON

RE: FAILURE TO RESPOND, TO PETITIONERS, PETITION FOR,

"GUN RESTORATION PREVILAGES", U.S. FEDERAL Const. Amendt s.1,5,14,15

U.S. FEDERAL Const. Art. I, §8, cl.1., U.S. FED. Const. Art. I, §9, cl.7,

28 U.S.C.A. §§ 2412, 2414., 18 U.S.C.A. §§925(c)(d)(3),(4)(e)(2), 925A(2),

5 U.S.C.A. § 552(a)(4)(E)

TRANSMITT To: BUREAU OF ALCOHOL, TOBACO FIREARMS AND EXPLOSIVES

650 MASSACHUSETTS AVE., N.W., ROOM 6100,

WASHINGTON, DC. 20226

To: DIRECTOR: CARL J. TRUSCOTT.

TRANSMITT To: U.S. DEPARTMENT OF JUSTICE

ATTORNEY GENERAL

950 PENNSYLVANIA AVE., N.W.

WASHINGTON, DC. 20530.

[NUMBER OF PAGES: 8]

[1]

TRANSMITT To: DEPARTMENT OF TREASURY

AND THE TORT BRANCH, CIVIL DIVISION

1500 PENNSYLVANIA AVE. N.W.

WASHINGTON, D.C. 20220.

FROM: JOHN T. PICKERING-GEORGE

(FEDERALLY ADOPTED) JOHN R. DALEY, JR.

PRO SE

2726 DECATUR AVE. APT. #3

BRONX, NY 10458

[N]OW HERE COMES, (PLAINTIFF-PETITIONER),

JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) JOHN R. DALEY, JR.,

(D.O.B. -12/23/63), UNITED STATES VIRGIN ISLANDS,

CHARLOTTE AMALIE, ST. THOMAS. PRO SE AND "MOTIONS"

TO THE COURT, IN REGARDS TO, GOVERNMENT NOT

RESPONDING TO, (PLAINTIFF-PETITIONER) PETITION

FOR GUN RESTORATION PRIVELAGES, PURSUANT TO, ********

U.S. FEDERAL CONST. AMENDTS. 1, 5, 14, 5 ., . . . . . .

U.S. FEDERAL CONST. ART. I, §8, cl.1, . . . . . .

U.S. FEDERAL CONST. ART. I, §9, cl.7, 28 U.S.C.A. §§ 2412, 2414,

18 U.S.C.A. §§925(c)(d)(3),(4)(e)(2), 5 U.S.C.A. § 552(a)(4)(E)

[2]

****** [P]URSUANT TO, U.S. FEDERAL CONST. AMENDTS. 1, 5, 14.1, 5 ·, GOVERNMENT SHALL NOT ABRIDGE OR SUPPRESS SPEECH, LIBERTY INTREST, "DUE PROCESS, GARUNTEED DUE PROCESS" "CONSTITUTIONAL RIGHTS", SUPPRESSION OF SPEECH, REGULATION MUST BE NARROWLY TAILORED TO SERVE SIGNIFICANT GOVERNMENTAL INTEREST AND LEAVE OPEN AMPLE ALTERNATIVE FOR COMMUNICATION OF INFORMATION,

U.S. FEDERAL CONST. AMENDT. 1·, 28 U.S.C.A. §§ 1331, 1367(a)·, 18 U.S.C.A. §§ 241, 242, 925, 925A "UNDER COLOR OF LAW", 5 U.S.C.A. § 552(a)(4)(E) (FOIA) FREEDOM OF INFORMATION ACT, PLAINTIFF-PETITIONER "DID NOT", RECEIVE ANY RESPONSE, (90 DAYS) AFTER "FILING" [A] PETITION TO (ATF) FOR GUN RESTORATION PREVILAGES, 5 U.S.C.A. § 552(a)(4)(E) (FOIA) FREEDOM OF INFORMATION ACT··, NEVER RECEIVED ANY "RESPONSE, STATUS" ****** CROOKER-V-UNITED STATES DEPT. OF TREASURY: 663 F.2d 140 (1980) 141-
-142, PRO SE PLAINTIFF-PETITIONER "MOTIONS" FOR "ATTORNEY FEES" FOR FAILURE TO RESPOND. FOR THE SUM OF, $50,000 FIFTY THOUSAND DOLLARS,

****** "MANDATED", BECAUSE "THE FEDERAL GOVERNMENT AND ITS AGENCIES" ARE NOT IMMUNE FROM SUIT PURSUANT TO, U.S. FEDERAL CONST. AMENDTS. 1, 5, 14.1, 5 ·, U.S.C.A. CONST. AMENDS., LYNCH -V- UNITED STATES: 292 U.S. 571-589, 571-572 "INDEX", CONCLUSION: 589 -

[3]

AND   SABRI -V- UNITED  STATES : 541 U.S. 600-610, 600-602, 602-610,
CONCLUSION: 608-610 , U.S. FEDERAL CONST. ART. I, § 8, cl. 1.,
U.S. FEDERAL  CONST. ART. I, § 8, cl. 18., U.S.C.A. CONST. AMEND. ART.,

****** "PUBLIC  MONEYS" , U.S. FEDERAL CONST. ART. I, § 8, cl. 1.,
"APPROPRIATIONS  CLAUSE", U.S. FEDERAL CONST. ART. I, § 9, cl. 7.,
U.S.C.A. CONST. AMEND. ART.  AND  28 U.S.C.A. §§ 2412, 2414.
[B]Y NOT RESPONDING, IN REGARDS TO [A] PETITIONERS,
PETITION TO THEE, BUREAU OF ALCOHOL, TOBACO FIREARMS
AND EXPLOSIVES, (BATFE), ILLINIOS -V- ABBITT + ASSOCIATES,
-INC: 75 LEd 2d 281-923, 281-282 "SUMMARY" APPLIES
TO SUIT AGAINST OTHER OFFICIALS, ....

NATHAN -V- ATTORNEY GENERAL OF UNITED STATES: ---
557 F. SUPP. 1186 (1983) AT # 1187-1190, CONCLUSION: 1190 -
-1191, ATTORNEY GENERAL REFUSAL TO INVESTIGATE,
TO FORCE, ATTORNEY GENERAL TO CARRY OUT HIS
STATUTORY DUTIES IN GOVERNMENT ACT. "ETHICS
IN GOVERNMENTAL ACTS", ......
IN RE CERTAIN COMPLAINS UNDER INVESTIGATION: ---
783 F.2d 1488, 1505-1515, 1515-1516 (C.A. 11, M86),
CONCLUSION: 1525-1526.

[4]

****** THE GOVERNMENT HAS THE RESPONSIBILITY, SPECIAL RESPONSIBILITY TO ENSURE THE INTEGRATY OF CIVIL + CRIMINAL "PROCESS" BY LIVING UP TO THE "CODE OF PROFESSIONAL ETHICS" AND "FAIR PLAY" AT "ALL TIMES". "MANDATORY INJUNCTION AFFIRMATIVE INJUNCTION, "GOVERNMENT PROPRITY CAPACITY", PURSUANT TO, U.S. FEDERAL CONST. ART. 3, §1 CONGRESS SUIT AGAINST THE STATE, U.S. FEDERAL CONST. ART. I, §8 cl. 18 "SWEEPING CLAUSE".

****** DENIAL OF ACCESS TO THE COURT VIOLATION BY NOT RESPONDING PURSUANT TO, U.S. FEDERAL CONST. ART. 4, §2, cl. 1, ........ U.S. FEDERAL CONST. AMENDTS. 1, 5, 14.1, 5. GOVERNMENT IS NOT IMMUNE FROM SUIT. "CONSTITUTIONAL CLAIMS", ANY ACT OF CONGRESS OR ANY REGULATION OF EXECUTIVE DEPARTMENT CONGRESS WAIVED SOVERIGN IMMUNITY, THE FEDERAL GOVERNMENT DEFENSE, ........ UNITED STATES -V- MITCHEL : 463 U.S. 206, 212-218 (1983) AND BOWEN -V- MASSACHUSETTS : 487 U.S. 879, 891-892.

[5]

ENCLOSING PLAINTIFF-APPELLANT PRAYS FOR THE, ENCLOSED
MEMORANDUM OF LAW TO BE GANTED AND THE
DISBURSMENT OF MONETARY DEMAND, PURSUANT TO THE
MANDATED AUTHORITY IN ACCORDANCE WITH THE
MEMORANDUM OF LAW.

I, JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) JOHN R. DALEY, JR.,
DECLARE UNDER THE PAIRS AND PENALTIES OF PERJURY
THAT THE FOREGOING ENCLOSED IS TRUE AND CORRECT
TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION.

RESPECTFULLY SUBMITTED,

_John T. Pickering-George (FEDERALLY ADOPTED) John R. Daley, Jr._
JOHN T. PICKERING-GEORGE (FED. ADOPT.) JOHN R. DALEY, JR.

CC/FILE

DATED: 3/17/2007

J.T.P.G (FED. ADOPT.) J.R.D, JR.

PRO SE

2726 DECATUR AVE. APT. #3

BRONX NY. 10458

[6]

## CERTIFICATE OF SERVICE

I, JOHN T. PICKERING-GEORGE (FEDERALLY ADOPTED) JOHN R. DALEY, JR.,
PRO SE, HEREBY CERTIFY THAT ON THE, (MONTH/DATE/YEAR),
OF, 3RD MONTH, 17TH DAY, 2007TH YEAR. "DID" (MAIL/SERVE) THE
ENCLOSED MATTER IN REGARDS TO, FAILURE TO RESPOND,
TO PETITIONERS, PETITION FOR "GUN RESTORATION PREVILAGES".

[T]o THE, U.S. DISTRICT COURT, FOR THE DISTRICT OF COLUMBIA.
333 CONSTITUTION AVENUE, N.W. WASHINGTON, DC. 20001,
COURTS CLERK NANCY MAYER WHITTINGTON AND TO
BE "TRANSMITTED". TO THEE, BUREAU OF ALCOHOL, TOBACO FIREARMS
AND EXPLOSIVES, 650 MASSACHUSETTS AVE., N.W., ROOM 6100,
WASHINGTON, DC. 20226. AND ANY OTHER ADMINISTRATIONS,
* * * * * * BECAUSE OF PLAINTIFF-PETITIONERS "INDIGENCY",
U.S. FEDERAL CONST. AMENDTS. 1, 5, 14, 5, DUE PROCESS + GARUNTEED
DUE PROCESS {14 3 1, 5}, {14 3 5}, ORTWEIN-V-SCHWAB: 35 Led 2d 834-837.
BODDIE-V-CONNECTICUT: 401 U.S. 371 CONFORMED TO, 329 F. SUPP 844 - THE
PRO SE PARTY RECORD FOR EACH PARTY. (BY HAND/BY REGULAR MAIL).

RESPECTFULLY SUBMITTED,

John T. Pickering-George (FED. ADOPT.) John R. Daley Jr.

JOHN T. PICKERING-GEORGE (FED. ADOPT.) JOHN R. DALEY.

cc/FILE

DATED: 3/17/07

PRO SE

J. T.P-G. (FED. ADOPT.) J.R.D, JR.

2726 DECATUR AVE- APT. #3

BRONX NY. 10458

[7]

FROM: JOHN T. PICKERING-GEORGE
(FEDERALLY ADOPTED) JOHN R. DALEY, JR.
2726 DECATUR AVE. APT. #3
BRONX NY 10458

[NUMBER OF PAGES: 8 ]

[MAILED OUT ON: 3/17/2007]

LEGAL MAIL



TO: THE, U.S. DISTRICT COURT,
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC. 20001

TO: COURTS CLERK, NANCY MAYER WHITTINGTON





**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

JUN **28** 2007

Washington, DC 20226
www.atf.gov

$Exhibit: C$

Mr. John T. Pickering
2726 Decatur Avenue, Apt. 3
Bronx, New York  10458

Dear Mr. Pickering:

This letter is in response to the enclosed petition for Federal firearms relief, dated October 17, 2006.  We have a record indicating that you may have submitted such a petition to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on or about October 26, 2006.  We understand that you recently sued ATF for failure to respond to your petition.  John T. Pickering-George (federally adopted) John R. Daley, Jr. v. ATF, Case No. 07-0899 (RJL) (D.D.C. filed May 14, 2007).  In those proceedings, you filed the enclosed copy of your petition, claim that you submitted to the petition to ATF, and allege that ATF failed to respond.

While ATF has a record indicating that you may have submitted this petition to the agency, unfortunately, ATF cannot locate an original petition and has no record of forwarding a response to you.  This letter serves as your response to the enclosed petition.  We apologize for the delay.

As you are aware, ATF is responsible for enforcing the Gun Control Act (GCA) of 1968.  The GCA contains a provision allowing persons who are prohibited from possessing firearms or ammunition to apply to the Attorney General for relief from these disabilities.  The Attorney General has delegated this authority to ATF.

However, since 1992, ATF's annual congressional appropriation has prohibited the expending of any funds to investigate or act upon applications for relief from Federal firearms disabilities for individuals.  The current restriction is located in Pub. L. No. 109-108, as extended by Pub. L. No. 110-5, which contains ATF's appropriations for fiscal year 2007.  As long as this provision is in effect, the Bureau cannot act upon applications submitted by individuals.

Please note that the United States Supreme Court has held that ATF's current inability to act on applications for relief does not amount to a "denial" of such applications within the meaning of the GCA.  See United States v. Bean, 537 U.S. 71 (2002).  Therefore, the judicial review provided in the GCA is not available in the absence of such a denial.

Without specific knowledge of the details concerning your prohibition, we are unable to provide more specific information to you at this time. For example, if your prohibition is due to a State conviction for an offense punishable by imprisonment for more than year, you may contact the

State attorney general's office in the State where the conviction occurred to determine if there may be State relief available to you.

We hope this information proves helpful to you.  Please do not hesitate to contact us if you have any questions.

Sincerely yours,

Philip A. Awe
Acting Chief, Firearm Enforcement Branch